UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CHARTER OAK FIRE INS. CO. a/s/o HULIS & SALIHA MAVRUK, <br><br> Plaintiff, <br><br> - against - <br><br> ELECTROLUX HOME PRODUCTS, INC., <br><br> Defendant. | **STIPULATED PROTECTIVE ORDER** <br><br> Case No.: 10-CV-1351 (JFB)(WDW) |

WHEREAS Plaintiff and Defendant (collectively, the "Parties"), seek this Court's approval of this Stipulated and Protective Order Governing Confidentiality ("Order"); and

WHEREAS discovery in this Action requires disclosure of confidential materials and information, and the Parties desire to maintain the confidentiality of such confidential materials and information;

ACCORDINGLY, the Parties having submitted a joint motion for entry of this Protective Order, and the Court finding good cause for entry of this Protective Order,

IT IS HEREBY ORDERED: That the Joint Motion is GRANTED; and, it is STIPULATED AND FURTHER ORDERED that each Party to this action, and anyone else who may subsequently subscribe to this Stipulated Protective Order (by execution of the CONFIDENTIALITY UNDERTAKING annexed hereto as Appendix 1) agrees with and is Ordered by the Court as follows:

1. PROTECTED DISCOVERY MATERIAL: This Order shall govern all discovery materials produced or disclosed during this litigation, including but not limited to the following: documents, things, data and information, answers to interrogatories, answers to deposition

questions, responses to requests for admission, affidavits and all other discovery taken pursuant to the Federal Rules of Civil Procedure from the Parties and third persons (collectively, "Discovery Material"). As used in this Order, "document" or "documents" shall have the same definition as in the Federal Rules of Civil Procedure and the Local Rules of this District.

2. Discovery Material designated for protection under this Order ("Protected Discovery Material") shall be designated by the Party producing ("Producing Party") as CONFIDENTIAL. The "CONFIDENTIAL" designation may be applied to Discovery Material that the Producing Party reasonably and in good faith determines to constitute nonpublic material not generally available, including but not limited to confidential financial, technical, commercial information, including highly sensitive trade secrets, technical practices, methods or know-how; present or future marketing plans; profit data or projections; shareholder information; business strategy; financial data and projections; confidential agreements or relationships with third parties; other such categories of documents; and/or materials that a party is under a pre-existing obligation to a third party to treat as such.

3. CONFIDENTIAL DISCOVERY MATERIAL: To designate and categorize written Discovery Material as "CONFIDENTIAL -- Subject to Protective Order" Discovery Material, the Producing Party or third party shall stamp "CONFIDENTIAL" or similar language on each page of such Discovery Material, and the case name and number or similar designation on each page to identify that the Discovery Material has been so marked for purposes of this action only. The designation and classification of information as "CONFIDENTIAL" will be deemed effective to bring that information under the protections of this Order unless and until the Court orders otherwise.

4. Confidential Discovery Material designated pursuant to Paragraph 3 above may be disclosed only to the following persons, and shall not be distributed or otherwise disseminated outside of the United States, except upon the prior written consent of the Producing Party:

(a) Attorneys from any law firm that is of record for any named party to this action and in-house counsel for any named party to this action;

(b) The parties themselves or, if not a person, up to three designated officers of each party who have executed a written statement under oath in the form attached hereto as Appendix 1, with designation to be effected by service of the disclosure on the parties' counsel of record;

(c) Secretarial, clerical and legal assistants working under the supervision of the attorneys and officers designated, assigned to and necessary to assist in the conduct of this action;

(d) Outside contractors hired by any of persons designated above to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials, provided that such outside contractors have agreed to keep any documents or other information they have access to as confidential;

(e) Independent consultants and experts, to the extent disclosure is in good faith necessary for the conduct of this action, provided that such consultants and experts have agreed to keep any documents or other information they have access to as confidential and have signed the form attached hereto as Appendix 1;

(f) Any other person during the course of depositions in this action or oral or written examinations, provided that any such person was, at the time the document was prepared, a director, officer or employee of the Producing Party and a foundation

        can be laid that the witness likely had knowledge of the Confidential Information contained therein, except that any such document or information shall not be left in the possession of the deponent;

    (g)    Court reporters and videographers who record and/or transcribe deposition or other testimony in this action; and

    (h)    The Court and its staff.

    5.    For purposes of the above paragraphs, information produced or provided on a computer disk, data tape or other medium that has not been reduced to paper form may be designated as Confidential Discovery Material by labeling the media containing such information with the appropriate designation(s). If possible (as dictated by the media), any such designation may also be included in the metadata for each electronic document or other discrete piece of electronic information. Such documents and information cannot be otherwise labeled with any designation or bates number because the parties have agreed to exchange them in "native" format. To the extent that the media is so labeled, all information contained on that media shall be considered to bear such designation.

    6.    CONFIDENTIALITY UNDERTAKINGS: No Disclosure of Protected Discovery Material shall be made to anyone pursuant to the above paragraphs except after compliance with the following procedure: The party seeking to provide Protected Discovery Material to another ("Receiving Party") shall have such party provide a proposed "CONFIDENTIALITY UNDERTAKING" of the form annexed as Appendix 1 to this Order signed and completed with the name, title, and business address.

    7.    FILING UNDER SEAL: All Protected Discovery Material that is filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing such

material, shall be filed under seal in compliance with any Local Rules, and with the designations required by this Protective Order. The designation of Confidential shall be stamped prominently on the filing envelope, together with the words "Filed Under Seal," the filing date of this Order and the name, address and telephone number of the person filing the document. A copy of this Order shall be included in the filing envelope. Only those portions of the filing with the Court constituting Protected Discovery Material shall be filed under seal. This paragraph shall not be construed to limit or prohibit the right of a Party to challenge a designation of Protected Discovery Material, as provided this Order.

8. CHALLENGING CONFIDENTIALITY DESIGNATION: A Party shall not be obligated to challenge the propriety of a designation under this Order at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. If at any time a Party objects to a designation of information as "CONFIDENTIAL" material under this Order, the objecting Party shall notify the Producing Party in writing of its request to have the designation modified or withdrawn. The notice shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within ten (10) calendar days of the receipt of such notice, the Producing Party shall respond in writing either withdrawing the designation, or setting forth in reasonable detail the reasons why the Producing Party believes the information is entitled to the designated status, or modifying the designation and setting forth in reasonable detail the reasons why the Producing Party believes the information is entitled to the modified designation. If not satisfied, the Objecting Party may apply for a ruling from the Court on the continued status of the information. The status of the information shall be maintained as originally designated until the Court makes a final ruling on the application.

9. JURISDICTION: Each individual who receives any Protected Discovery Material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

10. DEPOSITIONS: Testimony or other material disclosed or to be disclosed at any deposition occurring in this litigation may be designated and categorized as "CONFIDENTIAL" material under this Order by (a) notifying all Parties or their counsel in writing of such designation prior to the deposition; or (b) by making such a designation, in writing to all Parties or their counsel, within twenty (20) calendar days after the last day of the deposition. Any such designation must be pursuant to the standards set forth in this Order. Those portions of depositions that are so designated shall be filed separately and under seal with the Court pursuant to this Order whenever depositions are so filed. The court reporter shall designate and categorize those portions of deposition transcripts which are considered by the Party asserting ownership thereto to be Protected Discovery Material and shall separate portion(s) of transcripts and deposition exhibits that contain Protected Discovery Material from those portion(s) of transcripts and deposition exhibits that do not.

11. In the event that any question is asked at a deposition with respect to which a Party asserts that the answer requires the disclosure of Protected Discovery Material, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of and shall agree to the terms and conditions of the Order and, at the request of the Producing Party, all persons, other than the witness and the witness' counsel, who are not allowed to obtain such information pursuant to this Order shall leave the room during the time in which this information is disclosed.

12. INADVERTENT FAILURE TO DESIGNATE OR INADVERTENT PRODUCTION: In the event that a party who has produced information discovers that "CONFIDENTIAL" Discovery Material has not been designated or has been inadvertently produced without being marked with the appropriate designation, the Producing Party may thereafter notify the party receiving such information under the Protective Order and require the latter to retrieve and return any unmarked material and to substitute therefor appropriately marked material, provided (i) the Producing Party has initially taken reasonable measures to identify and designate the subject material, (ii) the Producing Party notifies the Receiving Party promptly after learning of such inadvertent failure to designate. Upon receipt of such notification from the Producing Party, the Receiving Party shall not thereafter disclose any such material or any information contained therein to any persons who are not "qualified persons" as that term is hereinafter defined.

13. In the event of an inadvertent disclosure by the Receiving Party of the "CONFIDENTIAL" Discovery Material of another party or a third party, the party recipient making the inadvertent disclosure shall upon learning of the disclosure:

    (i) immediately notify the party to whom the disclosure was inadvertently made that it contains "CONFIDENTIAL" Discovery Material subject to this Protective Order;

    (ii) immediately make all reasonable efforts to recover the information as well as preclude further dissemination or use by the person to whom disclosure was inadvertently made; and

    (iii) within five (5) days, notify the Producing Party of the identity of the person to whom disclosure was inadvertently made, the circumstances surrounding disclosure,

and the steps taken to recover the information and the steps taken to insure against the further dissemination or use of the information.

14. SECURITY: The recipient of Protected Discovery Material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

15. Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a Party from disclosing a document containing information designated "CONFIDENTIAL" to any person which the document clearly identifies as an author, addressee, or carbon copy recipient of such document. During deposition or trial testimony, counsel may disclose documents produced by a Party to current employees and officers of the producing Party. And regardless of designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

16. All Protected Discovery Material produced in this action shall only be used in connection with the preparation, trial and appeal, if any, of this action and shall not be used for any other purpose or use or disclosed to any other person or entity unless otherwise agreed to beforehand in writing by the Producing Party or if the Court so orders; however, this requirement

shall not prejudice any Party's right to seek or oppose an order from the Court permitting the use in other litigation of Protected Discovery Material.

17. USE BY PRODUCING PARTY: Nothing contained in this Order shall preclude a Party producing Protected Discovery Material from using its own Protected Discovery Material in any manner it sees fit, or from revealing such Protected Discovery Material to whomever it chooses, without the prior consent of any other Party or of this Court.

18. COVERAGE: This Order pertains only to Protected Discovery Material provided by the party producing it and does not limit the use or disclosure of materials which have been obtained by any Party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

19. TERMINATION OF ACTION: Within sixty (60) calendar days after the final termination of this action, including any appeals, all Parties and third persons shall return all Protected Discovery Material and all copies thereof to the Party or third person that produced it or, at the election of the person or entity in possession of the Protected Discovery Material, shall destroy all Protected Discovery Material and all copies thereof. All Parties who possessed such Protected Discovery Material shall certify, to the best of their knowledge after reasonable inquiry, the return or destruction by affidavit or signed letter furnished to the Producing Party. This paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not destroyed or returned pursuant to this paragraph, shall remain subject to the terms of this Order.

20. MODIFICATION: Any Party hereto may at any time make a motion requesting that the Court modify this Order to provide additional or different protection.

21. SURVIVAL: The treatment accorded Protected Discovery Material under this Order shall survive the termination of this action and this Court or any court of competent jurisdiction may exercise jurisdiction over this Order.

22. VIOLATIONS: A violation of this Order may be considered an act of contempt of this Court, subject to a determination by this Court that the requirements for such findings are satisfied. By the signatures of counsel below, as duly authorized agents of the respective Parties, the Parties are bound by this Order under the principles of contract, even in the absence of a signature by the Court to this Order.

23. NO ADMISSIONS: The disclosure of a document or its production for inspection in this action shall not constitute an admission of its authenticity, relevance or admissibility in this action.

STIPULATED BY:

_____
Michael J. Guararra, Esq.
Guararra & Zaitz
Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INC.
100 Park Avenue, 20th Floor
New York, NY 10017
(212) 696-9194 (direct)

_____
Brian P. Henry, Esq.
Tedford & Henry, LLP
Attorneys for Plaintiff
750 Main Street, Suite 1600
Hartford, CT 06103
(860) 293-1200

IT IS SO ORDERED:

Dated this _____ day of _____, 2010

_____
JUDGE


## APPENDIX 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE CHARTER OAK FIRE INS. CO. a/s/o HULIS & SALIHA MAVRUK,<br><br>Plaintiff,<br><br>- against -<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>Defendant. | **ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**<br><br>Case No.: 10-CV-1351 (JFB)(WDW) |

I, _____, hereby acknowledge that I have read the STIPULATED PROTECTIVE ORDER entered by the Court in the above-captioned action, that I am one of the persons contemplated as authorized to receive Protected Discovery Material and that I fully understand and agree to abide by the obligations and conditions of the Protective Order. I agree to maintain any Protected Discovery Material I receive in a separate and identifiable file, access to which is appropriately restricted.

_____
(Signature)

_____
(Title or Position)

_____
(Street)

Dated:_____       _____
(City, State, Zip Code)