UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE CHARTER OAK FIRE INSURANCE
COMPANY a/s/o Hulis & Saliha Mavruk,

            **PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO MODIFY THE STIPULATED PROTECTIVE ORDER**

    Plaintiff,
v.           Case No.: 10-CV-01351-JFB-WDW

ELECTROLUX HOME PRODUCTS, INC.,

    Defendant.
------------------------------------------------------------------X

The Plaintiff, The Charter Oak Fire Insurance Company a/s/o Hulis and Saliha Mavruk ("Plaintiff"), by and through its attorneys, Robinson & Cole LLP hereby submits its Reply in Further Support of its Motion to Modify the Stipulated Protective Order ("Motion") governing this case and states as follows:

## I. INTRODUCTION

Federal courts around the country, including courts in the Second Circuit, routinely modify protective orders to include a sharing provision that permits the sharing of documents produced in one case with other related actions. Doc. #90-1 at 7-13. Courts embrace shared discovery in order to promote the just, speedy and inexpensive determination of similar actions and to ensure full and fair disclosure For precisely these reasons, Plaintiff seeks to modify the stipulated protective order ("Order") governing this action to allow documents and testimony produced in this case to be used by lawyers representing Plaintiff or one of its affiliates in other cases against Electrolux. Each of these cases involve dryer fires caused by the same design

defect. As such, the requested modification will lessen the burden on the court system and the parties.

In its Opposition, Electrolux does not dispute that its engineers have testified that the design of its dryers are essentially identical, even though Electrolux has spent years arguing the contrary. *See* Plaintiff's Opening Memo. at 10; *see also* Doc. #78 at 17. Electrolux also does not maintain that the documents and testimony produced in the instant case are not relevant (or, at a minimum, are not discoverable under F.R.C.P. 26(1)) to the various other cases pending across the country.[1] Further, Electrolux does not even address or try to distinguish the various cases Plaintiff relies upon in support of its argument for modification.

Instead, Electrolux's Opposition recites inapplicable boilerplate language from a few cases that sought much different relief, namely, modification of a protective order so that an unrelated third-party could obtain confidential information. As addressed in Plaintiff's Memorandum and as set forth more fully below, the legal standard set forth in *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir. 1979) is not applicable in this situation. Further, even if the Court were to apply the *Martindell* standard, the Plaintiff has satisfied that standard and Electrolux has not provided any explanation as to how it will be prejudiced if the Order is modified.

## II. ARGUMENT

### A. The *Martindell* Standard Does Not Apply to This Case

Electrolux has no response to the cases cited in Plaintiff's Opening Memorandum that have modified protective orders to allow for the sharing of documents in cases involving the

---

[1] Indeed, as support for the relevance of such information, Electrolux has served discovery requests in other cases seeking the very documents and testimony that are covered by the Order in this case. Plaintiff's Opening Memo. at 12-13.

2

same subject matter, particularly in product liability cases. *See, e.g., U.S. v. Hooker Chemicals & Plastics Corp.*, 90 F.R.D. 421, 426 (W.D.N.Y. 1981); *Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc.*, 92 F.R.D. 67, 69 (S.D.N.Y. 1981). Instead of addressing Plaintiff's arguments, Electrolux relies on *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir. 1979) and its progeny, *SEC v. TheStreet.com*, 273 F.3d 222 (2d Cir. 2001), for the proposition that there is a strong presumption against the modification of a protective order.

Significantly, however, both *Martindell* and *TheStreet.com* involved attempts by unrelated, third-party intervenors to modify a protective order. In fact, *Martindell* explicitly recognizes this fact as the Court held that: "a witness should be entitled to rely upon the enforceability of a protective order *against any third parties.*" *Martindell*, 594 F.2d at 296 (emphasis added); *see also TheStreet.com*, 273 F.3d at 230 n.7. Here, the party seeking modification is not a third-party intervenor, but instead a pre-existing party to the present litigation. For that same reason, Electrolux's reliance on *Knitting Fever, Inc. v. Coats Holdings Ltd.*, 2011 U.S. Dist. LEXIS 93473 (E.D.N.Y. Aug. 22, 2011) is similarly unavailing. *Id.* at *1 (where intervenor was Cascade Yarns, Inc., an unrelated third-party). Accordingly, the wealth of case law from both courts in this Circuit and around the country that allow for modification of protective orders in situations such as these should be applied here.

Moreover, in its fervor to apply *Martindell*, Electrolux overlooks that the Second Circuit noted that the "vital function of a protective order," is to "'secure the just, speedy, and inexpensive determination' of civil disputes." *Martindell*, 594 F.2d at 295. The modification of the protective order in this case will avoid the needless exercise of re-litigating the same issues in jurisdictions around the country.

3

Finally, the "high standard [of *Martindell*] . . . applies only where, as in *Martindell*, someone has relied on a protective order when submitting confidential information, and modification of that order threatens to permit the disclosure of information that the person believed would be kept confidential." *Picard v. Katz*, 2011 U.S. Dist. LEXIS 122770, at *7 (S.D.N.Y. Oct. 18, 2011); *see also Ceglia v. Zuckerberg*, 2011 U.S. Dist. LEXIS 90280, at *6 (W.D.N.Y. Aug. 12, 2011) (holding that *Martindell* "applies only if a party has reasonably relied on the designations of confidentiality in the protective order"). Here, apart from a bald and unsupported assertion, Electrolux has failed to demonstrate that they have relied on the continuation of the protective order such that they would be harmed or otherwise prejudiced if the information covered by the order was made available to other attorneys working on similar cases for the Plaintiff or its affiliates.[2] This is not a case in which the protected information will suddenly become available to the public at large, as any actions filed by the Plaintiff or its affiliates will involve, essentially, the very same parties here. Instead, the universe of people who would be permitted to access the information will expand incrementally and the information will remain confidential.

Additionally, although Electrolux expresses concern about the "continuation" of the protective order (Opposition at 7), this is not a case in which the protected information will suddenly become unprotected or the protective order discontinued. Under Plaintiff's proposed modification, the protective order shall survive the termination of this action. Because

---

[2] Electrolux claims that modification "would unfairly disturb Electrolux's legitimate expectations. . . ." Opposition at 7. It is difficult to comprehend the nature of these "legitimate" expectations, unless they are that Electrolux expected to be permitted to continue to stonewall and frustrate Plaintiff's numerous attempts across the country to gain access to critical, damaging, and relevant documents.

4

Electrolux has not reasonably relied on the protective order, the standard set forth in *Martindell* does not apply.

> **B.  Even if the *Martindell* Standard Does Apply to This Case, Plaintiff Has Made a Sufficient Showing That Modification is Warranted**

Even if the *Martindell* standard were applied, Plaintiff has demonstrated an extraordinary circumstance or compelling need to justify modifying the protective order. In determining whether an extraordinary circumstance or compelling need exists to overcome *Martindell*, "[t]he intervenor's purpose in seeking the documents is another important factor when considering a request to modify." *Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*, 2010 U.S. Dist. LEXIS 19510, at *27 (S.D.N.Y. Mar. 2, 2010). Specifically, if the party could obtain discovery of the protected material in their collateral case, and had no intention of giving the public access to the material, courts have been more willing to grant a modification. *Id.* For example, in *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308 (D. Conn. 2009), the intervenor was "the lead plaintiff in a collateral Canadian class action suit against ethylene propylene diene monomer ("EPDM") suppliers," and both cases arose "out of the same nucleus of operative facts." *Id.* at 313-14. The *In re EPDM* court noted that "if the litigant could access the same materials and deposition testimony by conducting its own discovery, it is in the interest of judicial efficiency to avoid such duplicative discovery." *Id.* at 324.

Here, Plaintiff has obtained in discovery information and testimony that go to the heart of the design defect at issue in Electrolux's dryer. *See* Affidavit of David Beauregard (Doc. #90-3, Exhibit 2). As a result, Plaintiff has identified those documents and testimony as part of its Rule 26(a)(1) disclosures in each of the pending cases around the country. In response, Electrolux has argued that such documents cannot be used because they are protected by the Order in this case. To force Plaintiff to re-litigate disputes already won would not be in the interest of judicial

5

efficiency as the same outcome (i.e. an order instructing Electrolux to produce the discoverable information) would ultimately be reached in each similar case between these parties (a conclusion Electrolux does not dispute in its Opposition). Presumably, therefore, Electrolux's goal is to require the Plaintiff and the federal courts to spend a lot of time and money litigating discovery disputes, stalling both discovery and each case in its entirety. Electrolux should not be allowed to use the Order in this case, and the Federal Court system in its entirety, to further its campaign of not providing fair and full disclosure of documents and testimony. *See* Plaintiff's Opening Memo. at 2-4. Such disregard for the Court system, the Federal Rules and the discovery process itself is an extraordinary circumstance that justifies the minor modification of the protective order. Accordingly, modification of the protective order is warranted.

### III.   CONCLUSION

For the foregoing reasons as well as those set forth in its Opening Memo, the Plaintiff, The Charter Oak Fire Insurance Company a/s/o Hulis and Saliha Mavruk, requests that the Court modify Paragraph 4(a) of the Stipulated Protective Order so that it states: "Attorneys from any law firm that is of record for any named party to this action or <u>any other action pending between the parties that involves a dryer fire in which it is alleged that lint ignited in the heater pan</u> and in-house counsel for any named party to this action."

Dated: July 16, 2012

                        Respectfully submitted,

By:    */s/ Laura A. Torchio*
        Craig A. Raabe
        Jeffrey J. White
        Laura A. Torchio
        Robinson & Cole LLP
        280 Trumbull Street
        Hartford, CT 06103
        Telephone: (860) 275-8200
        Facsimile: (860) 275-8299

        Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE CHARTER OAK FIRE INSURANCE
COMPANY a/s/o Hulis & Saliha Mavruk,

      Plaintiff,

v.

ELECTROLUX HOME PRODUCTS, INC.,

      Defendant.
-------------------------------------------------------------------X

**CERTIFICATE OF SERVICE**

Case No.: 10-CV-01351-JFB-WDW

I hereby certify that on July 16, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                         /s/ Laura A. Torchio
                                                                         Laura A. Torchio