UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº 10-CV-1351 (JFB)(WDW)
_____

THE CHARTER OAK FIRE INSURANCE COMPANY A/S/O HULIS & SALIHA MAVRUK,

Plaintiff,

VERSUS

ELECTROLUX HOME PRODUCTS, INC.,

Defendant.

_____

**MEMORANDUM AND ORDER**
August 15, 2012
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff The Charter Oak Fire Insurance Company, as subrogee of Hulis and Saliha Mavruk ("Charter Oak" or "plaintiff"), brought this action against Electrolux Home Products, Inc. ("Electrolux" or "defendant"), claiming that Electrolux's design of its dryers is defective. Charter Oak alleges theories of strict liability and negligence. Specifically, Charter Oak claims that Electrolux's core dryer design has a fundamental design defect, namely, that lint accumulates in a heater pan behind the dryer drum which ultimately ignites by either the gas or electric heat source located immediately adjacent to the pan.

On June 14, 2010, plaintiff and defendant filed a Stipulated Protective Order with the Court, which governed the confidentiality of materials and information disclosed during discovery. Magistrate Judge William D. Wall entered this Order on June 16, 2010 (the "Protective Order"). Pursuant to the Protective Order, all protected material produced in the instant action "shall only be used in connection with the preparation, trial and appeal, if any, of this action and shall not be used for any other purpose. . . ." (Joint Motion for Protective Order/Stipulated Protective Order, June 14, 2012, ECF No. 6.) Plaintiff now moves to modify the Protective Order to allow documents and testimony produced in this case to be shared by lawyers representing plaintiff, or one of its parent or subsidiary companies, in other cases against Electrolux based on similar facts and circumstances, *i.e.*, a dryer fire in which it is

alleged that lint ignited in the heater pan. For the reasons set forth below, the Court grants plaintiff's motion to modify the Protective Order.

## I.   PROCEDURAL HISTORY[1]

Plaintiff filed its motion to modify the Protective Order on June 14, 2012. Defendant filed its Opposition on July 9, 2012. Plaintiff filed a reply on July 16, 2012. The parties participated in a telephone conference on July 30, 2012 to address the motion to modify the Protective Order. The Court has fully considered all of the arguments presented by the parties.

## II.   LEGAL STANDARD

"Where there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under Rule 26(c) 'absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need.'" *S.E.C. v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001) (citing *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)).[2] The Second Circuit has held that "[t]here is a strong presumption against the modification of a protective order" because "[i]f previously-entered protective orders have no presumptive entitlement to remain in force, parties would resort less often to the judicial system for fear that such orders would be readily set aside in the future." *Id.* at 229-30 (internal citations omitted). However, "[w]here a litigant or deponent could not reasonably have relied on the continuation of a protective order a court may properly permit modification of the order." *Id.* at 231; *see also In re September 11 Litig.*, 262 F.R.D. 274, 277 (S.D.N.Y. 2009) ("Importantly, this heightened standard applies only if a party has 'reasonably relied' on the protective order." (citation omitted)). "'An examination of Second Circuit case law reveals the following factors are relevant when determining whether a party has reasonable relied on the protective order (1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order.'" *In re September 11*, 262 F.R.D. at 277 (quoting *In re EPDM Antitrust Litig.*, 255 F.R.D. 308, 318 (D. Conn. 2009)). "Additional considerations that may influence a court's decision to grant modification include: the type of discovery material the collateral litigant seeks and the party's purpose for seeking modification." *In re EPDM*, 255 F.R.D. at 318.

Moreover, an example of an "extraordinary circumstance" is when the "[d]efendants were never required to show good cause for sealing various documents." *See Fournier v. Erickson*, 242 F. Supp. 2d 318, 341 (S.D.N.Y. 2003). Thus, when parties file a stipulated agreement that is Ordered by the court, "In the absence of the requisite good cause showing, it cannot be presumed that every piece of discovery filed under the Order is actually worthy of such a

---

[1] The factual background of this case is set forth in this Court's Memorandum and Opinion dated July 30, 2012, in which the Court denied defendant's motion for summary judgment. *Charter Oak Fire Ins. Co. v. Electrolux Home Products, Inc.*, --- F. Supp. 2d ----, No. 10-CV-1351 (JFB)(WDW), 2012 WL 321765, at *2-3 (E.D.N.Y. July 30, 2012).

[2] Plaintiff argues that the *Martindell* standard does not apply to this case because, *inter alia*, "*Martindell* and *TheStreet.com* involved attempts by unrelated, thirty-party intervenors to modify a protective order." (Pl.'s Reply. Br. at 3.) However, because, as discussed *infra*, the Court has determined that the defendant has not "reasonably relied" on the Protective Order, and that plaintiff has demonstrated "extraordinary circumstances" or "compelling need" to modify the Protective Order, the Court need not address this issue.

2

high level of protection." *In re EPDM*, 255 F.R.D. at 322; *see also Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) ("[T]he mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure was reasonable.").

III. DISCUSSION

Defendant argues that plaintiff has not met the requirements of the *Martindale* standard because plaintiff has not established some extraordinary circumstance or compelling need to justify modification and because Electrolux reasonably relied on the continuation of the Protective Order. Thus, defendant argues that the Protective Order should not be modified. Plaintiff counters that Electrolux has failed to demonstrate that it has relied on the continuation of the Protective Order and that Charter Oak has demonstrated an extraordinary circumstance or compelling reason to modify the Protective Order. For the reasons set forth below, this Court agrees with the plaintiff and grants plaintiff's motion.

First, when analyzing the scope of a protective order, "[i]t is relevant whether the order is a blanket protective order, covering all documents and testimony produced in the lawsuit, or whether it is specifically focused on protecting certain documents or certain deponents for a particular reason." *In re EPDM*, 255 F.R.D. at 319. In the case of a "blanket protective order," it is more difficult to show a party reasonably relied. *Id.* Moreover, "*[s]tipulated* blanket orders are even less resistant to a reasonable request for modification." *Id.* (emphasis in original) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2s 470, 476 (9th Cir. 1992)). This is because a blanket protective order will protect most, if not all, discovery, even if that discovery would have been required to be disclosed in the absence of a protective order. *Id.* In this case, the Protective Order is a blanket protective order. In order for a document produced during discovery to be protected, the producing party or third party need only stamp it "CONFIDENTIAL," or some other similar designation. (Protective Order ¶ 3.) Thus, the scope of the Protective Order in this case favors modification.

Second, the language of the protective order itself is helpful in determining whether the defendant could have reasonably relied on the protective order's continuation. "Where a protective order contains express language that limits the time period for enforcement, anticipates potential modification, or contains specific procedures for disclosing confidential materials to non-parties, it is not reasonable for a party to rely on an assumption that it will never be modified." *In re EPDM*, 255 F.R.D. at 320; *see also TheStreet.com*, 273 F.3d at 231 ("For instance, protective orders that are on their face temporary or limited may not justify reliance by the parties.").

The language in the Protective Order in this case suggests that the parties understood that the Protective Order could be modified. First, paragraph 8 addresses how parties would challenge a confidentiality designation. (Protective Order ¶ 8.) Paragraph 8 begins by stating the following: "A Party shall not be obliged to challenge the propriety of a designation under this Order at the time made, and the failure to do so shall not preclude a subsequent challenge thereto." (*Id.*) Thus, a party is permitted, pursuant to the Protective Order, to challenge a confidentiality designation and is not restricted to a time frame. Thus, Electrolux cannot reasonably rely on the confidentiality designations continuing indefinitely. Moreover, paragraph 20 of the

3

Protective Order is titled "MODIFICATION" and specifically provides that "[a]ny party may at any time make a motion requesting that the Court modify this Order to provide additional or different protection." (Protective Order ¶ 20.) Thus, the express language of the Protective Order notifies the parties of the potential modification of the Protective Order, and therefore, Electrolux could not reasonably rely on the Protective Order's indefinite continuation.

Third, the level of inquiry taken by the Court before granting the Order supports plaintiff's position that the Order should be modified and that defendant could not have reasonably relied on the continuation of the confidential designations. "A protective order granted on the basis of a stipulation by the parties carries less weight than a protective order granted after a hearing to show good cause." *In re EPDM*, 255 F.R.D. at 321. Moreover, as discussed *supra*, some courts in this Circuit have found that, in addition to there being a lack of reliance on the protective order, there are "extraordinary circumstances" when defendants were never required to show good cause before sealing documents or ordering a stipulated protective order. *See Fournier*, 242 F. Supp. 2d at 341 ("Defendants were never required to show good cause for sealing the various documents. This is the same kind of deference and pervasive protection without Court review that the Second Circuit found to constitute 'extraordinary circumstances' justifying the unsealing of documents."); *see also In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 147-148 (2d Cir. 1987), *superseded in part by statute on other grounds* ("Under the February 6, 1981 order, appellants needed only to designate discovery materials as confidential to protect them . . . We conclude that the exceptionally pervasive protection granted appellants . . . ,

coupled with the fact that appellants never were required to show good cause mandated by Rule 26(c), amounts to the type of extraordinary circumstances contemplated by our prior decisions.").

Here, the parties filed their Stipulated Protective Order on June 14, 2010. On June 16, 2010, Magistrate Judge William D. Wall "So Ordered" the Stipulated Protective Order. Magistrate Judge Wall did not determine whether or not there was good cause. Accordingly, "[i]n the absence of the requisite good cause showing, it cannot be presumed that every piece of discovery filed under the Order is actually worthy of such a high level of protection." *See In re EPDM*, 255 F.R.D. at 322. Thus, it is not reasonable for Electrolux to contend that it relied on the Protective Order never being modified. In addition, as noted *infra*, extraordinary circumstances exist to modify the Protective Order.

Furthermore, the nature of the reliance on the Order does not weigh in favor of applying the presumption against modification. "[W]here the parties have not given up any rights and indeed would have been *compelled* to produce the discovery materials even in the absence of a protective order, the presumption against modification is not as strong." *In re EPDM*, 255 F.R.D. at 323 (emphasis in original). In this case, Electrolux does not argue that it would not be required to produce the documents in question in each related litigation. Moreover, in this Court's Memorandum and Opinion denying summary judgment, the Court notes some of the similar discovery issues that are common among these other related litigations. *See Charter Oak*, 2012 WL 321765, at *6 n.5. Thus, there is no indication that the documents in question would not be subject to a motion to compel in either the currently pending matters or in

4

future cases that are similar to the case at bar. Thus, Electrolux cannot rely on the Protective Order as a means of protecting discovery that would otherwise be discoverable in the related actions.

Moreover, plaintiff has demonstrated a compelling need to modify the Protective Order. As a threshold matter, the Court notes that allowing the sharing of discovery among related cases is an efficient and effective means of avoiding duplicative and costly discovery, as well as avoiding unnecessary delay in the adjudication of cases. *See, e.g.*, *Idar v. Cooper Tire & Rubber Co.*, No. C-10-217, 2011 WL 688871, at *3 (S.D. Tex. Feb. 17, 2011) ("[F]ederal courts have 'overwhelmingly embraced' this practice to streamline discovery and promote access to court proceedings." (citations omitted)) (collecting cases). Thus, in product liability cases involving the same alleged product defect, courts have frequently permitted the sharing of discovery among plaintiffs. *See, e.g.*, *Ward v. Ford Motor Co.*, 93 F.R.D. 579, 580 (D. Colo. 1982) ("[i]f, as asserted, a single design defect is the cause of hundreds of injuries, then the evidentiary facts to prove it must be identical, or nearly so, in all the cases. Each plaintiff should not have to undertake to discover[] anew the basic evidence that other plaintiffs have uncovered."); *Parsons v. Gen. Motors Corp.*, 85 F.R.D. 724, 726 n.1 (N.D. Ga. 1980) ("The federal rules do not foreclose collaboration among litigants, and the court does not consider the possibility that plaintiff will share the results of discovery with any other litigant any part of defendant's showing of good cause to justify a protective order."); *Williams v. Johnson & Johnson*, 50 F.R.D. 31, 32 (S.D.N.Y. 1970) ("[T]here is no merit to the all-encompassing contention that the fruits of discovery in one case are to be used in that case only.").

In this case, there is a compelling and extraordinary need to share these common discovery materials with counsel for the same plaintiff in other related litigations against Electrolux, especially in the absence of any discernible prejudice to Electrolux. If the Protective Order is not modified, plaintiff will be forced to litigate the exact same issue in each and every case. As plaintiff correctly notes, "[t]o force Plaintiff to re-litigate disputes already won would not be in the interest of judicial efficiency as the same outcome (i.e. an order instructing Electrolux to produce the discoverable information) would ultimately be reached in each similar case between these parties." (Pl.'s Reply at 6.) The Court agrees that this would result in an enormous waste of time and resources for the parties and the court. Moreover, because the plaintiff in this action and any related action would be bound by the Protective Order, there will not be public dissemination, which is what the Protective Order in this case was designed to prevent. Thus, there is no prejudice to Electrolux if the modification is made.

Accordingly, the plaintiff's motion to modify the Protective Order is granted, and the Protective Order is modified to permit the attorneys in this case to share the documents and testimony obtained through discovery with the attorneys representing plaintiff, its parent or subsidiaries, in pending or future actions against the defendant, which arise under similar facts and circumstances – namely, a dryer fire in which it is alleged that lint ignited in the heater pan. Of course, the modification also will allow Electrolux to share the documents and testimony with its counsel in the other litigations.

IV.  CONCLUSION

For the reasons set forth above, Paragraph 4(a) of the Protective Order is modified so that material designated as confidential may be disclosed to: "Attorneys from any law firm that is of record for any named party (and the named party's in-house counsel) to this action or any other pending or future action between the parties (including any parent or subsidiary company) that involves a dryer fire in which it is alleged that lint ignited in the heater pan."

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 15, 2012
Central Islip, NY

\* \* \*

Plaintiff is represented by Jeffery J. White, Craig A. Raabe, Jeffrey J. White and Laura A. Torchio of Robinson & Cole LLP, 280 Trumbull Street, Hartford, CT 06103. Defendant is represented by Cheryl M. Nicolson, Melissa L. Yemma of Nicholson Associates LLC, 1300 N. Providence Road, Suite 6050, Rose Tree Corporate Center, Media, PA 19063.