

**TEIRNEY S. CHRISTENSON**
(414) 203-2054
TCHRISTENSON@YOSTBAILL.COM

A Professional Limited Liability Partnership

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 22 2013 ★

BROOKLYN OFFICE

July 18, 2013

See attached service list

RE:   *American Family's Motion to Transfer to Multidistrict Litigation*

Dear Clerks:

Enclosed please find a copy of American Family's Motion Transfer of Actions Pursuant to U.S.C. § 1407 and Brief in Support of American Family's Motion for Transfer of Actions Pursuant to U.S.C. § 1407.

Kind regards,

**YOST & BAILL, LLP**

Teirney S. Christenson

TSC/kag

Enclosures

08 CV 3237 (NG)

11 CV 5936 (ADS)
12 CV 2475 ADS
13 CV-5065 RB

10 CV 1351
10 CV 3901
11 CV 5519

**Yost & Baill, LLP**
2300 North Mayfair Road • Suite 745 • Milwaukee, WI 53226
Telephone (414) 259-0600 • Fax/Data (414) 259-0610 • www.yostbaill.com

OFFICES IN MINNESOTA AND WISCONSIN

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

|  |  |
| --- | --- |
| **IN RE:  ELECTROLUX DRYER**<br>**PRODUCT LIABILITY LITIGATION** ) ) ) ) | **MDL No. _____** |

## MOTION OF AMERICAN FAMILY FOR TRANSFER OF ACTIONS
## PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel

on Multidistrict Litigation, American Family Mutual Insurance Company ("American Family"),

the plaintiff in *American Family Mutual Insurance Company v. Electrolux Home Products, Inc.*,

No. 12-cv-9309 (N.D. Ill.) and *American Family Mutual Insurance Company v. Electrolux Home*

*Products, Inc.*, No. 12-cv-3000 (N.D. Ohio), and one of the plaintiffs in *American Family*

*Mutual Insurance Company, et al. v. Electrolux Home Products, Inc.*, No. 11-cv-678 (W.D.

Wis.), respectfully moves the Judicial Panel on Multidistrict Litigation ("the Panel") for an order

transferring the actions identified in the attached Schedule of Actions (the "Electrolux Cases")

and all subsequently filed related actions, to the United States District Court for the Northern

District of Illinois for coordinated or consolidated pretrial proceedings.  Transfer of the

Electrolux Cases is appropriate pursuant to 28 U.S.C. § 1407 for the reasons set forth below, and

more fully explained in the accompanying brief, including:

1.      American Family is aware of 50 actions currently pending before various United

States District Courts which allege that a defective and unreasonably dangerous condition

associated with Electrolux ball hitch dryers caused fire-related property damage.  These include

the actions identified in Table A1 of the Schedule of Actions, Exhibit 1.

2.      The actions identified in Table A1 involve more than 274 separate fires.  Of note, *State Farm Fire and Casualty Company, et al. v. Electrolux Home Products, Inc.*, 1:11-cv-08946 (N.D. Ill), currently pending in the Northern District of Illinois, involves more than 200 individual fire claims. (See Exhibit 1, page 2.)

3.      In addition to the cases set forth in Table A1, two class action lawsuits allege that Electrolux sold ball hitch dryers despite having knowledge that defects caused the dryers to catch fire and damage property.  The class actions seek injunctive relief in the form of corrective actions by Electrolux in addition to damages for property damages caused by dryer fires.  Those actions are set forth in Table A2 of the Schedule of Actions, Exhibit 2.

4.      All of the Electrolux Cases involve several common questions of fact including (a) whether the ball hitch dryers manufactured by Electrolux had a design defect that caused the dryers to catch fire, (b) whether testing performed by Electrolux alerted Electrolux to this defect, and (c) whether Electrolux took appropriate actions in manufacturing, marketing, and distributing the ball hitch dryers.

5.      Under 28 U.S.C. § 1407, the transfer, coordination, or consolidation of the Electrolux Cases will serve the convenience of all the parties, witnesses, counsel, and the judicial system.  Most significantly, it will provide consistent rulings on discovery and allow the parties to readily exchange documents and other discovery to avoid duplication of efforts.

6.      No judicial resources will be wasted if the Electrolux Cases are transferred to the Northern District of Illinois because discovery and other pretrial issues can be addressed by one judge, with application to all of the Electrolux Cases.  Indeed, transfer and coordination or consolidation under 28 U.S.C § 1407 would best serve the purposes of judicial economy.

WHEREFORE, for the reasons stated herein and in the accompanying brief, American Family respectfully requests that the Panel issue an order transferring all actions listed in the attached Schedule of Actions, as well as all subsequently filed related actions, to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings.

Dated: July 18, 2013                                    Respectfully submitted,


                                                        YOST & BAILL, LLP
                                                        *Attorneys for American Family Mutual*
                                                        *Insurance Company*


                                                        s/ Teirney S. Christenson
                                                        Daniel W. Boerigter
                                                        Teirney S. Christenson
                                                        2300 N Mayfair Road, Suite 745
                                                        Milwaukee, WI 53226
                                                        Tel. (414) 259-0600
                                                        Fax (414) 259-0610
                                                        dboerigter@yostbaill.com
                                                        tchristenson@yostbaill.com

3

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

```
_____
                               )
IN RE:  ELECTROLUX DRYER        )
PRODUCT LIABILITY LITIGATION    )        MDL No. _____
_____)
```

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR TRANSFER OF ACTIONS
PURSUANT TO 28 U.S.C. § 1407**

**TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................................................4

II.     FACTUAL BACKGROUND ...............................................................................5

III.     ANALYSIS ..........................................................................................................6

    A. Transfer and Coordination of the Electrolux Dryer Fire Cases is Appropriate and

        Necessary ....................................................................................................6

        1.   The Electrolux Cases Involve Common Questions of Fact ...................................7

        2.   Transfer Would Be Convenient for the Parties and Witnesses .............................8

        3.   Transfer Would Promote the Just and Efficient Conduct of the Litigation ...........9

    B. The Electrolux Cases Should Be Transferred to the Northern District of Illinois ......10

IV.     CONCLUSION ...................................................................................................12

# TABLE OF AUTHORITIES

Cases

*In re AT&T Mobility Wireless Data Services*, 710 F. Supp. 2d 1378 (J.P.M.L. 2010) .................. 9

*In re Aqua Dots Products Liab. Litig.*, 545 F.Supp.2d 1369 (J.P.M.L. 2008) ............................ 11

*In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739 (J.P.M.L. 1984) ............................................ 8

*In re Baycol Products Liability Litigation*, 180 F.Supp.2d 1378 (J.P.M.L. 2001) ...................... 11

*In re Celotex Corp. "Technifoam" Products Liability Litigation*, 68 F.R.D. 502 (J.P.M.L 1975) . 7

*In re CertainTeed Corp. Roofing Shingle Products Liab. Litig.*, 474 F. Supp. 2d 1357 (J.P.M.L. 2007) ............................................................................................................................................ 7

*In re Enron Corp. Securities, Derivative*, 196 F. Supp. 2d 1375, (J.P.M.L. 2002) ...................... 9

*In re: Merscorp Inc., et al. Real Estate Settlement Procedures Act (RESPA) Litig.*, 560 F. Supp. 2d 1371 (J.P.M.L. 2008) .............................................................................................................. 7

*In re MF Global Holdings Ltd. Inv. Litig.*, 857 F. Supp. 2d 1378 (J.P.M.L. 2012) ...................... 8

*In re Navistar 6.0 L Diesel Engine Products Liab. Litig.*, 777 F.Supp.2d 1347 (J.P.M.L. 2011) ............................................................................................................................ 11

*In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968) ................................................ 7

*In re RC2 Corp. Toy Lead Paint Products Liab. Litig.*, 528 F.Supp.2d 1374 (J.P.M.L. 2007) ............................................................................................................................ 11

*In re: Watson Fentanyl Patch Products Liability Litigation*, 883 F.Supp.2d 1350 (J.P.M.L. 2012) .......................................................................................................................................... 11

*In re Wireless Tel. 911 Calls Litig.*, 259 F. Supp. 2d 1372 (J.P.M.L. 2003) .............................. 11

*In re: Zimmer Nexgen Knee Implant Products Liab. Litig.*, 802 F.Supp.2d 1374 (J.P.M.L. 2011) ............................................................................................................................ 11

# I.   INTRODUCTION

Transfer of the pending Electrolux Cases under 28 U.S.C. § 1407 is appropriate because the cases all arise from the same factual context and involve shared facts and legal issues.  In each of the Electrolux cases plaintiffs allege that:

(1)   Electrolux designed, manufactured, distributed and placed into the stream of commerce dryers that had a uniform defect;

(2)   the dryers designed, manufactured, distributed and placed into the stream of commerce by Electrolux were unreasonably dangerous at the time they left the control of Electrolux;

(3)   Electrolux designed, manufactured, distributed and placed into the stream of commerce dryers without adequate warnings about the accumulation of lint in areas not visible to or serviceable by the user;

(4)   Electrolux' conduct is designing, manufacturing, and marketing the dryers fell below the applicable standards of care owed by Electrolux to the plaintiffs;

(5)   Electrolux intentionally or negligently misrepresented, concealed, or suppressed important information regarding the true and known risks of the dryers; and

(6)   Plaintiffs have suffered damages as a result of the defective and unreasonably dangerous dryers designed, manufactured, distributed and placed into the stream of commerce by Electrolux.

These common factual issues predominate all of the Electrolux Cases and make these cases appropriate for transfer, and coordination or consolidation.  Indeed, having one court preside over a centralized case will promote orderly pretrial proceedings, provide efficiency for the judiciary and counsel, and result in uniform discovery rulings across all Electrolux Cases, consistent with the goals of the Panel in ordering transfer under 28 U.S.C. § 1407(a).

## II.     FACTUAL BACKGROUND

From the early 1990s until 2007, Electrolux designed, manufactured, marketed, distributed and placed into the stream of commerce gas and electric clothes dryers with a common design known as the "ball hitch" design.  For more than a decade now and throughout the United States, Electrolux has investigated thousands of claims that fires originated in dryers manufactured with its "ball hitch" design.[1]  American Family and other insurance companies have paid millions of dollars in property damage claims caused by fires that originated in Electrolux dryers.  After engaging experts to analyze the dryers and the fire scenes, American Family and other insurers have filed subrogation lawsuits against Electrolux alleging that a defect in the design of the Electrolux ball hitch dryers caused the dryers to start fires.  Specifically, plaintiffs in the Electrolux Cases allege that the design of the Electrolux dryers caused lint to accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer and potentially spread.  The lint accumulates in areas that are not visible to, or serviceable by, the end user.

As set forth in Table A1 of the Schedule of Actions, Exhibit 1, lawsuits in federal courts across the United States claim that hundreds of fires were caused by the defective design of Electrolux dryers.  In addition, class actions filed by homeowners are pending in the Eastern District of Arkansas and the Central District of California (see Table A2 of the Schedule of Actions, Exhibit 2).  Each of these Electrolux Cases arises from a common factual nexus involving a single product and the common course of conduct by the manufacturer of that product.  Moreover, several of Electrolux's employees and outside experts are likely to be

---

[1] *See* Exhibit 3 at p. 2.

5

witnesses in all of the Electrolux Cases and it is expected that plaintiffs may have common expert witnesses.

Almost all of the federal cases that would comprise the *Electrolux Dryer Product Liability Litigation* are at an early stage in the discovery process.[2]  Numerous cases were only recently filed and, moreover, American Family is aware of unfiled cases that will be appropriate for tag-along treatment.  Coordinated judicial case management is advantageous, and may be necessary, to avoid a litigation law of attrition over discovery that should be available to all and to eliminate unnecessary discovery delays and disputes.  Indeed, the same discovery disputes have already arisen in multiple cases and will likely continue to arise in numerous courts if the Electrolux Cases are not transferred for coordinated pretrial proceedings (see *infra* at p. 9 n. 3).

## III.   ANALYSIS

### A.   TRANSFER AND COORDINATION OF THE ELECTROLUX DRYER FIRE CASES IS APPROPRIATE AND NECESSARY

This Panel may transfer cases to a single judicial district for pretrial coordination or consolidation if:

(1)   the cases involve "one or more common questions of fact";

(2)   transfer would be "for the convenience of parties and witnesses"; and

(3)   transfer would "promote the just and efficient conduct of such actions."

28 U.S.C. § 1407.  "The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the

---

[2] Cases with trials set before November 2013 have been flagged in the Schedule of Actions and may, in the Panel's discretion, be appropriate for exclusion from transfer.  Cases in which personal injury resulted from dryer fires have been similarly flagged for the Panel's consideration.

parties, the attorneys, the witnesses, and the courts." *Manual for Complex Litigation, Fourth*, §

20.131 (2004), citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968).

### 1.    The Electrolux Cases Involve Common Questions of Fact.

Because the Electrolux Cases are nearly identical in nature, transfer of the actions under

Section 1407(a) is highly appropriate. Indeed, this Panel has previously recognized the

appropriateness of coordination or consolidation where multiple actions alleged fire damage

caused by the same allegedly defective product. *See In re Celotex Corp. "Technifoam" Products

Liability Litigation*, 68 F.R.D. 502, 503 (J.P.M.L Sept. 16, 1975). In the *Technifoam* litigation,

the Panel acted "on its own order to show cause why [the] actions should not be transferred to a

single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §

1407." *Id.* at 503-04. In issuing its order to show cause, the Panel recognized that each

individual action may involve unique factual or legal issues, but held that transfer and

coordination of discovery was appropriate because there were "key common factual questions in

all the actions pertaining to the flammability hazards posed by Technifoam, Celotex's knowledge

thereof, its subsequent conduct, the adequacy of testing and Celotex's marketing practices." *Id.*

at 504.  Here, where the key common factual questions are nearly identical to those in the

*Technifoam* litigation, consolidation is equally appropriate. *See also In re CertainTeed Corp.

Roofing Shingle Products Liab. Litig.*, 474 F. Supp. 2d 1357, 1358 (J.P.M.L. 2007)

(consolidating actions involving property damage caused by allegedly defective roofing

shingles).

Moreover, transfer under 28 U.S.C. § 1407 is appropriate even where one group of

plaintiffs have asserted different legal claims. *In re: Merscorp Inc., et al. Real Estate Settlement*

*Procedures Act (RESPA) Litig.*, 560 F. Supp. 2d 1371, 1372 (J.P.M.L. 2008) (where transfer was opposed based upon "unique state law claims," Panel found transfer proper because "[t]ransfer under Section 1407…does not require a complete identity or even a majority of common factual or legal issues as prerequisite to transfer.") Thus, even to the extent separate legal claims are involved in actions pending before the various United States District Courts, the presence of those claims should not impede transfer. Indeed, "where actions share factual questions, the Panel has long held that the presence of disparate legal theories is not a basis to deny transfer." *In re MF Global Holdings Ltd. Inv. Litig.*, 857 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012). Given the common issues of fact involved in the Electrolux Cases, and this Panel's precedent for transfer in similar cases, consolidation and transfer are appropriate here.

**2.    Transfer Would Be Convenient for the Parties and Witnesses.**

Parties and witnesses in the Electrolux Cases have been juggling schedules in courts from New Hampshire to California. Indeed, Electrolux is defending more than fifty federal cases throughout the country, all of which have the same central allegation. Consolidation will allow the parties to "combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned." *In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739, 741 (J.P.M.L. 1984). Without centralization, both plaintiffs and Electrolux will be subjected to numerous and potentially disparate decisions on the timing and scope of discovery and other crucial pretrial issues. Allowing the Electrolux Cases to proceed in multiple jurisdictions will, therefore, create needless inconvenience, disruption and a significant burden on all of the parties involved.

8

Moreover, transfer and coordination will allow expert and lay witnesses with knowledge or opinions that relate to multiple cases to avoid providing repeated deposition testimony on the same topic in multiple venues. Ultimately, as this Panel has recognized previously, "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings… and preserve the resources of the parties, their counsel and the judiciary." *In re Enron Corp. Securities, Derivative*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002).

### 3. Transfer Would Promote the Just and Efficient Conduct of the Litigation.

Transfer to a single district court will also "promote the just and efficient conduct" of the Electrolux Cases. 28 U.S.C. § 1407. Coordination will save considerable judicial time because discovery "will undoubtedly overlap and many of the legal issues will turn on similar facts and law." *In re AT&T Mobility Wireless Data Services*, 710 F. Supp. 2d 1378, 1380 (J.P.M.L. 2010). Asking multiple federal courts to entertain and decide the same discovery motions and pretrial issues serves neither the interests of the parties nor the interests of the federal judiciary. Indeed, coordination is particularly appropriate because Electrolux continues to request discovery in several cases despite judicial decisions in other Electrolux Cases holding that Electrolux is not entitled to that discovery.[3] Under the circumstances, a single binding ruling from one federal court would save the parties and the judiciary significant time and resources. In sum, the

---

[3] *See* Minute Entry, *State Farm Fire and Casualty Company, et al. v. Electrolux Home Products, Inc.*, 1:11-cv-08946 (N.D. Ill) at Exhibit 4 (holding that the requested corporate discovery is not discoverable), Memorandum Opinion and Order, *The Travelers Property Casualty Insurance Company, 1:12-cv-02386* (N.D. Ill), at Exhibit 5 (limiting the corporate discovery to specific areas of inquiry), and Interrogatories to Plaintiff American Family Mutual Insurance Company in its Own Right, Requests for Production of Documents to Plaintiff American Family Mutual Insurance Company in its Own Right, Interrogatories to Country Mutual Insurance Company in its Own Right and Requests for Production of Documents to Country Mutual Insurance Company in its Own Right at Exhibit 6 (requesting the corporate discovery already denied in the *State Farm* and *Travelers* cases).

Electrolux Cases will proceed through discovery more efficiently if transferred to a single district court for coordinated pretrial proceedings.

**B.    THE ELECTROLUX CASES SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF ILLINOIS**

Should the Panel grant American Family's request to transfer pursuant to 28 U.S.C. § 1407, American Family respectfully requests that the Panel transfer the Electrolux Cases to the Northern District of Illinois. The Northern District of Illinois is optimally situated and experienced for handling the Electrolux Cases and is capable of effectively managing a complex litigation like the proposed MDL. Put simply, the Northern District of Illinois is the most appropriate district for consolidation of the Electrolux cases

First, several of the Electrolux Cases, including cases filed by American Family, State Farm Fire and Casualty Company, Allstate Insurance Company and the Travelers Property Casualty Insurance Company, are already pending in the Northern District of Illinois. (See Exhibit 1 at 2-3.) Indeed, one case pending in the Northern District of Illinois already involves more than 200 dryer fire claims from across the country. See Exhibit A to the Complaint in *State Farm Fire and Casualty Company, et al. v. Electrolux Home Products, Inc.*, 1:11-cv-08946 (N.D. Ill). The familiarity of counsel in the Northern District of Illinois cases, together with the familiarity of the judiciary, makes the Northern District of Illinois the most a logical venue for coordination or consolidation under Section 1407.

Second, given the geographic dispersal of those cases not pending in the Northern District of Illinois, centralization of the cases in a metropolitan area that is centrally located will provide convenience to the parties and witnesses. *See In re: Watson Fentanyl Patch Products Liability Litigation*, 883 F.Supp.2d 1350, 1352 (J.P.M.L. 2012) (Northern District of Illinois

10

provides "a convenient and accessible forum for this litigation in which actions have been filed throughout the country regarding a product marketed nationwide."); *see also In re Baycol Products Liability Litigation*, 180 F.Supp.2d 1378, 1380 (J.P.M.L. 2001) (citing the metropolitan nature of transferee court as an appropriate consideration). The presence of Chicago O'Hare International Airport and other major airports in the Chicago area will ease necessary travel by providing numerous direct flights from destinations across the United States to a central area of the country. Thus, the Northern District of Illinois is the most appropriate district for significantly reducing the costs of this litigation.

Finally, the Northern District of Illinois is well-versed in handling multidistrict litigation. Indeed, the Northern District's bench and staff have extensive experience overseeing complex MDL proceedings, including the following products liability cases: *In re: Watson*, 883 F.Supp.2d 1350; *In re: Zimmer Nexgen Knee Implant Products Liab. Litig.*, 802 F.Supp.2d 1374 (J.P.M.L. 2011); *In re Navistar 6.0 L Diesel Engine Products Liab. Litig.*, 777 F.Supp.2d 1347 (J.P.M.L. 2011); *In re Aqua Dots Products Liab. Litig.*, 545 F.Supp.2d 1369 (J.P.M.L. 2008); *In re RC2 Corp. Toy Lead Paint Products Liab. Litig.*, 528 F.Supp.2d 1374 (J.P.M.L. 2007). This Panel previously noted that the Northern District of Illinois possesses the necessary resources to devote the time and effort required of a MDL. *In re Wireless Tel. 911 Calls Litig.*, 259 F. Supp. 2d 1372, 1374 (J.P.M.L. 2003). Moreover, there are a number of eminently qualified judges serving in the Northern District of Illinois with sufficient experience to properly navigate any pretrial issues that may arise.

Accordingly, American Family respectfully requests that the Panel enter an order transferring all pending Electrolux Cases to the Northern District of Illinois.

**IV.     CONCLUSION**

For all the reasons set forth above, American Family respectfully requests that the Panel transfer the actions listed in the attached Schedule of Actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings.

Dated:  July 18, 2013                                        Respectfully submitted,


                                                             YOST & BAILL, LLP
                                                             *Attorneys for American Family Mutual*
                                                             *Insurance Company*


                                                             s/ Teirney S. Christenson
                                                             Daniel W. Boerigter
                                                             Teirney S. Christenson
                                                             2300 N Mayfair Road, Suite 745
                                                             Milwaukee, WI 53226
                                                             Tel. (414) 259-0600
                                                             Fax (414) 259-0610
                                                             dboerigter@yostbaill.com
                                                             tchristenson@yostbaill.com

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

————————————————————

**IN RE:  ELECTROLUX DRYER**             )
**PRODUCT LIABILITY LITIGATION**   )         **MDL No. ____**
                                                              )

————————————————————

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing Motion, Brief, Schedule of Actions (without attachments) and this Proof of Service were served on the following district courts by U.S. Mail, and that the foregoing Motion, Brief, Schedule of Actions (without attachments) and this Proof of Service were served on counsel by electronic mail on July 18, 2013:

Clerk of the Court
United States District Court for the Northern District of Alabama
Hugo L. Black U. S. Courthouse
1729 Fifth Avenue North
Birmingham, AL 35203
N.D. AL, No. 2:12-cv-01993-RDP
N.D. AL, No. 7:12-cv-01992-JEO

Clerk of the Court
United States District Court for the Eastern District of Arkansas
500 West Capitol Avenue
Little Rock, AR 77201
E.D. AR, No. 4:12-cv-00157-DPM

Clerk of the Court
United States District Court for the Central District of California – Eastern Division
George E. Brown, Jr. Federal Building and United States Courthouse
3470 Twelfth Street
Riverside, CA 92501-3801
C.D. CA, No. 5:13-cv-01011-JGB-OP

Clerk of the Court
United States District Court for the Central District of California – Southern Division
Ronald Reagan Federal Building and United States Courthouse
411 West Fourth Street, Room 1053
Santa Ana, CA 92701-4516
C.D. CA, No. 8:12-cv-01644-CAS-VBK

1

Clerk of the Court
United States District Court for the Central District of California – Western Division
United States Courthouse
312 North Spring Street
Los Angeles, CA 90012-4701
C.D. CA, No. 2:12-cv-05112-DMG-E

Clerk of the Court
United States District Court for the Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101
S.D. CA, No. 3:11-cv-01340-JLS-NLS

Clerk of the Court
United States District Court for the Northern District of Florida
United States Courthouse
30 W. Government St.
Panama City, Florida 32401
N.D. FL, No. 5:12-cv-00095-RS-EMT

Clerk of the Court
United States District Court for the Northern District of Georgia
Richard B. Russell Federal Building and Courthouse
75 Spring Street, SW
Atlanta, GA 30303-3361
N.D. GA, No. 1:12-cv-00571-RLV

Clerk of the Court
United States District Court for the Central District of Illinois
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria, IL 61602
C.D. IL, No. 1:13-cv-01207-MMM-BGC

2

Clerk of the Court
United States District Court for the Northern District of Illinois
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604
N.D. IL, No. 1:09-cv-06379
N.D. IL, No. 1:11-cv-08946
N.D. IL, No. 1:12-cv-02386
N.D. IL, No. 1:12-cv-09309
N.D. IL, No. 1:13-cv-01617
N.D. IL, No. 1:13-cv-03665
N.D. IL, No. 1:13-cv-04097

Clerk of the Court
United States District Court for the Northern District of Indiana – Fort Wayne Division
1300 S. Harrison St.
Fort Wayne, IN 46802
N.D. IN, No. 1:11-cv-00042-WCL-RBC
N.D. IN, No. 1:13-cv-00028-JTM-RBC

Clerk of the Court
United States District Court for the Northern District of Indiana – Hammond Division
5400 Federal Plaza
Hammond, IN 46320
N.D. IN, No. 2:12-cv-00047-PRC

Clerk of the Court
United States District Court for the Northern District of Indiana – South Bend Division
204 S Main St
South Bend, IN 46601
N.D. IN, No. 3:08-cv-00436-WCL

Clerk of the Court
United States District Court for the Southern District of Indiana
Birch Bayh Federal Building and United States Courthouse
46 East Ohio Street, Room 105
Indianapolis, IN 46204
S.D. IN, No. 1:11-cv-01616-SEB-TAB
S.D. IN, No. 1:13-cv-00174-TWP-DML

Clerk of the Court
United States District Court for the Western District of Kentucky
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202
W.D. KY, No. 3:12-cv-00732-JGH

3

Clerk of the Court
United States District Court for the Western District of Louisiana
Edwin F. Hunter, Jr. United States Courthouse and Federal Building
611 Broad Street, Suite 188
Lake Charles, LA 70601
W.D. LA, No. 2:12-cv-02702-PM-KK

Clerk of the Court
United States District Court for the Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226
E.D. MI, No. 2:11-cv-15627-SJM-LJM
E.D. MI, No. 2:12-cv-13799-MOB-DRB

Clerk of the Court
United States District Court for the Western District of Missouri
United States Courthouse
222 North John Q. Hammons Parkway
Springfield, MO 65806
W.D. MO, 6:11-cv-03411-MJW

Clerk of the Court
United States District Court of New Hampshire
55 Pleasant Street
Room 110
Concord, NH 03301-3941
U.S.D.C. NH, No. 1:12-cv-00195-PB

Clerk of the Court
United States District Court of New Jersey – Newark
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101
U.S.D.C. NJ, No. 2:10-cv-01952-KM-MF

Clerk of the Court
United States District Court of New Jersey – Trenton
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Room 2020
Trenton, NJ 08608
U.S.D.C. NJ, No. 3:12-cv-01966-MAS-DEA
U.S.D.C. NJ, No. 3:12-cv-02815-MAS-DEA

4

Clerk of the Court
United States District Court for the Eastern District of New York -- Brooklyn
225 Cadman Plaza East
Brooklyn, NY 11201
E.D. NY, No. 1:08-cv-03237-NG-RER
E.D. NY, No. 1:11-cv-05936-ADS-GRB
E.D. NY, No. 1:12-cv-02475-ADS-GRB
E.D. NY, No. 1:12-cv-05065-FB-RML

Clerk of the Court
United States District Court for the Eastern District of New York – Central Islip
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722
E.D. NY, No. 2:10-cv-01351-JFB-WDW
E.D. NY, No. 2:10-cv-03901-JFB-AKT
E.D. NY, No. 2:11-cv-05519-JFB-WDW

Clerk of the Court
United States District Court for the Northern District of New York – Syracuse
100 S. Clinton Street
P.O. Box 7367
Syracuse, NY 13261-7367
N.D. NY, No. 6:13-cv-00132-TJM-TWD

Clerk of the Court
United States District Court for the Southern District of New York -- Foley Square
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
S.D. NY, No. 1:11-cv-01237-LGS-JCF

Clerk of the Court
United States District Court for the Northern District of Ohio – Cleveland
Carl B. Stokes U.S. Court House
801 West Superior Avenue
Cleveland, OH 44113
N.D. OH, No. 1:12-cv-00893-PAG
N.D. OH, No. 1:12-cv-02124-CAB
N.D. OH, No. 1:12-cv-02729-PAG
N.D. OH, No. 1:13-cv-00345-CAB

Clerk of the Court
United States District Court for the Northern District of Ohio – Toledo
James M. Ashley and Thomas W. L. Ashley U.S. Courthouse
1716 Spielbusch Avenue
Toledo, OH 43604
N.D. OH, No. 3:12-cv-03000-JJH

Clerk of the Court
United States District Court for the Southern District of Ohio
Potter Stewart U.S. Courthouse, Room 103
100 East Fifth Street
Cincinnati, OH 45202
S.D. OH, No. 1:12-cv-00843-SSB-SKB

Clerk of the Court
United States District Court for the Eastern District of Pennsylvania
601 Market Street, Room 2609
Philadelphia, PA 19106-1797
E.D. PA, No. 2:12-cv-05899-NS
E.D. PA, No. 2:12-cv-06957-TJS
E.D. PA, No. 2:13-cv-02458-PBT
E.D. PA, No. 2:13-cv-02562-JS

Clerk of the Court
United States District Court for the Western District of Wisconsin
120 N Henry Street, Room 320
Madison, WI 537403
W.D. WI, No. 3:11-cv-00678-slc

| Counsel | Parties and Case(s) |
| --- | --- |
| Winston W. Edwards<br>Law Offices of Winston W. Edwards, LLC<br>PO Box 591<br>Montgomery, AL 36101-0591<br>Email:<br>wedwards@wedwardslawfirm.com | Counsel for: Farmers Insurance Exchange<br>*as Subrogee of William Bell,* plaintiff<br>N.D. AL, No. 2:12-cv-01993-RDP |
| | Counsel for: Fire Insurance Exchange<br>*as Subrogee of Jesse Sturdivant,* plaintiff<br>N.D. AL, No. 7:12-cv-01992-JEO |
| James Michael Cooper<br>Porterfield, Harper, Mills, Motlow & Ireland, P.A.<br>22 Inverness Center Parkway<br>Suite 600<br>PO Box 530790<br>Birmingham, AL 35253-0790<br>Email: keb@phm-law.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. AL, No. 2:12-cv-01993-RDP |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. AL, No. 7:12-cv-01992-JEO |

| | |
|---|---|
| William Dudley Motlow, Jr.<br>Porterfield, Harper, Mills, Motlow &<br>Ireland, P.A.<br>22 Iverness Center Parkway<br>Suite 600<br>Birmingham, AL 352530790<br>Email: LLT@phm-law.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. AL, No. 2:12-cv-01993-RDP |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. AL, No. 7:12-cv-01992-JEO |
| Kevin M. Murphy<br>Grotefeld, Hoffmann, Schleiter,<br>Gordon & Ochoa, LLP<br>311 S. Wacker Drive<br>Chicago, IL 60606<br>Email: kmurphy@ghlaw-llp.com | Counsel for: Fire Insurance Exchange<br>*as Subrogee of Jesse Sturdivant,* plaintiff<br>N.D. AL, No. 7:12-cv-01992-JEO |
| | Counsel for: State Farm Fire & Casualty<br>Company *as subrogee of Kelly Slabach,* plaintiff<br>N.D. IN, No. 3:08-00436-WCL |
| | Counsel for: State Farm Fire and Casualty<br>Company, State Farm General Insurance Co.,<br>State Farm Lloyds and State Farm Florida<br>Insurance Company, plaintiffs<br>N.D. IL, No. 1:11-cv-08946 |
| | Counsel for: Allstate Insurance Company *as*<br>*subrogee of Deborah Martin,* plaintiff<br>S.D. IN, No. 1:11-cv-01616-SEB-TAB |
| William Hoffmann<br>Grotefeld, Hoffmann, Schleiter,<br>Gordon & Ochoa, LLP<br>311 S. Wacker Drive<br>Chicago, IL 60606<br>Email: bhoffmann@ghlaw-llp.com | Counsel for: Fire Insurance Exchange<br>*as Subrogee of Jesse Sturdivant,* plaintiff<br>N.D. AL, No. 7:12-cv-01992-JEO |
| | Counsel for: Allstate Insurance Company *as*<br>*subrogee of John Clark,* plaintiff<br>N.D. IL, No. 1:09-cv-06379 |
| | Counsel for: State Farm Fire and Casualty<br>Company, State Farm General Insurance Co.,<br>State Farm Lloyds and State Farm Florida<br>Insurance Company, plaintiffs<br>N.D. IL, No. 1:11-cv-08946 |
| | Counsel for: State Farm Fire & Casualty<br>Company *as subrogee of Kelly Slabach,* plaintiff<br>N.D. IN, No. 3:08-cv-00436-WCL |
| | Counsel for: Allstate Insurance Company *as*<br>*subrogee of Deborah Martin,* plaintiff<br>S.D. IN, No. 1:11-cv-01616-SEB-TAB |
| Carol L. Gatz<br>Law Office of John A Biard<br>11070 White Rock Road, Suite 200<br>Rancho Cordova, CA 95670<br>Email: cgatz@travelers.com | Counsel for: Travelers Property Casualty<br>Insurance Company *other*  Aaron Anderson,<br>plaintiff<br>C.D. CA, No. 2:12-cv-05112-DMG-E |

| | |
|---|---|
| Craig A. Raabe<br>Robinson and Cole, LLP<br>280 Trumbull Street<br>Hartford, CT 06103<br>Email: craabe@rc.com | Counsel for: Travelers Property Casualty Insurance Company *other* Aaron Anderson, plaintiff<br>C.D. CA, No. 2:12-cv-05112-DMG-E |
| | Counsel for: Automobile Insurance Company of Hartford, Connecticut *aso, Russell Silver*, plaintiff<br>E.D. NY, No. 1:08-cv-03237-NG-RER |
| | Counsel for: The Charter Oak Fire Insurance Company *a/s/o Hulis & Saliha Mavruk*, plaintiff<br>E.D. NY, No. 2:10-cv-01351-JFB-WDW |
| Jeffrey J. White<br>Robinson and Cole, LLP<br>280 Trumbull Street<br>Hartford, CT 06103<br>Email: jwhite@rc.com | Counsel for: Travelers Property Casualty Insurance Company *other* Aaron Anderson, plaintiff<br>C.D. CA, No. 2:12-cv-05112-DMG-E |
| | Counsel for: The Travelers Property Casualty Insurance Company *as head of* Kent and Kimberly Rouse, plaintiff<br>N.D. IL, No. 1:12-cv-02386 |
| | Counsel for: Automobile Insurance Company of Hartford, Connecticut *aso, Russell Silver*, plaintiff<br>E.D. NY, No. 1:08-cv-03237-NG-RER |
| | Counsel for: The Charter Oak Fire Insurance Company *a/s/o* Allen Burack and Rachel Burack, plaintiffs<br>E.D. NY, No. 1:11-cv-05936-ADS-GRB |
| | Counsel for: Travco Insurance Company *as subrogee of Frank Signorelli* and Felice Signorelli, plaintiffs<br>E.D. NY, No. 1:12-cv-02475-ADS-GRB |
| | Counsel for: The Charter Oak Fire Insurance Company *a/s/o Hulis & Saliha Mavruk*, plaintiff<br>E.D. NY, No. 2:10-cv-01351-JFB-WDW |
| Shawn C. Moore<br>Law Office of John A Biard<br>11070 White Rock Road, Suite 200<br>Rancho Cordova, CA 95670<br>Email: scmoore@travelers.com | Counsel for: Travelers Property Casualty Insurance Company *other* Aaron Anderson, plaintiff<br>C.D. CA, No. 2:12-cv-05112-DMG-E |
| Michael L. Amaro<br>Prindle, Amaro, Goetz, Hillyard, Barnes and Reinholtz, LLP<br>310 Golden Shore 4th Floor<br>Long Beach, CA 90802<br>Email: mamaro@prindlelaw.com | Counsel for: Electrolux Home Products, Inc., defendant<br>C.D. CA, No. 2:12-cv-05112-DMG-E |
| | Counsel for: defendants<br>C.D. CA, No. 5:13-cv-01011-JGB-OP |

8

| | |
|---|---|
| | Counsel for: Electrolux Home Products, Inc. *also known as* Electrolux North America, Inc., defendant<br>S.D. CA, No. 3:11-cv-01340-JLS-NLS |
| Catherine Ann Muller<br>Prindle, Amaro, Goetz, Hillyard,<br>Barnes and Reinholtz, LLP<br>310 Golden Shore 4th Floor<br>Long Beach, CA 90802<br>cdiehl@prindlelaw.com | Counsel for: Electrolux Home Products, Inc., defendant<br>C.D. CA, No. 2:12-cv-05112-DMG-E |
| Cheryl M. Nicolson<br>Nicolson Law Group, LLC<br>Rose Tree Corporate Center II<br>1400 North Providence Road, Suite 4045<br>Media, PA 19063<br>Email:<br>Nicolson@nicolsonlawgroup.com | Counsel for: Electrolux Home Products, Inc., defendant<br>C.D. CA, No. 2:12-cv-05112-DMG-E |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. GA, No. 1:12-cv-00571-RLV |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>U.S.D.C. NH, No. 1:12-cv-00195-PB |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. NY, No. 1:08-cv-03237-NG-RER |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. NY, No. 2:10-cv-01351-JFB-WDW |
| | Counsel for Electrolux Home Products, Inc., defendant<br>E.D. PA, No. 2:12-cv-05899-NS |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. PA, No. 2:12-cv-06957-TJS |
| Melissa L. Yemma<br>Nicolson Law Group, LLC<br>Rose Tree Corporate Center II<br>1400 North Providence Road, Suite 4045<br>Media, PA 19063<br>Email:<br>yemma@nicolsonlawgroup.com | Counsel for: Electrolux Home Products, Inc., defendant<br>C.D. CA, No. 2:12-cv-05112-DMG-E |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. GA, No. 1:12-cv-00571-RLV |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>U.S.D.C. NH, No. 1:12-cv-00195-PB |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. NY, No. 1:08-cv-03237-NG-RER |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. NY, No. 2:10-cv-01351-JFB-WDW |

| | |
|---|---|
| | Counsel for Electrolux Home Products, Inc., defendant<br>E.D. PA, No. 2:12-cv-05899-NS |
| | Counsel for: Electrolux North America, Inc. and Electrolux Home Products, Inc., defendant<br>E.D. PA, No. 2:12-cv-06957-TJS |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. PA, No. 2:13-cv-02458-PBT |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. PA, No. 2:13-cv-02562-JS |
| Sanaz Cherazaie<br>Prindle, Amaro, Goetz, Hillyard, Barnes and Reinholtz, LLP<br>310 Golden Shore 4th Floor<br>Long Beach, CA 90802<br>Email: scherazaie@prindlelaw.com | Counsel for: Electrolux Home Products, Inc., defendant<br>C.D. CA, No. 2:12-cv-05112-DMG-E |
| | Counsel for defendants<br>C.D. CA, No. 5:13-cv-01011-JGB-OP |
| | Counsel for: Electrolux Home Products, Inc. *also known as* Electrolux North America, Inc., defendant<br>S.D. CA, 3:11-cv-01340-JLS-NLS |
| Robert A. Ring<br>Ring & Green<br>3435 Overland Avenue<br>Los Angeles, CA 90034<br>Email: rring@ringgreen.com | Counsel for: TOPA Insurance Company, plaintiff<br>C.D. CA, No. 5:13-cv-01011-JGB-OP |
| Susan Hope Green<br>Ring & Green<br>3435 Overland Avenue<br>Los Angeles, CA 90034<br>Email: sgreen@ringgreen.com | |
| Hector Emilio Salitrero<br>Gibson & Sharps PSC<br>15233 Ventura Boulevard, Suite 410<br>Sherman Oak, CA 91403<br>Email: hes@gibsonsharps.com | Counsel for: American National Property and Casualty Company *as subrogees of Victor & Melissa Huezo*, plaintiff<br>S.D. CA, No. 3:11-cv-01340-JLS-NLS |
| Jennifer H. Tedesco<br>Gibson & Sharps PSC<br>1443 20th Street, Suite F<br>Vero Beach, FL 32960<br>Email: jht@gibsonsharps.com | Counsel for: American National Property and Casualty Company *as subrogees of Victor & Melissa Huezo*, plaintiff<br>S.D. CA, No. 3:11-cv-01340-JLS-NLS |
| | Counsel for: Member Select Insurance Company, plaintiff<br>N.D. IL, No. 1:13-cv-04097 |

| | |
|---|---|
| Christopher J. Carney<br>Brouse McDowell<br>600 Superior Avenue East, Suite 1600<br>Cleveland, OH 44114<br>Email: ccarney@brouse.com | Counsel for: Electrolux Home Products, Inc.<br>*also known as* Electrolux North America, Inc.,<br>defendant<br>S.D. CA, No. 3:11-cv-01340-JLS-NLS |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. IL, No. 1:11-cv-08946 |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>E.D. NY, No. 2:10-cv-03901-JFB-AKT |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. OH, No. 1:12-cv-00893-PAG |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. OH, No. 1:12-cv-02124-CAB |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. OH, No. 1:12-cv-02729-PAG |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. OH, No. 1:13-cv-00345-CAB |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. OH, No. 3:12-cv-03000-JJH |
| | Counsel for: Electrolux Home Products, Inc.<br>*doing business as* Frigidaire Company,<br>defendant<br>S.D. OH, No. 1:12-cv-00843-SSB-SKB |
| Robert Gale May, III<br>Groelle & Salmon, P.A.<br>9650 W. Courtney Campbell<br>Causeway<br>Suite 800<br>Tampa, FL 33607<br>Email: rmay@gspalaw.com | Counsel for: Tower Hill Prime Insurance, Co *as<br>subrogee of Delores Robinson*, plaintiff<br>N.D. FL, No. 5:12-cv-00095-RS-EMT |
| Nathaniel Stephen Hatcher<br>Hill, Ward & Henderson, PA<br>101 E Kennedy Blvd. – Suite 3700<br>Tampa, FL 33602<br>nhatcher@hwhlaw.com<br><br>Robert Craig Mayfield<br>Hill Ward Henderson<br>101 E Kennedy Blvd. Suite 3700<br>Tampa, FL 33602<br>Email: cmayfield@hwhlaw.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. FL, No. 5:12-cv-00095-RS-EMT |

11

| | |
|---|---|
| Eric David Miller<br>Miller Bonham, LLP<br>7000 Central Parkway, N.E., Suite 1650<br>Atlanta, GA 30328<br>Email: emiller@millerbonham.com | Counsel for: Mohammad Abu-Abed, plaintiff<br>N.D. GA, No. 1:12-cv-00571-RLV |
| Matthew Preston Bonham<br>Miller Bonham, LLP<br>7000 Central Parkway, N.E., Suite 1650<br>Atlanta, GA 30328<br>Email: mbonham@millerbonham.com | Counsel for: Mohammad Abu-Abed, plaintiff<br>N.D. GA, No. 1:12-cv-00571-RLV |
| Brooke F. Voelzke<br>Hunton & Williams, LLP<br>600 Peachtree Street, N.E.<br>Bank of America Plaza, Suite 4100<br>Atlanta, GA 30308-2216<br>Email: bvoelzke@hunton.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. GA, No. 1:12-cv-00571-RLV |
| Matthew James Calvert<br>Hunton & Williams, LLP<br>600 Peachtree Street, N.E.<br>Bank of America Plaza, Suite 4100<br>Atlanta, GA 30308-2216<br>Email: mcalvert@hunton.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. GA, No. 1:12-cv-00571-RLV |
| Peter Timothy Cahill<br>Leahy Eisenberg & Fraenkel, Ltd.<br>33 W Monroe St., Suite 1100<br>Chicago, IL 60603<br>Email: ptc@lefltd.com | Counsel for: Badger Mutual Insurance Company *as subrogee of Melissa and Jason Johnson*, plaintiff<br>C.D. IL, No. 1:13-cv-01207-MMM-BGC |
| | Counsel for: Member Select Insurance Company, *as subrogee of Allison Fitzgerald*, plaintiff<br>N.D. IL, No. 1:13-cv-03665 |
| Registered Agent for Electrolux North America<br>CT Corporation System<br>1300 E. Ninth Street, Suite 1010<br>Cleveland, OH 44114 | Counsel is Unknown for Electrolux North America in the following action:<br>C.D. IL, No. 1:13-cv-01207-MMM-BGC |
| Brad Mitchell Gordon<br>Grotefeld, Hoffmann, Schleiter, Gordon & Ochoa, LLP<br>311 S. Wacker Drive, Suite 4500<br>Chicago, IL 60606<br>Email: bmg@ghlaw-llp.com | Counsel for: Allstate Insurance Company *as subrogee of John Clark*, plaintiff<br>N.D. IL, No. 1:09-cv-06379 |
| | Counsel for: Allstate Insurance Company *as subrogee of Deborah Martin*, plaintiff<br>S.D. IN, No. 1:11-cv-01616-SEB-TAB |

| | Counsel for: State Farm Fire & Casualty Company *as Subrogee of Kelly Slabach*, plaintiff<br>N.D. IN, No. 3:08-cv-00436-WCL |
|---|---|
| Jonathan J. Tofilon<br>Grotefeld, Hoffmann, Schleiter,<br>Gordon & Ochoa, LLP<br>311 S. Wacker Drive, Suite 4500<br>Chicago, IL 60606<br>Email: jtofilon@ghlaw-llp.com | Counsel for: Allstate Insurance Company *as subrogee of John Clark*, plaintiff<br>N.D. IL, No. 1:09-cv-06379 |
| | Counsel for: State Farm Fire and Casualty Company, State Farm General Insurance Co., State Farm Lloyds and State Farm Florida Insurance Company, plaintiffs<br>N.D. IL, No. 1:11-cv-08946 |
| Kevin Scott Mosley<br>Grotefeld, Hoffmann, Schleiter,<br>Gordon & Ochoa, LLP<br>311 S. Wacker Drive, Suite 4500<br>Chicago, IL 60606<br>Email: kmosley@ghlaw-llp.com | Counsel for: Allstate Insurance Company *as subrogee of John Clark*, plaintiff<br>N.D. IL, No. 1:09-cv-06379 |
| Sharon Ann Luarde<br>Brouse McDowell<br>600 E Superior, Suite 1600<br>Cleveland, OH 44114<br>Email: sluarde@brouse.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:09-cv-06379 |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:11-cv-08946 |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:12-cv-02386 |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:12-cv-9309 |
| | Counsel for: Electrolux Home Products, Inc. and Sears Roebuck & Company, defendants<br>N.D. IN, No. 1:11-cv-00042-WCL-RBC |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IN, No. 3:08-00436-WCL |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. OH, No. 1:12-cv-00893-PAG |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. OH, No. 1:12-cv-02124-CAB |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. OH, No. 1:13-cv-00345-CAB |

| | |
|---|---|
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. OH, No. 3:12-cv-03000-JJH |
| | Counsel for: Electrolux Homes Products, Inc., defendant<br>W.D. WI, No. 3:11-cv-00678-slc |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. AR, No. 4:12-cv-00157-DPM |
| William P. Heffernan<br>SmithAmundsen LLC<br>150 North Michigan Avenue, Ste 3300<br>Chicago, IL 60601<br>Email: wheffernan@salawus.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:09-cv-06379 |
| Salvador Andrew Carranza<br>Freeborn & Peters, LLP<br>Freeborn & Peters, LLP<br>311 South Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Email: scarranza@freeborn.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:09-cv-06379 |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:11-cv-08946 |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:12-cv-02386 |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:12-cv-9309 |
| Tina C. Wills<br>Freeborn & Peters, LLP<br>311 South Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Email: twills@freeborn.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:09-cv-06379 |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:11-cv-08946 |
| Terrance R. Joy<br>Grotefeld, Hoffmann, Schleiter,<br>Gordon & Ochoa, LLP<br>150 South Fifth Street, Suite 3650<br>Minneapolis, MN 55402<br>Email: tjoy@ghlaw-llp.com | Counsel for: State Farm Fire and Casualty Company, State Farm General Insurance Co., State Farm Lloyds and State Farm Florida Insurance Company, plaintiffs<br>N.D. IL, No. 1:11-cv-08946 |
| Amy Lynn Dvorak<br>Grotefeld, Hoffmann, Schleiter,<br>Gordon & Ochoa, LLP<br>311 S. Wacker Drive, Suite 4500<br>Chicago, IL 60606<br>Email: ald@ghlaw-llp.com | |

| | |
|---|---|
| Anooj M. Thakrar<br>Grotefeld, Hoffmann, Schleiter,<br>Gordon & Ochoa, LLP<br>311 S. Wacker Drive, Suite 4500<br>Chicago, IL 60606<br>Email: athakrar@ghlaw-llp.com | |
| Emma L. Gaddipati<br>Grotefeld, Hoffmann, Schleiter,<br>Gordon & Ochoa, LLP<br>311 S. Wacker Drive, Suite 4500<br>Chicago, IL 60606<br>Email: egaddipati@ghlaw-llp.com | |
| Kathleen Ann Reid<br>Grotefeld, Hoffmann, Schleiter,<br>Gordon & Ochoa, LLP<br>407 S. 3rd Street, Suite 200<br>Geneva, IL 60134<br>Email: kreid@hglaw-llp.com | |
| Michael Joseph Scola<br>Grotefeld, Hoffmann, Schleiter,<br>Gordon & Ochoa, LLP<br>407 S. 3rd Street, Suite 200<br>Geneva, IL 60134<br>Email: mscola@ghlaw-llp.com | Counsel for: State Farm Fire and Casualty Company, State Farm General Insurance Co., State Farm Lloyds and State Farm Florida Insurance Company, plaintiffs<br>N.D. IL, No. 1:11-cv-08946 |
| Alexandra Victoria Dattilo<br>Brouse McDowell, LPA<br>600 Superior Avenue, E., Suite 1600<br>Cleveland, OH 44114<br>Email: adattilo@brouse.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:11-cv-08946 |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. OH, No. 1:12-cv-00893-PAG |
| | Counsel for Electrolux Home Products, Inc., defendant<br>N.D. OH, No. 1:12-cv-02124-CAB |
| Anastasia Joy Wade<br>Brouse McDowell, L.P.A.<br>600 Superior Avenue, E., Suite 1600<br>Cleveland, OH 44114<br>Email: awade@brouse.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:11-cv-08946 |
| | Counsel for: Electrolux Home Products, Inc. and Sears Roebuck & Company, defendants<br>N.D. IN, No. 1:11-cv-00042-WCL-RBC |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. MI, No. 2:11-cv-15627-SJM-LJM |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. OH, No. 1:12-cv-00893-PAG |

15

| | |
|---|---|
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. OH, No. 1:12-cv-02124-CAB |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. OH, No. 1:13-cv-00345-CAB |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. OH, No. 3:12-cv-03000-JJH |
| | Counsel for: Electrolux Home Products, Inc. *doing business as* Frigidare Company, defendant<br>S.D. OH, No. 1:12-cv-00843-SSB-SKB |
| Catherine A. Miller<br>Freeborn & Peters<br>311 South Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Email: cmiller@freebornpeters.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:11-cv-08946 |
| David B. Killalea<br>Manatt, Phelps & Phillips, LLP<br>700 12th Street, NW, Suite 1100<br>Washington, DC 20005<br>Email: dkillalea@manatt.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:11-cv-08946 |
| | Counsel for: Electrolux Homes Products, Inc., defendant<br>W.D. WI, No. 3:11-cv-00678-slc |
| David Sporar<br>Brouse McDowell, L.P.A.<br>600 Superior Avenue, E., Suite 1600<br>Cleveland, OH 44114<br>Email: dsporar@brouse.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:11-cv-08946 |
| Jaime Lisa Abraham<br>Manatt, Phelps & Phillips, LLP<br>7 Times Square, 22nd Floor<br>New York, NY 10036<br>Email: jabraham@manatt.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:11-cv-08946 |
| | Counsel for: Electrolux Homes Products, Inc., defendant<br>W.D. WI, No. 3:11-cv-00678-slc |
| Kerri L. Keller<br>Brouse McDowell, L.P.A.<br>388 S. Main Street, Suite 500<br>Akron, OH 44311<br>Email: kkeller@brouse.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IL, No. 1:11-cv-08946 |
| Laura E. Kogan<br>Brouse McDowell L.P.A.<br>388 S. Main Street, Suite 500<br>Akron, OH 44311<br>Email: lkogan@brouse.com | |

| | |
|---|---|
| Lauren Sylvester Berheide<br>Freeborn & Peters<br>311 South Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Email: lberheide@freebornpeters.com | |
| Matthew John Kramer<br>Freeborn & Peters<br>311 South Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Email: mkramer@freebornpeters.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. IL, No. 1:11-cv-08946 |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. IL, No. 1:12-cv-02386 |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. IL, No. 1:12-cv-9309 |
| Michael J. Summerhill<br>Freeborn & Peters<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, IL 60606<br>Email:<br>msummerhill@freebornpeters.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. IL, No. 1:09-cv-06379 |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. IL, No. 1:11-cv-08946 |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. IL, No. 1:12-cv-02386 |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. IL, No. 1:12-cv-9309 |
| Robert H. Shulman<br>Manatt, Phelps & Phillips, LLP<br>Freeborn & Peters<br>311 South Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Email: rshulman@manatt.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. IL, No. 1:11-cv-08946 |
| | Counsel for: Electrolux Homes Products, Inc.,<br>defendant<br>W.D. WI, No. 3:11-cv-00678-slc |
| Robert James Spinazzola<br>Maisel & Associates<br>161 N. Clark Street, Suite 800<br>Chicago, IL 60601-1014<br>Email: rspinazz@travelers.com | Counsel for: The Travelers Property Casualty<br>Insurance Company *as head of* Kent and<br>Kimberly Rouse, plaintiff<br>N.D. IL, No. 1:12-cv-02386 |
| John S. LaMantia<br>Ruberry Stalmack & Garvey, LLC<br>500 W. Madison Street, Suite 2300<br>Chicago, IL 60661<br>Email: john.lamantia@rsg-law.com | Counsel for: Thomas White, plaintiff<br>N.D. IL, No. 1:13-cv-01617 |

| | |
|---|---|
| Daniel William McGrath<br>Hinshaw & Culbertson, LLP<br>222 North LaSalle Street, Suite 300<br>Chicago, IL 60601-1081<br>Email: dmcgrath@hinshawlaw.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. IL, No. 1:13-cv-01617 |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. IN, No. 2:12-cv-00047-PRC |
| Clifford E. Yuknis<br>Hinshaw & Culbertson, LLP<br>222 North LaSalle Street, Suite 300<br>Chicago, IL 60601-1081<br>Email: cyuknis@hinshawlaw.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. IL, No. 1:13-cv-01617 |
| Katherine Hannah Tresley<br>Hinshaw & Culbertson, LLP<br>222 North LaSalle Street, Suite 300<br>Chicago, IL 60601-1081<br>Email: ktresley@hinshawlaw.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>N.D. IL, No. 1:13-cv-01617 |
| Brian James Hunt<br>The Hunt Law Group, LLC<br>20 N. Wacker Drive, Suite 1711<br>Chicago, IL 60606<br>Email: bhunt@hunt-lawgroup.com<br><br>Lindsay A. Watson<br>The Hunt Law Group, LLC<br>20 N. Wacker Drive, Suite 1711<br>Chicago, IL 60606<br>Email: lwatson@hunt-lawgroup.com | Counsel for: Electrolux North America, Inc.,<br>defendant<br>N.D. IL, No. 1:13-cv-03665<br>Counsel is unknown for Electrolux Home<br>Products, Inc. in the following action:<br>N.D. IL, No. 1:13-cv-04097 |
| Brian Thomas Bailey<br>Bailey & Bailey<br>745 McClintock Drive, Suite 227<br>Burr Ridge, IL 60527<br>Email: btb@baileyandbaileylaw.com | Counsel for: Member Select Insurance<br>Company, plaintiff<br>N.D. IL, No. 1:13-cv-04097 |
| Heather E. Shea<br>O'Hagan, LLC<br>One East Wacker Drive<br>Suite 3400<br>Chicago, IL 60601<br>312-422-6100<br>Email: hshea@ohaganlaw.com<br><br>Jodi Lauren Rifkin<br>O'Hagan, LLC<br>One East Wacker Drive<br>Suite 3400<br>Chicago, IL 60601<br>(312) 422-6166<br>Email: jrifkin@ohaganlaw.com | Counsel is unknown for Sears Holding<br>Corporation in the following action:<br>N.D. IL, No. 1:13-cv-04097 |

| | |
|---|---|
| Katherine C. O'Malley<br>Cozen O'Connor, PC<br>333 W. Wacker Drive, Suite 1900<br>Chicago, IL 60606<br>Email: komally@cozen.com<br>Marisa L. Saber<br>Cozen O'Connor, PC<br>333 W. Wacker Drive, Suite 1900<br>Chicago, IL 60606<br>Email: msaber@cozen.com | Counsel for: Homesite Insurance Company of the Midwest *as subrogee of* Bill Heimann and *as subrogee of* Jennifer Heimann, plaintiff<br>N.D. IN, No. 1:11-cv-00042-WCL-RBC |
| Laura S. Reed<br>Riley Bennett & Egloff, LLP<br>141 E Washington St., 4th Floor<br>Indianapolis, IN 46204<br>Email: lreed@rbelaw.com | Counsel for: Electrolux Home Products, Inc. and Sears Roebuck & Company, defendants<br>N.D. IN, No. 1:11-cv-00042-WCL-RBC |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IN, No. 1:13-cv-00028-JTM-RBC |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IN, No. 3:08-00436-WCL |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>S.D. IN, No. 1:11-cv-01616-SEB-TAB |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>S.D. IN, No. 1:13-cv-00174-TWP-DML |
| Sarah Tuohy MacGill<br>Riley Bennett & Egloff, LLP<br>141 E Washington St., 4th Floor<br>Indianapolis, IN 46204<br>Email: smacgill@rbelaw.com | Counsel for: Electrolux Home Products, Inc. and Sears Roebuck & Company, defendants<br>N.D. IN, No. 1:11-cv-00042-WCL-RBC |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IN, No. 1:13-cv-00028-JTM-RBC |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IN, No. 3:08-00436-WCL |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>S.D. IN, No. 1:11-cv-01616-SEB-TAB |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>S.D. IN, No. 1:13-cv-00174-TWP-DML |
| Brady J. Rife<br>McNeely Stephenson Thopy and Harrold<br>2150 Intelliplex Drive, Suite 100<br>Shelbyville, IN 46176<br>Email: bjrife@msth.com | Counsel for: Indiana Farm Bureau Insurance Company *as subrogee of Zachary Kindler*, plaintiff<br>N.D. IN, No. 1:13-cv-00028-JTM-RBC |

19

| | Counsel for: Indiana Farm Bureau Insurance Company *as subrogee of Raymond Mrazik*, plaintiff<br>S.D. IN, No. 1:13-cv-00174-TWP-DML |
|---|---|
| M. Michael Stephenson<br>McNeely Stephenson Thopy and Harrold<br>2150 Intelliplex Drive, Suite 100<br>Shelbyville, IN 46176<br>Email: mmstephenson@msth.com | Counsel for: Indiana Farm Bureau Insurance Company *as subrogee of Zachary Kindler*, plaintiff<br>N.D. IN, No. 1:13-cv-00028-JTM-RBC |
| | Counsel for: Indiana Farm Bureau Insurance Company *as subrogee of Raymond Mrazik*, plaintiff<br>S.D. IN, No. 1:13-cv-00174-TWP-DML |
| William J. Emerson, Jr.<br>Lucas, Holcomb & Medrea, LLP<br>300 E. 90th Drive<br>Merrillville, IN 46410<br>Email: wemerson@lhmlaw.com | Counsel for: Justin Alexander, plaintiff<br>N.D. IN, No.2:12-cv-00047-PRC |
| James L. Clement, Jr.<br>Lucas, Holcomb & Medrea, LLP<br>300 E. 90th Drive<br>Merrillville, IN 46410<br>Email: jclement@lhmlaw.com | Counsel for: Justin Alexander, plaintiff<br>N.D. IN, No.2:12-cv-00047-PRC |
| Kate S. Van Bokkelen<br>Hinshaw & Culbertson, LLP<br>322 Indianapolis Blvd., Suite 201<br>Schererville, IN 46375<br>Email: kvanbokkelen@hinshawlaw.com | Counsel for: Electrolux Home Products, Inc., defendant<br>N.D. IN, No. 2:12-cv-00047-PRC |
| Renee J. Mortimer<br>Hinshaw & Culbertson, LLP<br>322 Indianapolis Blvd., Suite 201<br>Schererville, IN 46375<br>Email: rmortimer@hinshawlaw.com | |
| John C. Miller<br>Bertram, Cox & Miller, LLP<br>321 E. Main Street<br>P.O. Box 1155<br>Campbellsville, KY 42719<br>Email: johnm@bcmllp.com | Counsel for: Kentucky Farm Bureau Mutual Insurance Company *a/s/o Michael S. Scott*, plaintiff<br>W.D. KY, No. 3:12-cv-00732-JGH |
| Joseph A. Bott<br>Bertram, Cox & Miller, LLP<br>P.O. Box 1155<br>Campbellsville, KY 42719<br>Email: joey@bcmllp.com | |

| | |
|---|---|
| Jacqueline B. Cross<br>Stites & Harbison, PLLC<br>400 W. Market Street, Suite 1800<br>Lousiville, KY 40202-3352<br>Email: bcross@stites.com | |
| Sarah G. Cronan<br>Stites & Harbison, PLLC<br>400 W. Market Street, Suite 1800<br>Lousiville, KY 40202-3352<br>Email: scranan@stites.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>W.D. KY, No. 3:12-cv-00732-JGH |
| Whitney Frazier Watt<br>Stites & Harbison, PLLC<br>400 W. Market Street, Suite 1800<br>Lousiville, KY 40202-3352<br>Email: wwatt@stites.com | |
| William Ransom Pipes<br>Hannah, Colvin & Pipes, LLP<br>2051 Silverside Dr., Suite 260<br>Baton Rouge, LA 70808<br>Email: wrpipes@hcpllp.com | Counsel for: State Farm Fire & Casualty<br>Insurance Company *on behalf of Barry Smith*<br>and *on behalf of Elizabeth Smith*, plaintiff<br>W.D. LA, No. 2:12-cv-02702-PM-KK |
| Dustin Graham Flint<br>Williamson, Fontenot & Campbell,<br>LLC<br>343 Royal St.<br>Baton Rouge, LA 70802<br>Email: dustin@lawyerbatonrouge.com | |
| Albert M. Hand, Jr.<br>Cook, Yancey, King & Galloway<br>P.O. Box 22260<br>Shreveport, LA 71120-2260<br>Email: al.hand@cookyancey.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>W.D. LA, No. 2:12-cv-02702-PM-KK |
| Andrew J. VanBronkhorst<br>Kreis, Enderle, Hudgins & Borsos,<br>P.C.<br>40 Pearl Street N.W. 5th Floor<br>Grand Rapids, MI 49503<br>Email:<br>avanbronkhorst@kreisenderle.com | Counsel for: State Farm Fire and Casualty<br>Company, plaintiff<br>E.D. MI, No. 2:11-cv-15627-SJM-LJM |
| James F. Hunt<br>Johnston, Sztykiel, Hunt, Goldstein,<br>Fitzgibbons & Clifford, PC<br>1301 W. Long Lake Road, Suite 250<br>Troy, MI 48098-6326<br>Email: jhunt@jshlawmi.com | Counsel for: Electrolux Home Products, Inc.,<br>Electrolux Home Care Products, Inc., Electrolux<br>North America, Inc., Aerus, LLC, Electrolux,<br>Inc., defendants<br>E.D. MI, No. 2:11-cv-15627-SJM-LJM |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>E.D. MI, No. 2:12-cv-13799-MOB-DRB |

21

| | |
|---|---|
| Gregory E. Meter<br>Braun Kendrick Finkbeiner P.L.C.<br>4301 Fashion Square Blvd.<br>Saginaw, MI 48603-1297<br>Email: gremet@bkf-law.com | Counsel for: Citizens Insurance Company of America, plaintiff<br>E.D. MI, No. 2:12-cv-13799-MOB-DRB |
| Matthew A. Tarrant<br>Braun Kendrick Finkbeiner P.L.C.<br>4301 Fashion Square Blvd.<br>Saginaw, MI 48603-1297<br>Email: matter@bkf-law.com | |
| Daniel P. Molloy<br>Corbett Law Firm, P.C.<br>2015 East Phelps<br>Springfield, MO 65802<br>Email: dmolloy@corbettlawfirm.com | Counsel for: Robert Davis and April Davis, plaintiffs<br>W.D. MO, No. 6:11-cv-03411-MJW |
| James Edward Corbett, Jr.<br>Corbett Law Firm, P.C.<br>2015 East Phelps<br>Springfield, MO 65802<br>Email: kcrouch@corbettlawfirm.com | Counsel for: Robert Davis and April Davis, plaintiffs<br>W.D. MO, No. 6:11-cv-03411-MJW |
| Louis J. Basso<br>Louis J. Basso, P.C.<br>1734 Clarkson Road #103<br>Chesterfield, MO 63017<br>Email: lou@bassolawfirm.com | Counsel for: Electrolux Home Products, Inc. and Best Buy Stores, LP, defendants<br>W.D. MO, No. 6:11-cv-03411-MJW |
| Thomas A. Marsh, Jr.<br>Law Offices of Robert A. Stutman, P.C.<br>500 Office Center Dr., Suite 301<br>Fort Washington, PA 19034<br>Email: marsht@stutmanlaw.com | Counsel for: Bernard K *individually and as Parent & Next Friend other* B.K. *other* M.K. *other* K.K., Lorie K. *individually and as Parent & Next Friend other* B.K. *other* M.K. *other* K.K. and Liberty Mutual Fire Insurance Company *a/s/o Bernard and Lorie K.*, plaintiffs<br>U.S.D.C. NH, No. 1:12-cv-00195-PB |
| Michael J. Hopkins<br>Law Offices of Robert A. Stutman, P.C.<br>500 Office Center Dr., Suite 301<br>Fort Washington, PA 19034<br>Email: hopkinsm@stutmanlaw.com | |
| Mark D. Wiseman<br>Cleveland Waters & Bass, PA<br>Two Capital Plaza<br>PO Box 1137<br>Concord, NH 03302-1137<br>Email: wisemanm@cwbpa.com | |

| R. Matthew Cairns<br>Gallagher, Callahan & Gartrell, PC<br>214 No Main St.<br>PO Box 1415<br>Concord, NH 03302-1415<br>Email: cairns@gcglaw.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>U.S.D.C. NH, No. 1:12-cv-00195-PB |
|---|---|
| Dennis J. Crawford<br>Law Offices of Dennis J. Crawford<br>619 S. White Horse Pike<br>Audubon, NJ 08106<br>Email: dcrawford@djclawfirm.com | Counsel for: New Jersey Manufacturers<br>Insurance Group/ASO Linda Ann Pawlowski,<br>plaintiff<br>U.S.D.C. NJ, No. 2:10-cv-01952-KM-MF |
| | Counsel for: New Jersey Manufacturers<br>Insurance Group *A/S/O Manuel and Sandra Diaz*, plaintiff<br>U.S.D.C. NJ, No. 3:12-cv-01966-MAS-DEA |
| | Counsel for: New Jersey Manufacturers<br>Insurance Company *a/s/o Robert Howe, Jr.*, Lin<br>Holmes-Howe, plaintiffs<br>U.S.D.C. NJ, No. 3:12-cv-02815-MAS-DEA |
| David R. Kott<br>McCarter & English, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>PO Box 652<br>Newark, NJ 07101-0652<br>Email: dkott@mccarter.com | Counsel for: Electrolux, Inc., defendant<br>U.S.D.C. NJ, No. 2:10-cv-01952-KM-MF |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>U.S.D.C. NJ, No. 3:12-cv-01966-MAS-DEA |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>U.S.D.C. NJ, No. 3:12-cv-02815-MAS-DEA |
| Joel E. Cohen<br>Law Offices of Dennis J. Crawford<br>619 S. White Horse Pike<br>Audubon, NJ 08106<br>Email: jcohen@djclawfirm.com | Counsel for: New Jersey Manufacturers<br>Insurance Company *a/s/o Robert Howe, Jr.*,<br>plaintiff<br>U.S.D.C. NJ, No. 3:12-cv-02815-MAS-DEA |
| Laura Torchio<br>Robinson & Cole<br>280 Trumbull Street<br>Hartford, CT 06103<br>Email: ltorchio@rc.com | Counsel for: Automobile Insurance Company of<br>Hartford, Connecticut *aso, Russell Silver*,<br>plaintiff<br>E.D. NY, No. 1:08-cv-03237-NG-RER |
| | Counsel for: The Charter Oak Fire Insurance<br>Company *a/s/o Hulis & Saliha Mavruk*, plaintiff<br>E.D. NY, No. 2:10-cv-01351-JFB-WDW |
| Michael Guararra<br>Guararra & Zaitz<br>100 Park Avenue, 20th Floor<br>New York, NY 10017<br>Email: mguararra@gzmlaw.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>E.D. NY, No. 1:08-cv-03237-NG-RER |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>E.D. NY, No. 2:10-cv-01351-JFB-WDW |

| | |
|---|---|
| John M. Cinti<br>Reger, Rizzo & Darnall, LLP<br>700 East Gate Drive, Suite 101<br>Mount Laurel, NJ 08054<br>Email: jcinti@regerlaw.com | Counsel for: The Charter Oak Fire Insurance Company *a/s/o* Allen Burack and Rachel Burack, plaintiffs<br>E.D. NY, No. 1:11-cv-05936-ADS-GRB |
| | Counsel for: Travco Insurance Company *as subrogee of Frank Signorelli* and Felice Signorelli, plaintiffs<br>E.D. NY, No. 1:12-cv-02475-ADS-GRB |
| Merilee K. Coen<br>Law Office of Andrea G. Sawyers<br>3 Huntington Quadrangle – Suite 102S<br>P.O. Box 9028<br>Melville, NY 11747<br>Email: mcoen@travelers.com | Counsel for: The Charter Oak Fire Insurance Company *a/s/o* Allen Burack and Rachel Burack, plaintiffs<br>E.D. NY, No. 1:11-cv-05936-ADS-GRB |
| George S. Hodges<br>Hodges, Walsh & Slater, LLP<br>55 Church Street<br>White Plains, NY 10601<br>Email: ghodges@hwslaw.com | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. NY, No. 1:11-cv-05936-ADS-GRB |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. NY, No. 1:12-cv-02475-ADS-GRB |
| | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. NY, No. 1:12-cv-05065-FB-RML |
| | Counsel for: Electrolux Home Products, Inc. and Best Buy Co., Inc., defendants, Best Buy Co., Inc., cross claimant, Electrolux Home Products, Inc., cross defendant, Best Buy Co., Inc. and Electrolux Home Products, Inc., counter defendants, Electrolux Home Products, Inc. and Best Buy Co., In., counter claimants<br>E.D. NY, No. 2:11-cv-05519-JFB-WDW |
| Paul E. Svensson<br>Hodges, Walsh & Slater, LLP<br>55 Church Street<br>White Plains, NY 10601<br>Email: psvensson@hwslaw.com<br>Sanford Gregg Jacobs<br>Hodges, Walsh & Slater, LLP<br>55 Church Street<br>White Plains, NY 10601<br>Email: sjacobs@hwslaw.com | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. NY, No. 1:11-cv-05936-ADS-GRB |

| | |
|---|---|
| Steven I. Hilsenrath<br>Law Offices of Steven I. Hilsenrath<br>65 Roosevelt Avenue, Suite 103a<br>Valley Stream, NY 11581<br>Email: steven@hilsenrathlaw.com | Counsel for: Metropolitan Property & Casualty Insurance Company *as subrogee of Andrew Parretta*, plaintiff<br>E.D. NY, No. 1:12-cv-5065-FB-RML |
| Jona Kim<br>Robinson & Cole<br>1055 Washington Blvd.<br>Stamford, CT 06901<br>Email: jkim@rc.com | Counsel for: The Charter Oak Fire Insurance Company *a/s/o Hulis & Saliha Mavruk*, plaintiff<br>E.D. NY, No. 2:10-cv-01351-JFB-WDW |
| Leanne A. Waldie<br>Nicolson Law Group, LLC<br>Rose Tree Corporate Center II<br>1400 N Providence Road, Suite 4045<br>Media, PA 19063<br>Email:<br>waldie@nicolsonlawgroup.com | Counsel for: Electrolux Home Products, Inc., defendant<br>E.D. NY, No. 2:10-cv-01351-JFB-WDW |
| Stuart D. Markowitz<br>Law Offices of Stuart D. Markowitz, P.C.<br>575 Jericho Tpke., Suite 210<br>Jericho, NY 11753<br>Email:<br>smarkowitz@markowitz-law.com | Counsel for: State Farm Fire & Casualty Company *a/s/o Norman Deitch*, plaintiff<br>E.D. NY, No. 2:10-cv-03901-JFB-AKT |
| | Counsel for: State Farm Fire & Casualty Company *a/s/o Patricia Varner*, plaintiff and State Farm Fire & Casualty Company *a/s/o Patricia Varner*, counter defendant<br>E.D. NY, No. 2:11-cv-05519-JFB-WDW |
| John P. Freedenberg<br>Goldberg Segalla, LLP<br>665 Main Street, Suite 400<br>Buffalo, NY 14203<br>Email:<br>jfreedenberg@goldbergsegalla.com | Counsel for: Electrolux Home Products, Inc., defendant and Electrolux Home Products, Inc., cross defendant<br>E.D. NY, No. 2:10-cv-03901-JFB-AKT |
| | Counsel for: Electrolux Home Products, Inc, defendant<br>S.D. NY, No. 1:11-cv-01237-LGS-JCF |
| Kevin P. Slattery<br>Tromello, McDonnell & Kehoe, Esqs.<br>P.O. Box 948<br>3 Huntington Quadrangle, Suite 305N<br>Melville, NY 11747<br>Email: kevin.slattery@cna.com | Counsel for: B.D.F. Appliance, defendant and B.D.F. Appliance, cross claimant<br>E.D. NY, No. 2:10-cv-03901-JFB-AKT |
| Matthew E. Whritenour<br>Knych, Whritenour, LLC<br>300 South State Street, Suite 404<br>Syracuse, NY 13202<br>Email:<br>mew@knychwhritenourlaw.com | Counsel for: Broome Co-Operative Insurance Company *as subrogee of Tracey M. Guido*, plaintiff<br>N.D. NY, No. 6:13-cv-00132-TJM-TWD |

25

| | |
|---|---|
| Thomas B. Cronmiller<br>Hiscock &Barclay, LLP<br>2000 HSBC Plaza<br>100 Chestnut Street<br>Rochester, NY 146042072<br>Email:<br>tcronmiller@hiscockbarclay.com | Counsel for: Electrolux North America, Inc.,<br>defendant<br>N.D. NY, No. 6:13-cv-00132-TJM-TWD |
| Timothy Boyd Parlin<br>Carroll, McNulty & Kull, LLC<br>120 Mountain View Blvd.<br>Basking Ridge, NJ 07920<br>Email: tparlin@cmk.com | Counsel for: Oleg Cassini, Inc., plaintiff<br>S.D. NY, No. 1:11-cv-01237-LGS-JCF |
| Christopher P. Kelly<br>Reppert, Kelly, LLC<br>120 Mountain View Blvd.<br>Basking Ridge, NJ 07920<br>Email: ckelly@reppertkelly.com | Counsel for: Oleg Cassini, Inc., plaintiff<br>S.D. NY, No. 1:11-cv-01237-LGS-JCF |
| Nicolas A. Vytell<br>Carroll, McNulty & Kull, LLC<br>120 Mountain View Blvd.<br>Basking Ridge, NJ 07920<br>Email: nvytell@cmk.com | Counsel for: Oleg Cassini, Inc., plaintiff<br>S.D. NY, No. 1:11-cv-01237-LGS-JCF |
| Marianne Arcieri<br>Goldbeg Segalla, LLP<br>200 Old Country Road, Suite 210<br>Mineola, NY 11501<br>Email: marcieri@goldbergsegalla.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>S.D. NY, No. 1:11-cv-01237-LGS-JCF |
| Patrick J. O'Malley<br>Keis & George<br>55 Public Square, Suite 800<br>Cleveland, OH 44113<br>Email: pomalley@keisgeorge.com | Counsel for: Allstate Insurance Company,<br>plaintiff<br>N.D. OH, No. 1:12-cv-00893-PAG |
| | Counsel for: Allstate Insurance Company,<br>plaintiff<br>N.D. OH, No. 1:12-cv-02124-CAB |
| | Counsel for: Allstate Insurance Co., plaintiff<br>N.D. OH, No. 1:12-cv-02729-PAG |
| | Counsel for: Allstate Insurance Company,<br>plaintiff<br>N.D. OH, No. 1:13-cv-00345-CAB |
| Richard A. Williams<br>Williams & Petro Co., L.L.C.<br>338 S High Street, 2nd Floor<br>Columbus, OH 43215<br>Email: rwilliams@wplaw.org | Counsel for: State Automobile Mutual Insurance<br>Company *as Subrogee of Jarrod Hasty*, plaintiff<br>S.D. OH, No. 1:12-cv-00843-SSB-SKB |

26

| | |
|---|---|
| Lorree Lawson Dendis<br>Williams & Petro Co., L.L.C.<br>338 S High Street, 2nd Floor<br>Columbus, OH 43215<br>Email: ldendis@wplaw.org | |
| Richard J. Boyd<br>Nelson Levine deLuca & Hamilton, LLC<br>518 Township Line Rd., Suite 300<br>Blue Bell, PA 19422<br>Email: rboyd@nldhlaw.com | Counsel for: George Kehl and Angela Kehl, plaintiffs<br>E.D. PA, No. 2:12-cv-05899-NS |
| Matthew F. Noone<br>Cozen O'Connor, PC<br>1900 Market Street<br>The Atrium, Third Floor<br>Philadelphia, PA 19103<br>Email: mnoone@cozen.com | Counsel for: State Farm Fire & Casualty Insurance Company *A/S/O Danielle Marquette*, plaintiff<br>E.D. PA, No. 2:12-cv-06957-TJS |
| Daniel J. deLuca<br>Nelson Levine deLuca & Hamilton, LLC<br>518 Township Line Rd., Suite 300<br>Blue Bell, PA 19422<br>Email: ddeluca@nldhlaw.com | Counsel for: Christopher Monastero and Christine Monastero, plaintiffs<br>E.D. PA, No. 2:13-cv-02458-PBT |
| Kathryn C. Mellinger<br>Nelson Levine DeLuca & Hamilton, LLC<br>518 Township Line Rd., Suite 300<br>Blue Bell, PA 19422<br>Email: kmellinger@nldhlaw.com | Counsel for: State Farm Fire & Casualty Company *A/S/O Timothy Milligan*, plaintiff<br>E.D. PA, No. 2:13-cv-02562-JS |
| Joseph M. Fasi, II<br>Gonzalez, Saggio & Harlan, LLP<br>111 East Wisconsin Avenue, Suite 1000<br>Milwaukee, WI 53202<br>Email: joseph_fasi@gshllp.com | Counsel for: Electrolux Homes Products, Inc., defendant<br>W.D. WI, No. 3:11-cv-00678-slc |
| Amy E. Keller<br>Wexler Wallace, LLP<br>55 West Monroe Street, Suite 3300<br>Chicago, IL 60603<br>Email: aek@wexlerwallace.com | Counsel for: Tammie Humphrey *on Behalf of Herself and All Others Similarly Situated*, plaintiff<br>E.D. AR, No. 4:12-cv-00157-DPM |
| | Counsel for: Steven Gavic, Shannon Carty, Michelle McGowan, Matthew Downs, consol plaintiffs<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |

27

| | |
|---|---|
| Charles J. Crueger<br>Hansen, Riederer, Dickinson, Crueger & Reynolds, LLC<br>316 North Milwaukee Street, Suite 200<br>Milwaukee, WI 53202<br>Email: ccrueger@hrdclaw.com | Counsel for: Tammie Humphrey *on Behalf of Herself and All Others Similarly Situated*, plaintiff<br>E.D. AR, No. 4:12-cv-00157-DPM |
| | Counsel for: Steven Gavic, Shannon Carty, Michelle McGowan, Matthew Downs, consol plaintiffs<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |
| Dawn M. Goulet<br>Wexler Wallace, LLP<br>55 West Monroe Street, Suite 3300<br>Chicago, IL 60603<br>Email: dmg@wexlerwallace.com | Counsel for: Tammie Humphrey *on Behalf of Herself and All Others Similarly Situated*, plaintiff<br>E.D. AR, No. 4:12-cv-00157-DPM |
| | Counsel for: Steven Gavic, Shannon Carty, Michelle McGowan, Matthew Downs, consol plaintiffs<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |
| Edward A. Wallace<br>Wexler Wallace, LLP<br>55 West Monroe Street, Suite 3300<br>Chicago, IL 60603<br>Email: eaw@wexlerwallace.com | Counsel for: Tammie Humphrey *on Behalf of Herself and All Others Similarly Situated*, plaintiff<br>E.D. AR, No. 4:12-cv-00157-DPM |
| | Counsel for: Steven Gavic, Shannon Carty, Michelle McGowan, Matthew Downs, consol plaintiffs<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |
| Erin K. Dickinson<br>Hanson, Riederer, Dickinson, Crueger& Reynolds, LLC<br>316 North Milwaukee Street, Suite 200<br>Milwaukee, WI 53202<br>Email: edickinson@hrdclaw.com | Counsel for: Tammie Humphrey *on Behalf of Herself and All Others Similarly Situated*, plaintiff<br>E.D. AR, No. 4:12-cv-00157-DPM |
| | Counsel for: Steven Gavic, Shannon Carty, Michelle McGowan, Matthew Downs, consol plaintiffs<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |
| Gregory F. Coleman<br>Greg Coleman Law, PC<br>Bank of America Center<br>550 Main Avenue, Suite 600<br>Knoxville, TN 37902<br>Email: greg@gregcolemanlaw.com | Counsel for: Tammie Humphrey *on Behalf of Herself and All Others Similarly Situated*, plaintiff<br>E.D. AR, No. 4:12-cv-00157-DPM |
| | Counsel for: Steven Gavic, Shannon Carty, Michelle McGowan, Matthew Downs, consol plaintiffs<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |
| Randall Keith Pulliam<br>Carney Bates & Pulliam, PLLC<br>11311 Arcade Drive, Suite 200<br>Little Rock, AR 72212<br>Email: rpulliam@carneywilliams.com | Counsel for: Tammie Humphrey *on Behalf of Herself and All Others Similarly Situated*, plaintiff<br>E.D. AR, No. 4:12-cv-00157-DPM |

28

| | |
|---|---|
| Edwin L. Lowther, Jr.<br>Wright, Lindsey & Jennings<br>200 West Capital Avenue, Suite 2300<br>Little Rock, AR 77201-3699<br>Email: elowther@wlj.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>E.D. AR, No. 4:12-cv-00157-DPM |
| Gary D. Marts, Jr.<br>Wright, Lindsey & Jennings<br>200 West Capital Avenue, Suite 2300<br>Little Rock, AR 77201-3699<br>Email: gmarts@wlj.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>E.D. AR, No. 4:12-cv-00157-DPM |
| Kenneth Edward Stalzer<br>Wheeler Trigg O'Donnell, LLC<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202<br>Email: stalzer@wtotrial.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>E.D. AR, No. 4:12-cv-00157-DPM |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |
| Michael Timothy Williams<br>Wheeler Trigg O'Donnell, LLC<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202<br>Email: Williams@wtotrial.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>E.D. AR, No. 4:12-cv-00157-DPM |
| | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |
| Scott S. Barker<br>Wheeler Trigg O'Donnell, LLC<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202<br>Email: barker@wtotrial.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>E.D. AR, No. 4:12-cv-00157-DPM |
| Caitlin Duffy<br>Squitieri and Fearon, LLP<br>32 East 57th Street, 12th Floor<br>New York, NY 10022<br>Email: Caitlin@sfclasslaw.com | Counsel for: Steven Gavic, Shannon Carty,<br>Michelle McGowan, Matthew Downs, consol<br>plaintiffs<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |
| Mark E. Silvey<br>Greg Coleman Law, PC<br>Greg Coleman Law, PC<br>Bank of America Center<br>550 Main Avenue, Suite 600<br>Knoxville, TN 37902<br>Email: mark@gregcolemanlaw.com | Counsel for: Steven Gavic, Shannon Carty,<br>Michelle McGowan, Matthew Downs, consol<br>plaintiffs<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |
| Stephen J. Fearon, Jr.<br>Squitieri and Fearon, LLP<br>32 East 57th Street, 12th Floor<br>New York, NY 10022<br>Email: Stephen@sfclasslaw.com | Counsel for: Steven Gavic, Shannon Carty,<br>Michelle McGowan, Matthew Downs, consol<br>plaintiffs<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |

| | |
|---|---|
| Gretchen M. Nelson<br>Kreindler and Kreindler, LLP<br>707 Wilshire Blvd., Suite 4100<br>Los Angeles, CA 90017<br>Email: gnelson@kreindler.com | Counsel for: Steven Gavic, Shannon Carty,<br>Michelle McGowan, Matthew Downs, consol<br>plaintiffs<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |
| Noel Scott Cohen<br>Manatt, Phelps & Phillips, LLP<br>11355 West Olympic Blvd.<br>Los Angeles, CA 90064-1614<br>Email: ncohen@manatt.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |
| Adina L. Witzling<br>Manatt, Phelps & Phillips, LLC<br>695 Town Center Drive, 14th Floor<br>Costa Mesa, CA 92626<br>Email: awitzling@manatt.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |
| Jessica G. Scott<br>Wheeler Trigg O'Donnell, LLC<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202<br>Email: scott@wtotrial.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |
| Matthew P. Kanny<br>Manatt, Phelps & Phillips, LLP<br>11355 West Olympic Blvd.<br>Los Angeles, CA 90064-1614<br>Email: mkanny@manatt.com | Counsel for: Electrolux Home Products, Inc.,<br>defendant<br>C.D. CA, No. 8:12-cv-01644-CAS-VBK |

Date: July 18, 2013

YOST & BAILL, LLP
*Attorneys for American Family*
*Mutual Insurance Company*

s/ Teirney S. Christenson
Daniel W. Boerigter
Teirney S. Christenson
2300 N Mayfair Road, Suite 745
Milwaukee, WI 53226
Tel. (414) 259-0600
Fax (414) 259-0610
dboerigter@yostbaill.com
tchristenson@yostbaill.com

BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL___-IN RE ELECTROLUX LITIGATION

SCHEDULE OF ACTIONS TABLE A1

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Farmers Insurance Exchange *as Subrogee of William Bell*<br>**Defendant:**<br>Electrolux Home Products, Inc. | N.D. Alabama – Southern Division | 2:12-cv-01993-RDP | R. David Proctor |
| **Plaintiff:**<br>Fire Insurance Exchange *as Subrogee of Jesse Sturdivant*<br>**Defendant:**<br>Electrolux Home Products, Inc. | N.D. Alabama – Western Division | 7:12-cv-01992-JEO | John E. Ott |
| **Plaintiff:**<br>TOPA Insurance Company<br>**Defendant:**<br>Electrolux North America Inc. | C.D. California – Eastern Division | 5:13-cv-01011-JGB-OP | Jesus G. Bernal |
| **Plaintiff:**<br>Travelers Property Casualty Insurance Company<br>**Defendant:**<br>Electrolux Home Products, Inc. | C.D. California – Western Division | 2:12-cv-05112-DMG-E § | Dolly M. Gee |
| **Plaintiff:**<br>American National Property and Casualty Company *as subrogees of Victor & Melissa Huezo*<br>**Defendant:**<br>Electrolux Home Products, Inc. *also known as* Electrolux North America, Inc. | S.D. California – San Diego | 3:11-cv-01340-JLS-NLS | Janis L. Sammartino<br>Nita L. Stormes |

1


EXHIBIT

| | | | | |
|---|---|---|---|---|
| **Plaintiff:** Tower Hill Prime Insurance Co *as subrogee of Delores Robinson* **Defendant:** Electrolux Home Products, Inc. | N.D. Florida – Panama City | 5:12-cv-00095-RS-EMT | Richard Smoak | § |
| **Plaintiff:** Mohammad Abu-Abed **Defendant:** Electrolux Home Products, Inc. | N.D. Georgia – Atlanta | 1:12-cv-00571-RLV | Robert L. Vining, Jr. | |
| **Plaintiff:** Badger Mutual Insurance Company *as subrogee of Melissa and Jason Johnson* **Defendant:** Electrolux North America | C.D. Illinois – Peoria | 1:13-cv-01207-MMM-BGC | Michael M. Mihm | |
| **Plaintiff:** Allstate Insurance Company *as subrogee of John Clark* **Defendant:** Electrolux Home Products, Inc. | N.D. Illinois – Chicago | 1:09-cv-06379 | Robert M. Dow, Jr. | |
| **Plaintiffs:** State Farm Fire and Casualty Company State Farm General Insurance Co State Farm Lloyds State Farm Florida Insurance Company **Defendant:** Electrolux Home Products, Inc. | N.D. Illinois – Chicago | 1:11-cv-08946 | Robert W. Gettleman | |
| **Plaintiff:** The Travelers Property Casualty Insurance Company *as head of* Kent and Kimberly Rouse **Defendant:** Electrolux Home Products, Inc. | N.D. Illinois – Chicago | 1:12-cv-02386 | Frederick J. Kapala | |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>American Family Mutual Insurance Company<br>**Defendant:**<br>Electrolux Home Products, Inc. | N.D. Illinois – Chicago | 1:12-cv-09309 | Milton I. Shadur |
| **Plaintiff:**<br>Thomas White<br>**Defendant:**<br>Electrolux Home Products, Inc. | N.D. Illinois – Chicago | 1:13-cv-01617 | Charles P. Kocoras * |
| **Plaintiff:**<br>Member Select Insurance Company *as subrogee of Allison Fitzgerald*<br>**Defendant:**<br>Electrolux North America, Inc. | N.D. Illinois – Chicago | 1:13-cv-03665 | Harry D. Leinenweber |
| **Plaintiff:**<br>Member Select Insurance Company<br>**Defendants:**<br>Electrolux Home Products, Inc.<br>Sears Holding Corporation | N.D. Illinois – Chicago | 1:13-cv-04097 | Marvin E. Aspen |
| **Plaintiff:**<br>Homesite Insurance Company of The Midwest *as subrogee of Bill Heimann and Jennifer Heimann*<br>**Defendants:**<br>Electrolux Home Products Inc<br>Sears Roebuck & Company | N.D. Indiana – Fort Wayne | 1:11-cv-00042-WCL-RBC | William C. Lee |
| **Plaintiff:**<br>Indiana Farm Bureau Insurance Company *as subrogee of Zachery Kindler*<br>**Defendant:**<br>Electrolux Home Products Inc | N.D. Indiana – Fort Wayne | 1:13-cv-00028-JTM-RBC | James T. Moody |

3

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>Justin Alexander<br>**Defendant:**<br>Electrolux Home Products Inc | N.D. Indiana – Hammond | 2:12-cv-00047-PRC | Paul R. Cherry | * |
| **Plaintiff:**<br>State Farm Fire & Casualty Company *as Subrogee of Kelly Slabach*<br>**Defendant:**<br>Electrolux Home Products Inc | N.D. Indiana – South Bend | 3:08-cv-00436-WCL | William C. Lee | |
| **Plaintiff:**<br>Allstate Insurance Company *as subrogee of Deborah Martin*<br>**Defendant:**<br>**Electrolux Home Products, Inc.** | S.D. Indiana – Indianapolis | 1:11-cv-01616-SEB-TAB | Sarah Evans Barker | |
| **Plaintiff:**<br>Indiana Farm Bureau Insurance Company *as subrogee of Raymond Mrazik*<br>**Defendant:**<br>Electrolux Home Products, Inc. | S.D. Indiana – Indianapolis | 1:13-cv-00174-TWP-DML | Tanya Walton Pratt | |
| **Plaintiff:**<br>Kentucky Farm Bureau Mutual Insurance Company *a/s/o Michael S. Scott*<br>**Defendant:**<br>Electrolux Home Products, Inc. | W.D. Kentucky – Louisville | 2:12-cv-00732-JGH | John G. Heyburn, II | |
| **Plaintiff:**<br>State Farm Fire & Casualty Insurance Co *on behalf of Barry Smith and Elizabeth Smith*<br>**Defendant:**<br>Electrolux Home Products Inc | W.D. Louisiana – Lake Charles | 2:12-cv-02702-PM-KK | Patricia Minaldi | |

4

| Party | Court | Case Number | Judge | |
|---|---|---|---|---|
| **Plaintiff:** State Farm Fire and Casualty Company **Defendants:** Electrolux Home Products, Inc. Electrolux Home Care Products, Inc. Electrolux North America, Inc. Aerus, LLC Electrolux, Inc. | E.D. Michigan – Detroit | 2:11-cv-15627-SJM-LJM | Stephen J. Murphy, III | § |
| **Plaintiff:** Citizens Insurance Company of America **Defendant:** Electrolux Home Products, Incorporated | E.D. Michigan – Detroit | 2:12-cv-13799-MOB-DRG | Marianne O. Battani | |
| **Plaintiff:** Robert Davis and April Davis **Defendants:** Electrolux Home Products, Inc. Best Buy Stores, LP | W.D. Missouri – Springfield | 6:11-cv-03411-MJW | Matt J. Whitworth | *§ |
| **Plaintiff:** Liberty Mutual Fire Insurance Company *a/s/o Bernard & Lorie K., B.K., M.K. and K.K.* **Defendant:** Electrolux Home Products, Inc. | New Hampshire – Concord | 1:12-cv-00195-PB | Paul J. Barbadoro | * |
| **Plaintiff:** New Jersey Manufacturers Insurance Group/ASO Linda Ann Pawlowski **Defendant:** Electrolux, Inc. | New Jersey – Newark | 2:10-cv-01952-KM-MF | Mark Falk | |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>New Jersey Manufacturers Insurance Group *A/S/O Manuel and Sandra Diaz*<br>**Defendant:**<br>Electrolux Home Products, Inc. | New Jersey – Trenton | 3:12-cv-01966-MAS-DEA | Michael A. Shipp |
| **Plaintiff:**<br>New Jersey Manufacturers Insurance Company *a/s/o Robert Howe, Jr.*<br>Lin Holmes-Howe<br>**Defendant:**<br>Electrolux Home Products, Inc. | New Jersey – Trenton | 3:12-cv-02815-MAS-DEA | Michael A. Shipp |
| **Plaintiff:**<br>Automobile Insurance Company of Hartford, Connecticut *aso, Russell Silver*<br>**Defendant:**<br>Electrolux Home Products, Inc. | E.D. New York – Brooklyn | 1:08-cv-03237-NG-RER | Nina Gershon |
| **Plaintiff:**<br>The Charter Oak Fire Insurance Company Allen and Rachel Burack<br>**Defendant:**<br>Electrolux Home Products, Inc. | E.D. New York – Brooklyn | 1:11-cv-05936-ADS-GRB | Arthur D. Spatt |
| **Plaintiff:**<br>Travco Insurance Company *as subrogee of Frank Signorelli*<br>Felice Signorelli<br>**Defendant:**<br>Electrolux Home Products, Inc. | E.D. New York – Brooklyn | 1:12-cv-02475-ADS-GRB | Arthur D. Spatt |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>Metropolitan Property & Casualty Insurance Company *as subrogee of Andrew Parretta*<br>**Defendant:**<br>Electrolux Home Products, Inc. | E.D. New York – Brooklyn | 1:12-cv-05065-FB-RML | Frederic Block |
| **Plaintiff:**<br>The Charter Oak Fire Insurance Company *a/s/o Hulis & Saliha Mavruk*<br>**Defendant:**<br>Electrolux Home Products, Inc. | E.D. New York – Central Islip | 2:10-cv-01351-JFB-WDW | Joseph F. Bianco |
| **Plaintiff:**<br>State Farm Fire & Casualty Company *a/s/o Norman Deitch*<br>**Defendants:**<br>Electrolux Home Products, Inc.<br>B.D.F. Appliance<br>**Cross Claimant:**<br>B.D.F. Appliance<br>**Cross Defendant:**<br>Electrolux Home Products, Inc. | E.D. New York – Central Islip | 2:10-cv-03901-JFB-AKT | Joseph F. Bianco |

§

7

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>State Farm Fire & Casualty Company *a/s/o Patricia Varner*<br>**Defendants:**<br>Electrolux Home Products, Inc.<br>Best Buy Co., Inc.<br>**Cross Claimant:**<br>Best Buy Co., Inc.<br>**Cross Defendant:**<br>Electrolux Home Products, Inc.<br>**Counter Defendants:**<br>Best Buy Co., Inc.<br>Electrolux Home Products, Inc.<br>**Counter Claimant:**<br>Electrolux Home Products, Inc.<br>**Counter Defendant:**<br>State Farm Fire & Casualty Company *a/s/o Patricia Varner*<br>**Counter Claimant:**<br>Best Buy Co., Inc.<br>**Counter Defendant:**<br>State Farm Fire & Casualty Company *a/s/o Patricia Varner* | E.D. New York – Central Islip | 2:11-cv-005519-JFB-WDW | Joseph F. Bianco |
| **Plaintiff:**<br>Broome Co-Operative Insurance Company *as subrogee of Tracey M. Guido*<br>**Defendant:**<br>Electrolux North America, Inc. | N.D. New York – Syracuse | 6:13-cv-00132-TJM-TWD | Thomas J. McAvoy |

| Party | Court | Case Number | Judge |
|---|---|---|---|
| **Plaintiff:** Oleg Cassini, Inc. **Defendant:** Electrolux Home Products, Inc. | S.D. New York – Foley Square | 1:11-cv-01237-LGS-JCF | Lorna G. Schofield |
| **Plaintiff:** Allstate Insurance Company **Defendants:** John Doe Companies 1-10 Electrolux Home Products, Inc. | N.D. Ohio – Cleveland | 1:12-cv-00893-PAG | Patricia A. Gaughan |
| **Plaintiff:** Allstate Insurance Company **Defendant:** Electrolux Home Products, Inc. | N.D. Ohio – Cleveland | 1:12-cv-02124-CAB | Christopher A. Boyko |
| **Plaintiff:** Allstate Insurance Company **Defendants:** Electrolux Home Products, Inc. John Doe Companies 1-10 | N.D. Ohio – Cleveland | 1:12-cv-02729-PAG | Patricia A. Gaughan |
| **Plaintiff:** Allstate Insurance Company **Defendants:** Electrolux Home Products, Inc. John Doe Companies 1-10 | N.D. Ohio – Cleveland | 1:13-cv-00345-CAB | Christopher A. Boyko |
| **Plaintiff:** American Family Mutual Insurance Company **Defendant:** Electrolux Home Products, Inc. | N.D. Ohio – Toledo | 3:12-cv-3000-JJH | Jeffrey J. Helmick |

9

| | | |
|---|---|---|
| **Plaintiff:**<br>State Automobile Mutual Insurance Company *as Subrogee of Jarrod Hasty*<br>**Defendants:**<br>Electrolux Home Products, Inc. *doing business as* Frigidaire Company<br>John Does 1-3 | S.D. Ohio – Cincinnati | 1:12-cv-00843-SSB-SKB | Sandra S. Beckwith |
| **Plaintiff:**<br>George Kehl<br>Angela Kehl<br>**Defendants:**<br>Electrolux Home Products, Inc. | E.D. Pennsylvania – Philadelphia | 2:12-cv-05899-NS | Norma L. Shapiro |
| **Plaintiff:**<br>State Farm Fire & Casualty Insurance Company *A/S/O Danielle Marquette*<br>**Defendants:**<br>Electrolux North America, Inc.<br>Electrolux Home Products, INnc. | E.D. Pennsylvania – Philadelphia | 2:12-cv-06957-TJS | Timothy J. Savage |
| **Plaintiff:**<br>Christopher Monastero<br>Christine Monastero<br>**Defendant:**<br>Electrolux Home Products, Inc. | E.D. Pennsylvania – Philadelphia | 2:13-cv-02458-PBT | Petrese B. Tucker |
| **Plaintiff:**<br>State Farm Fire & Casualty Company *A/S/O Timothy Milligan*<br>**Defendant:**<br>Electrolux Home Products, Inc. | E.D. Pennsylvania – Philadelphia | 2:13-cv-02562-JS | Juan R. Sanchez |

10

| | | | |
|---|---|---|---|
| **Plaintiffs:**<br>American Family Mutual Insurance Company,<br>Charles Larson, General Casualty Company of<br>Wisconsin, Country Mutual Insurance Company,<br>Wisconsin Mutual Insurance Company<br>**Defendant:**<br>Electrolux Home Products, Inc. | W.D. Wisconsin –<br>Madison | 3:11-cv-00678-slc | Stephen L. Crocker |

| | |
|---|---|
| * | Involves a personal injury claim |
| § | Trial scheduled prior to November, 2013 |

11



BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL____ -IN RE ELECTROLUX LITIGATION

SCHEDULE OF ACTIONS TABLE A2

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Tammie Humphrey, *on Behalf of Herself and All Others Similarly Situated*<br>**Defendant:**<br>Electrolux Home Products, Inc. | E.D. Arkansas – Little Rock | 4:12-cv-00157-DPM | D.P. Marshall Jr. |
| **Consol Plaintiff:**<br>Steven Gavic<br>Shannon Carty<br>Michelle McGowan<br>Matthew Downs<br>**Defendant:**<br>Electrolux Home Products, Inc. | C.D. California – Southern Division – Santa Ana | 8:12-cv-01644-CAS-VBK | Christina A. Snyder |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUL 3 0 2012  ★

LONG ISLAND OFFICE

Nº 10-CV-1351 (JFB)(WDW)

THE CHARTER OAK FIRE INSURANCE COMPANY A/S/O HULIS & SALIHA MAVRUK,

Plaintiff,

VERSUS

ELECTROLUX HOME PRODUCTS, INC.,

Defendant.

**MEMORANDUM AND ORDER**
July 30, 2012

JOSEPH F. BIANCO, District Judge:

Plaintiff the Charter Oak Fire Insurance Company as subrogee of Hulis and Saliha Mavruk ("Charter Oak" or "plaintiff"), brought this action against Electrolux Home Products, Inc. ("Electrolux" or "defendant"), claiming that Electrolux's design of its dryers is defective. Charter Oak alleges theories of strict liability and negligence. Specifically, Charter Oak claims that Electrolux's core dryer design has a fundamental design defect, namely, that lint accumulates in a heater pan behind the dryer drum which ultimately ignites by either the gas or electric heat source located immediately adjacent to the pan.

Electrolux has moved for summary judgment claiming that collateral estoppel precludes Charter Oak's action. Electrolux argues that plaintiff is collaterally estopped from bringing this action because of the February 2010 jury verdict obtained in a Wisconsin case, *Standard Fire Insurance Company a/s/o Julie Newcomb v. Electrolux Home Products, Inc.*, W.D. Wis. No. 3:08-cv-00540-SLC (the "*Newcomb* case"). The jury in that case found that the dryer was not in a defective condition as to be unreasonably dangerous to the prospective user when it left the possession of Electrolux, but found Electrolux negligent with respect to the design of the dryer and attributed only 25% of negligence to Electrolux.[1]   Charter Oak argues that

---

[1] In defendant's brief in support of its motion for summary judgment, Electrolux states that "[A]s the parent company of The Charter Oak Insurance Company (Mavruk) and the parent company of The



EXHIBIT
3

collateral estoppel cannot apply because Electrolux committed a series of discovery violations which, in essence, did not give plaintiff a full and fair opportunity to litigate in the *Newcomb* case. Specifically, plaintiff contends that, "[w]hile the court entered judgment in favor of Electrolux in the *Newcomb* matter, holding that Plaintiff had not met its burden of proving that Electrolux defectively designed its clothes dryers, it did so in the absence of crucial evidence, which Plaintiff had requested but that Electrolux wrongfully withheld." (Pl.'s Opp. Br. at 6.) For example, plaintiff points to the following documents which plaintiff asserts were directly responsive to discovery requests in the *Newcomb* case but were not produced and were not discovered by plaintiff until after the judgment in the *Newcomb* case: (1) a 1995 report which indicated that there was charred lint in a heater pan in Electrolux's test dryers; (2) documents from a 2005 Japanese government investigation in which Electrolux's design engineer admitted that lint could travel backwards through the dryer into the heater pan; and (3) warranty spreadsheets documenting over 2,000 incidents of smoke/fire involving defendant's dryers over a five-year period, with over 80% of the claims within 18 months of usage.

For the reasons set forth below, this Court denies summary judgment and finds that plaintiff did not have a full and fair opportunity to litigate in the *Newcomb* case, and thus, plaintiff is not collaterally estopped from bringing this action. In

Standard Fire Insurance Company (Newcomb), Travelers has ultimate control over an interest in the outcome of the litigation of both cases," and thus, collateral estoppel can apply despite the fact that the plaintiff in the Newcomb case was Standard Fire Insurance Company and the plaintiff in this case is Charter Oak. (Def.'s Br. at 20.) Charter Oak does not dispute this point in its opposition brief.

particular, plaintiff was deprived of a full and fair opportunity to litigate its claim in the *Newcomb* case because (1) crucial evidence supporting plaintiff's claim was not produced by the defendant in the *Newcomb* case even though it was responsive to plaintiff's discovery requests; (2) plaintiff did not learn of the failure to produce the information until after the *Newcomb* trial; and (3) the evidence, if it had been produced by the defendant in the *Newcomb* case, could have altered the outcome of that trial. Thus, plaintiff has made a compelling showing of unfairness in the prior litigation because of defendant's failure to produce crucial evidence, such that plaintiff did not have a full and fair opportunity to litigate the issues. In short, Electrolux's victory in the *Newcomb* case may have been the product of its failure to produce crucial information that was directly responsive to plaintiff's discovery demands in that case. Under such circumstances, the doctrine of collateral estoppel, which the Second Circuit has emphasized is an equitable doctrine that allows considerations of fairness in individual cases, should not be applied to preclude plaintiff's claims in the instant case.

## I.    BACKGROUND

### A.    Facts

#### 1.    The Instant Case

The Court has taken the facts set forth below from the parties' depositions, affidavits, and exhibits, and from the parties' respective Rule 56.1 statements of facts. Upon consideration of a motion for summary judgment, the Court shall construe the facts in the light most favorable to the non-moving party. *See Capobianco v. City of New York*, 422 F.3d 47, 50 (2d Cir. 2005).

Unless otherwise noted, where a party's 56.1 statement is cited, that fact is undisputed or the opposing party has pointed to no evidence in the record to contradict it.[2]

This case arises out of a fire claimed to have been caused by a negligently and/or defectively designed Electrolux clothes dryer at the home of Hulis and Saliha Mavruk (collectively the "Mavruks"). (Def.'s 56.1 ¶ 1.) Sometime prior to April 1, 2007, a clothes dryer manufactured by Electrolux was installed in the Mavruks' home. (Id. ¶ 2.) On April 1, 2007, a fire occurred at the Mavruks' home. (Id.) Following the fire, the Mavruks made a claim under their insurance policy with Charter Oak, which ultimately compensated the Mavruks for their fire damage. (Id. ¶ 3.)

### 2.  Other Federal Litigation

#### a.  The *Newcomb* Case

On September 16, 2008, The Standard Fire Insurance Company (a subsidiary of the Travelers Companies, Inc. ("Travelers")) ("Standard Fire"), as subrogee of Julie Newcomb, brought an alleged dryer fire lawsuit in the United States District Court for the Western District of Wisconsin which was docketed as case number 3:08-CV-00540-SAC. (Id. ¶¶ 14-15.) The action stemmed from a dryer fire at Julie Newcomb's home that Standard Fire alleged was caused by an Electrolux clothes dryer. (Id. ¶ 16.) Standard Fire alleged that Julie Newcomb's dryer was defectively designed and that the alleged defective design caused the fire in Julie Newcomb's home. (Id.

¶ 17). Standard Fire asserted theories of strict liability and negligence. (Id.)

From February 22, 2010 through February 25, 2010, the *Newcomb* case was tried before a jury and Magistrate Judge Stephen L. Crocker. (Id. ¶ 24.) The jury returned a verdict in favor of Electrolux. (Id. ¶ 26.) Specifically, in response to the question "When the dryer left the possession of Electrolux Home Products was the dryer in a defective condition so as to be unreasonably dangerous to a prospective user?", the jury answered, "No." (See id.; Pl.'s 56.1 ¶ 26.) However, the jury found that Electrolux was negligent with respect to the design of the dryer and attributed 25% of negligence to Electrolux. (Id.; Pl.'s 56.1 ¶ 26.)

No post-trial motions were filed and no appeal was taken from the jury's verdict in the *Newcomb* case. (Id. ¶ 27.) Judgment was entered on the verdict in favor of Electrolux on March 1, 2010. (Id.)

#### b.  Currently Pending Actions

The Automobile Insurance Company of Hartford (the "Automobile Insurance Co.") instituted a dryer fire case in the Eastern District of New York captioned, *Automobile Insurance Company of Hartford a/s/o Russell Silver v. Electrolux Home Products, Inc.* which was assigned docket number 1:08-cv-3237 (the "*Silver* litigation"). (Id. ¶ 28.) The Automobile Insurance Co. is an "indirect" wholly-owned subsidiary of Travelers. (Id. ¶ 29.) In that case, the Automobile Insurance Co. advanced theories of strict liability and negligence under New York law. (Id. ¶ 30.) Electrolux filed a motion for summary judgment on the same grounds as those asserted in this case. (Id. ¶ 31.)

---

[2] In addition, although the parties' Rule 56.1 statements contain specific citations to the record to support their statements, the Court has cited to the Rule 56.1 statements, rather than the underlying citation to the record, when utilizing the 56.1 statements for purposes of this summary of facts.

The Automobile Insurance Co. has also instituted an action that is pending in the Southern District of New York captioned *American Insurance Company of Hartford a/s/o Leandra Gargiulo v. Electrolux Home Products, Inc.* which was assigned docket number 10-CV-0011. (*Id.* ¶ 33.) The complaint in that action asserts theories of strict liability and negligence under New York law. (*Id.* ¶ 35.) Discovery is complete in that case and a trial date has not yet been set. (*Id.* ¶ 36.)

### B.    Procedural History

Plaintiff filed this action on March 25, 2010. Defendant filed an answer on April 12, 2010.

Defendant filed the instant motion on December 19, 2011. Plaintiff submitted its opposition on January 4, 2012. Defendant replied on January 17, 2012. Oral argument was held on March 9, 2012.[3] The Court has fully considered all of the arguments presented by the parties.

### II.    STANDARD OF REVIEW

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may only grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that he or she is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

---

[3] Plaintiff filed a motion to preclude the testimony of defendant's expert Thomas J. Bajzek on December 28, 2011. Plaintiff submitted a letter dated February 6, 2012, which indicated that defendant confirmed that it does not plan on calling an expert witness at trial, and thus, plaintiff's *Daubert* motion was moot. At the oral argument on March 9, 2012, the Court confirmed with plaintiff's counsel that plaintiff has withdrawn its motion to preclude the defendant's expert testimony. (Transcript of the Oral Argument on March 9, 2012 ("Tr.") at 2.) Moreover, defendant filed a motion to preclude the testimony of plaintiff's expert, David E. Beauregard, on December 29, 2011. That motion is still pending and will be addressed by the Court at a later date.

574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (emphasis in original)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50, 106 S.Ct. 2505 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48, 106 S.Ct. 2505 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

### III.  DISCUSSION

#### A.  Collateral Estoppel Legal Standard

"'[C]ollateral estoppel . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Leather v. Ten Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (quoting *Schiro v. Farley*, 510 U.S. 222, 232, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994)). "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane*

*Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (citations omitted); *accord Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 94 (2d Cir. 2005). "The party seeking the benefit of collateral estoppel bears the burden of proving the identity of the issues, while the party challenging its application bears the burden of showing that he or she did not have a full and fair opportunity to adjudicate the claims involving those issues." *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455, 482 N.E.2d 63, 67, 492 N.Y.S.2d 584 (1985)). Collateral estoppel generally does not include a requirement that the parties against whom plaintiffs litigated in the prior proceeding be the same parties they litigate against in the current proceeding. *See United States v. Mendoza*, 464 U.S. 154, 158, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984); *see also Amadasu v. Bronx Lebanon Hosp. Ctr.*, No. 03 Civ. 6450 (LAK) (AJP), 2005 U.S. Dist. LEXIS 774, 2005 WL 121746, at *8 (S.D.N.Y. 2005) ("[T]he doctrine of collateral estoppel does not require that the same parties are named in the earlier action in order to apply to the instant action."). Additionally, a district court may raise the issue of collateral estoppel *sua sponte. Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998).

#### B.  Application

As set forth on the record at the oral argument, Charter Oak does not dispute that:

(1) the issues in this case and the *Newcomb* case are identical; (2) the issues of whether the Electrolux Clothes dryers were negligently and defectively designed were actually litigated and decided in the *Newcomb* case; and (3) the issues previously litigated in the *Newcomb* case were necessary to support a valid and final judgment on the merits. (Tr. at 19; *see also* Pl.'s Opp. Br. at 12-19.) The only contested issue is whether plaintiff had a full and fair opportunity to litigate in the *Newcomb* case. (*Id.*)[4] Charter Oak claims that it did not have a full and fair opportunity to litigate in the *Newcomb* case because Electrolux committed a series of discovery violations in the prior action which, until recently, had gone unnoticed. (Pl.'s Opp. at 12-17.) Charter Oak claims that it has since been able to obtain the withheld evidence, and that evidence is crucial to the determination of the issues in this case. (*Id.* at 14-20.) Electrolux argues that the discovery of new evidence alone is not sufficient and the new evidence discovered by Charter Oak does not substantially change the issue at bar,

which was already litigated and decided in the *Newcomb* case. (Def.'s Reply at 5-9.) Accordingly, defendant argues that the *Newcomb* case still precludes plaintiff from bringing this action. For the reasons set forth *infra*, this Court finds that plaintiff did not have a full and fair opportunity to litigate in the earlier action and, therefore, collateral estoppel does not bar this action.

"[C]ollateral estoppel is an equitable doctrine – not a matter of absolute right. Its invocation is influenced by considerations of fairness in the individual case." *Penncom B.V. v. Merrill Lynch & Co.*, 372 F.3d 488, 493 (2d Cir. 2004) (holding that plaintiff must be permitted discovery to collect evidence which might support a finding that the plaintiff was not afforded a full and fair opportunity to litigate before the court invoked collateral estoppel) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 334, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)). "In the context of collateral estoppel, preclusive effect may be refused when there is a compelling showing of unfairness or inadequacy in the prior litigation." *See, e.g., Pactiv Corp. v. Dow Chem. Co.*, 449 F.3d 1227, 1233 (7th Cir. 2006) (citing *Montana v. United States*, 440 U.S. 147, 163-64, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)); *Jack Faucett Assocs., Inc. v. Am. Tel. & Tel. Co.*, 744 F.2d 118, 126 (D.C. Cir. 1984) (citing *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) and *Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. at 333). In *Blonder-Tongue* the Supreme Court indicated that the "full and fair" opportunity inquiry includes the question of "whether without fault of his own the [party against whom collateral estoppel is to be invoked] was deprived of crucial evidence or witnesses in the first litigation." 402 U.S. at 333. Thus, "[o]ne of the factors that New York courts look to in determining whether

---

[4] As a threshold matter, plaintiff argues that it is inappropriate for Electrolux to raise collateral estoppel as an affirmative defense for the first time in its motion for summary judgment. (Pl.'s Opp. Br. at 12.) In particular, plaintiff also notes that, even though plaintiff filed this action one month after the *Newcomb* verdict, Electrolux not only failed to plead collateral estoppel as an affirmative defense in the answer, but waited nearly two years (after discovery was complete) to first raise the issue. (*Id.*) In response, defendant argues that the Second Circuit has held that the affirmative defense of collateral estoppel may be raised for the first time by way of a motion for summary judgment or by the court *sua sponte*. (Def.'s Reply. Br. at 4 (citing *Grieve v. Tamerin*, 269 F. 3d 149, 154 (2d Cir. 2001).) This Court agrees with defendant that it can raise the defense of collateral estoppel for the first time in a summary judgment motion. However, as discussed *infra*, the Court finds that collateral estoppel does not apply in this action because plaintiff did not have a full and fair opportunity to litigate in the *Newcomb* case.

to apply the doctrine of collateral estoppel is the presence of new evidence." *Khandhar*, 943 F.2d at 249 (prior arbitration proceeding to recover compensation from insurance company for injuries sustained after an automobile accident did not bar medical malpractice action against doctors because the issues were not identical, plaintiff did not have a full and fair opportunity to litigate and it was not until after the prior proceeding concluded that new evidence was obtained) (citing *Schwartz v. Public Adm'r of the Cnty. of Bronx*, 24 N.Y.2d 65, 72, 246 N.E.2d 725, 729, 298 N.Y.S.2d 955, 961 (1969) and N.Y. Jur. 2d *Judgments* § 323); *see also Snyder v. City of Alexandria*, 870 F. Supp. 672, 689 (E.D. Va. 1994) ("Second, if, as [plaintiff] alleges, the police withheld exculpatory evidence concerning the victim's identification and the alleged confession, then it follows that [plaintiff] did not have a full and fair opportunity to litigate these issues in the Virginia proceedings."); *Sucher v. Kutscher's Country Club*, 113 A.D.2d 928, 930, 493 N.Y.S.2d 829 (App. Div. 1985) (court declined to grant motion to dismiss on collateral estoppel and res judicata grounds when plaintiff presented new evidence, a design evaluation report, as part of its opposition which was not prepared until three months after the summary judgment motion in the prior proceeding and contained material which would "unquestionably have produced a different result by raising substantial facts issues regarding the existence of design defects").

In this case, plaintiff did not have a full and fair opportunity to litigate the *Newcomb* action, and thus, collateral estoppel does not apply.[5]   As detailed by plaintiff in its

crucial information." (Pl.'s Opp. Br. at 3) (capitalization omitted).   For example, plaintiff asserts the following in connection with the discovery in the instant case:

> After Electrolux continued to produce witnesses for depositions who had little or no knowledge of the design of the dryer, Plaintiff's counsel conducted its own investigations in order to obtain the names of Electrolux's design engineers. Ultimately, Plaintiff's counsel obtained such information and noticed the depositions of said individuals, including Brian Ripley, John Jergens, and Michael Ricklefs. Once again, Electrolux attempted to stonewall discovery by unilaterally canceling these depositions just hours before Plaintiff's counsel was to board a plane to Iowa where the depositions were to be held. As a result, Plaintiff moved for sanctions in the form of reasonable non-refundable travel expenses. This Court [*i.e.*, Magistrate Judge Wall] granted Plaintiff's motion, stating that Electrolux's "behavior is rude, unprofessional, and sanctionable." [Magistrate Judge Wall] commented further that Electrolux's "conduct in this case is reprehensible" and that "[c]learly, [Electrolux] is stonewalling this case, refusing to give discovery, canceling depositions at the last minute." Finally, the court warned that any additional discovery violation would lead to a recommendation that a default judgment be entered against Electrolux.

(*Id.* at 8) (citations and footnotes omitted).  Similarly, plaintiff describes how Electrolux was sanctioned on two occasions in the *Silver* litigation on discovery issues and Magistrate Judge Reyes stated that, if Electrolux failed to produce additional responsive documents, he would recommend that a $10,000 monetary sanction be imposed and that judgment be entered against Electrolux, warning to Electrolux's counsel, "[t]hree strikes and you're out." (*Id.* at 9-10).  In addition, plaintiff asserts that, with respect to a similar case, *Automobile Insurance Company of Hartford, Connecticut a/s/o Sherry Demrick v. Electrolux Home Products, Inc.*, No. 08-cv-623-RJA-JJM (W.D.N.Y.) (the "*Demrick* matter"), "Electrolux forced Plaintiff to settle the *Demrick* matter by offering Plaintiff its entire damages, plus interest and costs" in order to avoid disclosure of damaging evidence and an unfavorable judgment. (*Id.* at 10).

---

[5]   In its opposition papers, plaintiff points to Electrolux's conduct in other related litigations, apart from *Newcomb*, in an effort to argue that "Electrolux has consistently stonewalled discovery and withheld

opposition, plaintiff has obtained the following new evidence through its own investigations and motions to compel since the date judgment was entered in Electrolux's favor in the *Newcomb* case:

1. Warranty information for all free-standing Frigidaire and Kenmore gas dryers from 2002-2007 which revealed 2,341 warranty claims referencing fire or the indicators of one;

   a. *80 percent* of the claims involving a fire or an incident with burning, melting or smoking that were tied to lint occurred at 18 months or less;

2. Over 8,000 pages of emails and attachments which included an investigation performed by Electrolux of warranty information covering fires in gas dryers from 2002-2005;

3. Dryer fire census revealing 1,800 dryer fires;

4. Consumer Product Safety Commission reports in Electrolux's files regarding dryer fires;

5. Documents revealing that Electrolux discovered charred lint in a heater pan in its test dryers as early as 1995;

6. Documents from a 2005 Japanese government investigation in which its design engineer, Mr. Ripley admitted that lint could travel out of the back of the drum into the heater pan. . . .

7. Service bulletins and training manuals which provide pertinent information on dryer design.

(Pl.'s Opp. Br. at 15-16.) Moreover, in the *Newcomb* case, plaintiff's discovery requests clearly encompassed these non-privileged documents. For example, in the *Newcomb* case, the plaintiff requested:

A copy of all documents, studies, tests, analyses, reports, or results, including writings, memoranda, correspondence, drawings, graphs, charts, photographs, sound or video recordings, images, and other data or data compilations, regarding dryer lint generation under normal and/or abnormal usage conditions.

(*See* Pl.'s Ex. B, Schedule A to the Notice of Deposition, Request #8.) In addition, in the *Newcomb* case, plaintiff requested:

A copy of all documents, studies, tests, analyses, reports, or results, including writings, memoranda, correspondence, drawings, graphs, charts, photographs, sound or video recordings, images, and other data or data compilations, regarding component flammability and the containment and/or spread of fire.

---

The Court has not considered the conduct by Electrolux in these other cases, or in the discovery phase of this case before Magistrate Judge Wall, in connection with its decision on the collateral estoppel issue in this case. The collateral estoppel issue here rests on Electrolux's conduct in the *Newcomb* case. Obviously, in certain instances, plaintiff's summary of discovery in the various related litigations provides background as to how plaintiff later became aware of the crucial evidence that was not made available by Electrolux in the *Newcomb* case. However, the only relevant question for purposes of collateral estoppel in this case is whether plaintiff had a full and fair opportunity to litigate the *Newcomb* case, not whether there have been similar discovery issues with Electrolux in other cases.

(*See* Pl.'s Ex. B, Schedule A to the Notice of Deposition, Request #19.) The plaintiff in the *Newcomb* case also requested:

> A copy of all documents, studies, tests, analyses, reports, or results, including writings, memoranda, correspondence, drawings, graphs, charts, photographs, sound or video recordings, images, and other data or data compilations, regarding the accumulation of lint behind the drum and/or in the area of the burner, including documents relating to the reason for such accumulation.

(*See* Pl.'s Ex. B, Schedule A to the Notice of Deposition, Request #23.) In addition, the plaintiff in the *Newcomb* case requested:

> A copy of all documents, studies, tests, analyses, reports, or results, including writings, memoranda, correspondence, drawings, graphs, charts, photographs, sound or video recordings, images, and other data or data compilations, regarding efforts by or on behalf of Electrolux North America, Inc., or any of its parent companies, subsidiaries or affiliates, to reduce and/or prevent clothes dryer fires.

(*See* Pl.'s Ex. B, Schedule A to the Notice of Deposition, Request #25.) Thus, there is merit to plaintiff's claim that it did not have a full and fair opportunity to litigate in the *Newcomb* case because relevant documents, which were requested, were not produced during discovery.

Additionally, as detailed in plaintiff's brief, since the jury returned a verdict in the *Newcomb* case, there has been deposition testimony by Electrolux employees that would support plaintiff's theory in this case.

For example, Brian Ripley, testified at his deposition on June 22, 2011, that he had seen a report as early as 1995 that indicated that "Also the lint in the heater pans (especially the gas) is charred showing that it could be igniting in the burner tube and be carried up the tube in the heater pan." (Pl.'s Ex. H., 219, 221.) Similarly, plaintiff notes that Michael Ricklefs, an Electrolux Engineer, testified at his deposition on June 23, 2011 that "[h]e performed a test in 2002-03 which proved that lint could ignite in the burner tube, and ultimately, ignite the load." (Pl.'s Opp. Br. at 16 (citing Pl.'s Ex. P. 165-169).)

Electrolux's argument in response is that the revelation of this new evidence does not substantially change the issue, or present a new issue to be tried, and therefore, collateral estoppel still applies. (Def.'s Reply Br. at 6-7.) However, the Court disagrees. There is no dispute over whether the issues in the *Newcomb* case and the case at bar are identical. The issue is whether plaintiff had a full and fair opportunity to litigate in the *Newcomb* case such that preclusion is proper. Having carefully analyzed the new evidence, the Court concludes that there is a reasonable likelihood that the new evidence, had it been available in the *Newcomb* litigation, could have changed the result in favor of plaintiff. In sum, given the material evidence that has since come to light since the *Newcomb* case (which was responsive to plaintiff's discovery requests in *Newcomb* but not produced), principles of equity and fairness do not permit a finding that plaintiff had a full and fair opportunity to litigate its claims in the *Newcomb* case. Accordingly, the doctrine of collateral estoppel does not apply to plaintiff's claims in this case, and defendant's motion for summary judgment on that ground is denied.

IV. CONCLUSION

For the reasons set forth herein, defendant's motion for summary judgment is denied in its entirety.

SO ORDERED.


JOSEPH F. BIANCO
United States District Judge

Dated: July 30, 2012
Central Islip, NY

\* \* \*

Plaintiff is represented by Jeffery J. White, Craig A. Raabe, Jeffrey J. White and Laura A. Torchio of Robinson & Cole LLP, 280 Trumbull Street, Hartford, CT 06103. Defendant is represented by Cheryl M. Nicolson, Melissa L. Yemma of Nicholson Associates LLC, 1300 N. Providence Road, Suite 6050, Rose Tree Corporate center, Media, PA 19063.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 5.1.1
### Eastern Division

State Farm Fire and Casualty Company, et al.

                      Plaintiff,

v.                                      Case No.: 1:11−cv−08946
                                      Honorable Suzanne B. Conlon

Electrolux Home Products Inc.

                      Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 7, 2013:

        MINUTE entry before Honorable Jeffrey T. Gilbert: Motion hearing held on 5/7/13 on Plaintiffs' Motion for Protective Order [125] and Defendant's Motion to Compel Corporate Discovery from State Farm [138]. For the reasons stated on the record, Plaintiffs' Motion for Protective Order [125] is granted in part as to Defendant's Rule 30(b)(6) Notice and denied in part insofar as the Motion seeks to limit the number of depositions that Defendant can take to no more than ten. The parties are directed to meet and confer with respect to a reasonable schedule for taking depositions necessary for both sides adequately to discover this case and to promptly raise in an appropriate motion any disputes they may continue to have with respect to the number, subject matter or scheduling of depositions. Additionally, Defendant's Motion to Compel Corporate Discovery from State Farm [125] is denied for the reasons stated on the record and to the extent that Motion is a mirror image of Plaintiff's Motion for a Protective Order concerning the same subject matter. As discussed on the record, these rulings are not intended to foreclose motion practice, if necessary, in the future concerning matters not characterized by the parties in these Motions as so−called "corporate discovery" that were not fully developed, addressed and argued in these Motions and supporting Memoranda, such as, for example, the matters raised in Defendant Electrolux's Reply Memorandum In Support Of Its Motion To Compel [DE#[162]] at pages 7−10 and 14−15 concerning the Electrolux dryers with the ball−hitch design that are involved in this lawsuit. Mailed notice(mr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our

web site at *www.ilnd.uscourts.gov*.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| THE TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY **Plaintiff,** | ) ) ) ) | **Case No: 12 C 02386** |
| **vs.** | ) ) ) | **District Judge Frederick J. Kapala** |
| **ELECTROLUX HOME PRODUCTS Defendants.** | ) ) ) ) ) | **Magistrate Judge P. Michael Mahoney** |

## MEMORANDUM OPINION AND ORDER

Before the Court are three motions: (1) Plaintiff's Motion to Quash Defendant's Rule 30(b)(6) Deposition Notices or, In the Alternative, For a Protective Order Limiting the Notices; (2) Plaintiff's Motion to Quash Defendant's Subpoena or, In the Alternative, For a Protective Order; and (3) Defendant's Motion to Compel Discovery. For the reasons stated below, Plaintiff's Motion to Quash Defendant's Rule 30(b)(6) Deposition Notices is granted in part and denied in part, Defendant's Motion to Compel is granted in part and denied in part, and since neither party dealt with Plaintiff's Motion to Quash Defendant's Subpoena, or In the Alternative, For a Protective Order, the Court assumes the Motion is withdrawn without prejudice.

### Background

This case involves a subrogation suit brought by Plaintiff, The Travelers Property Casualty Insurance Company ("Plaintiff or Travelers"), as subrogee of its insured, Kent and Kimberly Rouse ("Rouses"), against Defendant, Electrolux Home Products ("Defendant or Electrolux"), based on allegations of an alleged defect in an Electrolux clothes dryer that caused a fire in the Rouses' home.

1



EXHIBIT
5

The parties' discovery dispute centers around Defendant's list of topics contained in its 30(b)(6) Deposition Notice. Electrolux's 30(b)(6) Deposition Notice originally contained 25 topics. Of the original 25 topics, only topics 21 and 22 were agreed to by Travelers. After communications between the parties regarding the remaining 23 disputed topics, Plaintiff filed its Motion to Quash Defendant's 30(b)(6) Deposition Notice. On January 23, 2013, Electrolux narrowed the topics and sent Travelers a revised list of 15 topics. On January 28, 2013, Electrolux filed its Motion to Compel Discovery of the revised list of 15 topics. On January 24, 2013, Electrolux served a deposition subpoena upon John Vesey, requesting that Mr. Vesey appear on February 6, 2013 at 10:30 a.m. On January 28, 2013, Travelers filed its Motion to Quash Electrolux's subpoena of Mr. Vesey.

After a Discovery hearing on January 30, 2013, the parties were instructed by the Court to hold a Local Rule 37.2 conference by February 20, 2013, and to file a report of the conference with the Court by February 27, 2013. In the parties report, 14 of the 15 topics were organized into five categories:

(1) Travelers' underwriting and subrogation practices, to the extent they relate to Electrolux-manufactured dryers; (Topics 1 and 15)

(2) Travelers' testing of dryers that were either (a) manufactured by Electrolux, or (b) manufactured by another entity, to the extent those dryers differ from the Electrolux dryers in a manner believed to be relevant to a claimed defect; (Topics 2 and 3)

(3) Travelers' attendance at conferences where Electrolux fires were discussed, including a specific conference where Electrolux understands Electrolux dryer fires to have been a specific subject of a formal presentation; (Topic 4)

(4) Travelers' website and blog postings where Travelers advised homeowners to clean and maintaining their clothes dryers and venting; and (Topics 5—12)

2

(5)    Travelers' training of the party that handled the investigation of the claim on Travelers' behalf. (Topic 14)

The Court will rule on all 14 topics individually.

### Discussion

**I.    Travelers' underwriting and subrogation practices, to the extent they relate to Electrolux-manufactured dryers.**

Travelers objects to Category 1 based on relevancy. Category 1 includes the following topics:

(1)    Travelers' underwriting and subrogation practices and procedures, to the extent such practices and procedures refer to, reflect, or otherwise relate to Electrolux-manufactured dryers, including, by way of example but not limitation, the extent to which any belief on Travelers' part that Electrolux-manufactured dryers (including the dryer at issue in this litigation) are inherently defective bears on Travelers' decisions regarding whether to accept risk, or the manner in which Travelers values and prices such risk given such beliefs, as well as the procedures employed upon learning that a fire involved an Electrolux-manufacture dryer; and

(15)   The timing of Travelers' decision to pursue subrogation in this matter, the individuals that participated in the decision, and any policies, procedures, or claim handling guidelines triggered by Travelers' decision.

Travelers argues that its conduct is irrelevant to this action. Rule 26(b)(1) of the Federal Rules of Civil Procedure sets the scope and limits on discovery. *Fed. R. Civ. P.* 26(b)(1). Rule 26(b)(1) states that "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any non-privileged matter, that is relevant to any party's claim or defense." *Id.*

Specifically, Travelers asserts that any information regarding its underwriting and subrogation practices are not relevant because it cannot be offered as evidence by the Defendant on the issue of its affirmative defenses. In doing so, Travelers emphasizes that it is merely a nominal plaintiff and its rights are entirely derivative. Rule 26(b)(1) states "[T]he court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead

3

to the discovery of admissible evidence." *Fed. R. Civ. P.* 26(b)(1). Therefore, the issue before the court is whether Travelers' underwriting and subrogation practices, to the extent they specifically relate to Electrolux-manufactured dryers, appear reasonably calculated to lead to the discovery of admissible evidence. The Court finds that Travelers' underwriting practices could, but its subrogation practices are too remote.

Travelers' underwriting practices are a logical place where relevant information may be found. If Travelers asks its insured if they use an Electrolux-manufactured dryer, or if Travelers excludes coverage or requires increased premiums for Electrolux-manufactured dryers, the reasons for those decisions could lead to discoverable information.

With regard to Travelers' subrogation practices, Electrolux seeks testimony concerning "the procedures employed upon learning that a fire involved an Electrolux-manufactured dryer" and "[t]he timing of Travelers' decision to pursue subrogation in this matter, the individuals that participated in the decision, and any policies, procedures, or claim-handling guidelines triggered by Travelers' decision."

"Rule 26(b)(2)(C)(iii) empowers a court to limit the frequency or extent of discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit or that it is unreasonably cumulative or duplicative." See, *Fed. R. Civ. P.* 26(b)(2)(C)(iii). After balancing the likely benefit of questions regarding Travelers' subrogation practices against its burden of production, the Court finds the burden outweighs the potential benefits.

In summation, the Court finds that Electrolux may not question Travelers regarding topic 15. Further, the Court has limited discovery relating to topic 1 to the following: Travelers' underwriting practices and procedures, to the extent such practices and procedures specifically refer to Electrolux-manufactured dryers.

4

II.     Travelers' testing of dryers that were either (a) manufactured by Electrolux,
        or (b) manufactured by another entity, to the extent those dryers differ from
        the Electrolux dryers in a manner believed to be relevant to a claimed defect.

Category II encompasses the following topics:

(2)     Travelers' analysis, including testing, of clothes dryers manufactured by
        Electrolux; and

(3)     Travelers' testing of clothes dryers manufactured by manufacturers other than
        Electrolux, to the extent the Electrolux-manufactured dryers differ from those
        manufactured by other manufacturers in a manner that Travelers believes to bear
        on any alleged defect in Electrolux-manufactured dryers.

Travelers argues that any testing of dryers done by a non-testifying expert would be

protected under a consulting expert privilege. Travelers also argues that any testing done by an

expert witness would be produced during expert discovery. "Federal Rule of Civil Procedure

26(b)(4)(B) prohibits parties from seeking: facts known or opinions held by an expert who has

been retained or specially employed by another party in anticipation of litigation or preparation

for trial and who is not expected to be called as a witness at trial." *Ludwig v. Pilkington N. Am.,

Inc.*, 03 C 1086, 2003 WL 22242224 (N.D. Ill. Sept. 29, 2003).

In determining whether a non-testifying expert was retained in anticipation of litigation,

courts analyze the total factual situation of the particular case. *McNally Tunneling Corp., v. City

of Evanston,* No. 00 C 6979, 2002 WL 59115, AT *2 (N.D. Ill. July 25, 2001). Courts do not

require a lawsuit to actually be filed at the time the expert was retained. *Canal Barge Co. v.

Commonwealth Edison Co.,* No. 98 C 0509, 2001 WL 845468, *1 (N.D. Ill. July 25, 2001).

Rather, the proper inquiry is whether in light of the nature of the documents and the factual

situation in the particular case, the documents can be fairly said to have been prepared or

obtained because of the prospect of litigation. *Binks Mfg. Co. v. National Presto Indus., Inc.,* 709

F. 2d 1109, 1118--19 (7th Cir. 1983) (citing 8 Wright & Miller, Federal Practice and Procedure 2024 (2d ed. 1994)).

Additionally, under Rule 26(b)(5)(A), "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must: (1) expressly make the claim; and (2) describe the nature of the documents, communications, or tangible things not produced or disclosed . . ." *Fed. R. Civ. P.* 26(b)(5)(A). Further, the claim of privilege must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable. *United States v. First State Bank,* 691 F.2d 332, 335 (7th Cir.1982). The scope of the privilege should be "strictly confined within the narrowest possible limits." *United States v. Lawless,* 709 F.2d 485, 487 (7th Cir. 1983) citing, *Wigmore, Evidence* 2291 (McNaughton rev. 1961); *United States v. Goldfarb,* 328 F. 2d 280 (6th Cir.), *cert. denied,* 377 U.S. 976, 84 S. Ct. 1883, 12 L. Ed. 2d 746 (1946); *In re Shapiro,* 381 F.Supp. 21 (N.D. Ill. 1974).

Consequently, if Travelers encounters questions regarding this topic that it feels are protected by privilege, it must demonstrate the privilege on a question-by-question basis. Travelers has not done so. As a result, Electrolux is entitled to question Travelers with regards to topics 2 and 3. However, the Court limits the scope of questions regarding these topics to the last five years.

**III.   Travelers' attendance at conferences where Electrolux fires were discussed, including a specific conference where Electrolux understands Electrolux dryers to have been a specific subject of a formal presentation.**

The next area of contention between the parties revolves around Travelers' attendance at various conferences where Electrolux-manufactured dryers may have been discussed. Specifically, Electrolux seeks discovery on the following topic:

6

(4)     The attendance of any of Travelers' employees, former employees, agents, contractors, or subcontractors in any conference, seminar, or meeting from 2002 to the present in which Electrolux clothes dryer fires were discussed, including, but not limited to, meetings held by the National Association of Subrogation Lawyers and any internal seminars or meetings.

Travelers argues that this topic is not relevant and is overly broad and unduly burdensome. In regards to relevancy, it is hard to imagine how questions regarding attendance of Travelers employees at meetings discussing Electrolux dryer fires would be reasonably calculated to lead to the discovery of admissible evidence. Assuming *arguendo*, that this topic met the standard for relevance, "Rule 26(b)(2)(C)(iii) empowers a court to limit the frequency or extent of discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit or that it is unreasonably cumulative or duplicative. The application of Rule 26(b)(2)(C)(iii) involves a highly discretionary determination based upon an assessment of a number of competing considerations." *Sommerfield v. City of Chicago*, 613 F. Supp. 2d 1004, 1017 (N.D. Ill. 2009) objections overruled, 06 C 3132, 2010 WL 780390 (N.D. Ill. Mar. 3, 2010).

The scope of Category 3 spans more than 10 years and includes all "employees, former employees, agents, contractors, or sub-contractors in any conference, seminar, or meeting . . ." In finding a corporate representative to testify to this topic, Travelers will likely have to spend a significant amount of time going through various employee and corporate records. This burden outweighs the likely benefit of this discovery. Thus, the Court finds that Electrolux is not entitled to question Travelers regarding this topic.

7

**IV.    Travelers' website and blog postings where Travelers advises homeowners to clean and maintain their clothes dryers and venting.**

The next topic encompasses seven specific websites (Topics 5—11) and a catchall topic (Topic 12) regarding collections of information prepared by Travelers between 2002 to the present regarding dryer fires, clothes dryer maintenance, and clothes dryer cleaning. Travelers argues that these websites and blog postings are not relevant nor are they reasonably calculated to lead to the discovery of admissible evidence, again emphasizing that its conduct is not at issue in this case. The Court disagrees.

Whether the fire was caused by an inherent defect in the dryer or the comparative negligence of the Rouses is one of the central issues in this case. Information prepared by Travelers regarding proper dryer maintenance, regardless of whether the Rouses actually viewed the website, goes directly to the claims and defenses in this case and is thus reasonably calculated to lead to the discovery of admissible evidence. As a result, the Court finds Electrolux is entitled to question Travelers regarding topics 5—11. The Court will however limit the inquiry to the two years before the fire.

Topic 12 is another story. Topic 12 seeks "[a]ny other articles, blogs, letters, audio recordings, video recordings, or any other documents regarding clothes dryer fires, clothes dryer maintenance, and clothes dryer cleaning prepared by Travelers from 2002 to the present, including all drafts and revisions." As stated above, the Court may limit the frequency or extent of discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit. See, *Fed R. Civ. P* 26(b)(2)(C). Here, the Court finds the burden of this topic outweighs the likely benefit of this discovery. As a result, Electrolux may not question Travelers regarding topic 12.

8

**V.    Travelers' training of the party that handled the investigation of the claim on Travelers' behalf.**

The last category of contention revolves around "[t]he training of the persons handling the adjustment and investigation of this claim on Travelers' behalf or on behalf of a related Travelers' company." (Topic 14).

It should be noted that Travelers has already agreed to produce its Claims adjuster. Therefore, the only issue for the Court to decide is whether Electrolux is entitled to question Travelers' 30(b)(6) witness regarding Travelers' training of the persons that handled the investigation of the claim.

Electrolux argues that it simply wishes to probe how the investigators were trained, presuming that theses persons told Travelers that the dryer was defective and again, presuming that the investigators' recommendation formed the basis for Travelers' decision to pursue this claim. The Court fails to see the relevance of the training given to the investigators. As noted above, Travelers has already agreed to produce the Claims Adjuster for this case. As a result, the Court finds that the likely benefit of this topic of discovery is outweighed by its burden.

9

## Conclusion

For the reasons state above, Plaintiff's Motion to Quash Defendant's Rule 30(b)(6) Deposition Notices is granted in part and denied in part and Defendant's Motion to Compel is granted in part and denied in part.

ENTER:

_____

P. Michael Mahoney, Magistrate Judge
United States District Court

DATE:____April 2, 2013_____

10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, GENERAL CASUALTY
COMPANY OF WISCONSIN, and COUNTRY
MUTUAL INSURANCE COMPANY,

      Plaintiffs,

v.                          Case No.: 3:11-cv-00678

ELECTROLUX HOME PRODUCTS, INC.,

      Defendant.

---

**INTERROGATORIES TO PLAINTIFF AMERICAN FAMILY MUTUAL INSURANCE
COMPANY IN ITS OWN RIGHT**

---

TO:    American Family Mutual Insurance Company
       c/o Ronald Harmeyer
       Yost & Baill, LLP
       2300 N. Mayfair Rd., #745
       Milwaukee WI 53226

Defendant Electrolux Home Products, Inc. ("Electrolux"), by and through its attorneys,

pursuant to the Federal Rules of Civil Procedure, submits the following Interrogatories to be

answered by the Plaintiff within thirty (30) days of the date of service of this document.

**DEFINITIONS AND INSTRUCTIONS**

    1.    "Electrolux" refers to Defendant, Electrolux Home Products, Inc. as well as its

agents and attorneys acting on its behalf.

    2.    "You" and "Your" refers to American Family Mutual Insurance Company, as

well as its agents and attorneys.



3.      "Plaintiffs" refers to Plaintiffs, American Family Mutual Insurance Company, General Casualty Company of Wisconsin and Country Mutual Insurance Company, as well as its or their agents and attorneys.

4.      "Complaint" refers to the Second Amended Complaint filed by the Plaintiffs against Electrolux in the United States District Court for the Western District of Illinois, Case No. 3:11-cv-00678 on August 22, 2012.

5.      "Claim" refers to each individual dryer fire subrogation claim identified in Plaintiffs' Complaint.

6.      "Incident" shall mean the fire that is the subject of each Claim.

7.      "Insured" shall mean the person(s) or entity that sought insurance coverage from American Family Mutual Insurance Company on account of each Incident.

8.      "Dryer" shall mean the dryer allegedly involved in each Incident.

9.      "Premises" shall mean the location at which each Incident occurred.

10.      "Communication" shall mean any oral, written or electronic transmission of information between persons, including, but not limited to, meetings, discussions, conversations, email messages, text messages, voice mail messages, chat messages, instant messages, telephone calls, memoranda, notes, letters, telecopies, telexes, conferences or seminars.

11.      "Document" is used in the broadest sense permissible, and includes any recorded information (whether printed, typed, photocopied, handwritten, recorded, electronically stored, produced, or reproduced or created by any other process), tangible thing or any other compilation of information that is within Your possession, custody or control, including, without limitation, any and all:

(a) accountants work papers, advertising, circulars, advisories, agreements, appointment books, articles, bills, binders, books, brochures, bulletins, cables, calendars, certificates of insurance, charts, checks, circulars, communications (intra-office, inter-office, external and other), compilations, computer printouts, confirmations, contracts,

2

correspondence, desk-pads, diaries, drafts, drawings, exhibits, facsimiles, financial statements, ledgers, forecasts, graphs, guidelines, invoices, instructions, letters, lists, logs, manuals, memoranda, messages, microfiche, microfilm, minutes of meetings, notebooks, notes, outlines, pamphlets, periodicals and clippings from periodicals, placement slips, pleadings, policies, post-it notes, projections, prospectuses, questionnaires, receipts, records, reports (including aggregate impairment reports prepared by You or for You by others), rules, schedules, statements, studies, subscription agreements or pages, summaries, tables, telecopies, telefaxes, telegrams, telephone messages, telexes, translations, treaties, wire messages and worksheets;

(b) graphic or audio records or representations of any kind, including photographs, charts, drawings, graphs, microfiche, microfilm, videotapes, recordings and motion pictures;

(c) electric, electronic, magnetic, mechanical and optical records or representations of any kind, including, without limitation, e-mails, tapes, cassettes, computer discs, recordings, computer memories or other electronic data compilations;

(d) final versions and all drafts of Documents; and

(e) all originals, as well as copies that vary from the original in any respect, including, without limitation, variations due to handwritten notes, editing, interlineations, blind copies and other alterations.

12.     "Person" means any natural person, firm, sole proprietorship, association, partnership, corporation, limited liability company, governmental agency, political subdivision, governmental body, quasi-public entity, joint venture, trust, estate, or any other form of legal entity, as well as any division, subdivision, department, bureau, office or unit thereof.

13.     "Identify"

(a) when used in reference to a natural person, means to state the person's full name, present or last known home address and telephone number, present or last known business address and telephone number, occupation, job title, job description, any present

or former relationship to any of the parties to this action and the years of such relationship;

(b) when used in reference to a person other than a natural person, means to state the person's full name, present or last address or principal place of business and form of organization (*e.g.*, partnership, corporation);

(c) when used in reference to a Document, means to state the title, date, author, author's affiliation, addressee, addressee's affiliation, general subject matter, type of document (i.e., letter, memorandum), present location and the identity of each person having possession, custody or control of the Document or any copy of the Document;

(d) when used in reference to a communication, means to state whether it was written or oral, the general subject matter of the communication, t he place and date of the communication, the identity of the persons present during the communication, the persons engaged in, participating in or involved in any way in the communication and any documents referring or relating to the communication;

(e) when used in reference to any object, means to state the name of the object, the location of the object, and the person or entity with custody or control of the object, or the person or entity who last had custody or control of the object if the object can no longer be located; and

(f) when used in reference to anything else, "identify" retains its ordinary meaning.

14.   "Refer to" or "relate to" used in reference to a stated subject means all of the following:

(a) containing, comprising, constituting, stating, setting forth, reporting, including, negating or manifesting in any way, whether in whole or in part, that subject; and

(b) describing, mentioning, discussing, reflecting, interpreting, identifying, concerning, contradicting, referring to, or in any way pertaining to, whether in whole or in part, that subject.

15.     "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses which might otherwise be construed to be outside their scope.

16.     "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each". Similarly, "any" shall be construed to include the word "all", and "all" shall be construed to include the word "any".

17.     Words importing the present tense shall be construed to include the past tense, and vice versa.

18.     Words importing the singular form shall be construed to include the plural form, and vice versa.

19.     Each Interrogatory shall be accorded a separate answer.

20.     If you refuse to answer any Interrogatory in whole or in part, describe the basis of your refusal to answer or respond, including any claim of privilege, in sufficient detail so as to permit the Court to adjudicate the validity of your refusal, and identify each statement, communication or document for which a privilege is claimed, specifying: (a) with respect to communications or statements, (i) the date of the communications or statements; (ii) the names of persons present; (iii) subject matter; and (iv) the basis on which the privilege or protection is claimed; (b) with respect to documents, (i) the date of the document; (ii) identification by name and job title of each person who wrote, drafted, or assisted in the preparation of the document; (iii) identification by name and job title of each person who received or has custody of the document or copies thereof; (iv) identification by name and job title of each person who has reviewed or had access to the document or copies thereof or to whom any portion of the contents has been communicated; and (v) a brief description of the nature and subject matter of the document.

21.     If you object to a portion of any Interrogatory, you are instructed to answer the remainder.

22.     This discovery shall be deemed to be continuing and shall require that you serve and/or produce, in the form of supplementary responses, any information, documents and/or tangible things requested herein which are unavailable to you or of which you are unaware, at the time you submit your responses, but which become available to you, or of which you become aware, up to and including the time of trial.   Similarly, any responses to these Interrogatories which are later found to be incorrect or incomplete or to have become incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary responses.

23.     If you claim that any response or any document that is required to be produced in response to any of these interrogatories is privileged or otherwise protected from disclosure, then you shall produce a privilege log identifying the privilege claimed and the basis for Your assertion of privilege or other protection from disclosure, including the precise nature of the information in a manner sufficient to enable Electrolux to assess the claim.

## INTERROGATORIES

1.     Identify every person who assisted in responding to these Interrogatories.

2.     If You contend that Electrolux bears sole responsibility for each Incident, so state and describe all steps you undertook, all facts you learned concerning the Incident before forming this contention and all facts relevant to Your contention.

3.     If You do not contend that Electrolux bears soles responsibility for each Incident, Identify any other Person You believe may bear any responsibility for the Incident and all facts relating to such other person's responsibility.

4.     Identify all of Your departments, units or groups in existence at any time from 2000 through present that have or had any responsibility with regard to dryer fire claims against Electrolux or against any other dryer manufacturer.

5.     Identify all of Your Documents and Communications from 2000 to the present describing any methods, suggestions, recommendations and/or tips to prevent or reduce fire hazards associated with clothes dryers.

6.     Identify the Person(s) most knowledgeable about Your procedures or processes in effect at any time from 2000 to present for handling Electrolux dryer fire claims and whether such procedures or processes differ in any respect from the procedures or processes in effect at the same time for handling dryer fire claims involving other dryer manufacturers including, but not limited to, Whirlpool, LG, GE, Maytag, Kenmore, Bosch, and Samsung.

7.     Identify, by manufacturer and model name and number, the number of dryer fire claims received by You each year from 2000 through present for all dryers, including, but not limited to, dryers manufactured by Whirlpool, LG, GE, Maytag, Kenmore, Bosch, and Samsung.

8.     For each manufacturer and model name and number identified in Your response to Interrogatory 7, state the number of demands for payment You made each year to the dryer manufacturer for reimbursement.

9.     Identify Your employee(s) who has (have) the most knowledge about dryer fire claims made by Your insureds from 2000 to the present.

10.     Identify all databases, software programs or other systems maintained, created or used by You from 2000 to present that contain documents or other information that refer or relate to Electrolux dryer fire claims.

11.     Identify all policies, procedures, and practices, whether written or oral, referring or relating to how You or Your agents handle evidence at a fire scene, including any referring or relating specifically to fires caused by dryers, and including any references to site investigation, spoliation, evidence preservation, reporting of claims, notification to interested parties, payment of claims, and pursuit of recovery from the dryer manufacturer.

12.     Describe Your training of anyone concerning dryer fire claims, including, but not limited to, site investigation, spoliation, evidence preservation, reporting of claims,

notification to interested parties, payment of claims, and pursuit of recovery from the dryer manufacturer.

13.     Identify all Documents referring or relating to such training as described in Your response to Interrogatory 12.

14.     As to each Incident, state whether any insurance policy exclusion or limitation is applicable to the Insured's claim, and describe all efforts You undertook to determine whether any such exclusion or limitation applies.

15.     Set forth all Your policies and procedures, written or otherwise, that govern, inform, or relate to an investigation of the cause of any claim involving a dryer fire.

16.     Identify each of Your current or former employees, agents, contractors or subcontractors who have attended and/or participated in, on Your behalf or with Your knowledge, any conference, seminar or meeting from 2000 to the present in which Electrolux dryer fires were discussed, including, but not limited to, any held by the National Association of Subrogation Professionals, any seminars or conferences held at Fire Findings, and any You held. In responding to this Interrogatory, describe Your relationship with the attendee/participant, and state the name of the conference, seminar or meeting attended, the dates of attendance, and whether the attendee/participant has any involvement with Your investigation of fires involving Electrolux dryers.

17.     If You contend that Electrolux dryers result in more fires than dryers made by other manufacturers, state all facts supporting that contention.

18.     State the dates on which You first notified Electrolux of each Incident.

19.     Identify each fact and expert witness You will call to testify at trial and provide a summary of his/her expected testimony.

20.     Identify all circumstances under which You have denied an insured's claim for insurance coverage for an alleged dryer fire, including the date of the claim, the name of the claimant, the address of the loss, the identity of the manufacturer of the dryer, and all pertinent facts that went into your decision to deny the claim.

Identify all litigation from 2000 to present between You and any of Your insureds concerning Your denial, in whole or in part, of coverage for a dryer fire claim.

Dated this 8th day of February, 2013.

Joseph M. Fasi II, SBN 1006655
Gonzalez Saggio & Harlan, LLP
111 E. Wisconsin Ave., Suite 1000
Milwaukee WI 53202
Telephone:     414-277-8500
Fax:              414-277-8521
Email:          joseph_fasi@gshllp.com

-and-

Sharon A. Luarde, OH Bar No. 0071625
Brouse McDowell, LPA
600 Superior Avenue East, Suite 1600
Cleveland, OH 44114
Telephone: (216) 830-6830
Facsimile: (216) 830-6807
Email: sluarde@brouse.com
ATTORNEYS FOR DEFENDANT

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, GENERAL CASUALTY
COMPANY OF WISCONSIN, and COUNTRY
MUTUAL INSURANCE COMPANY,

            Plaintiffs,

v.                              Case No.: 3:11-cv-00678

ELECTROLUX HOME PRODUCTS, INC.,

            Defendant.

---

**REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AMERICAN
FAMILY MUTUAL INSURANCE COMPANY IN ITS OWN RIGHT**

---

TO:    American Family Mutual Insurance Company
        c/o Ronald Harmeyer
        Yost & Baill, LLP
        2300 N. Mayfair Rd., #745
        Milwaukee WI  53226

Defendant Electrolux Home Products, Inc. ("Electrolux"), by and through its attorneys,

pursuant to the Federal Rules of Civil Procedure, submits the following Document Requests to

be answered by the Plaintiff within thirty (30) days of the date of service of this document.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

    1.    "Electrolux" refers to Defendant, Electrolux Home Products, Inc. as well as its

agents and attorneys acting on its behalf.

    2.    "You" and "Your" refers to American Family Mutual Insurance Company, as

well as its agents and attorneys.

3.    "Plaintiffs" refers to Plaintiffs, American Family Mutual Insurance Company, General Casualty Company of Wisconsin and Country Mutual Insurance Company, as well as its or their agents and attorneys.

4.    "Complaint" refers to the Second Amended Complaint filed by the Plaintiffs against Electrolux in the United States District Court for the Western District of Illinois, Case No. 3:11-cv-00678 on August 22, 2012.

5.    "Claim" refers to each individual dryer fire subrogation claim identified in Plaintiffs' Complaint.

6.    "Incident" shall mean the fire that is the subject of each Claim.

7.    "Insured" means the person(s) or entity that sought insurance coverage from American Family Mutual Insurance Company on account of each Incident.

8.    "Dryer" shall mean and refer to the dryer allegedly involved in each Incident.

9.    "Premises" shall mean the location at which each Incident occurred.

10.   "Communication" shall mean any oral, written or electronic transmission of information between persons, including, but not limited to, meetings, discussions, conversations, email messages, text messages, voice mail messages, chat messages, instant messages, telephone calls, memoranda, notes, letters, telecopies, telexes, conferences or seminars.

11.   "Document" is used in the broadest sense permissible, and includes any recorded information (whether printed, typed, photocopied, handwritten, recorded, electronically stored, produced, or reproduced or created by any other process), tangible thing or any other compilation of information that is within Your possession, custody or control, including, without limitation, any and all:

(a) accountants work papers, advertising, circulars, advisories, agreements, appointment books, articles, bills, binders, books, brochures, bulletins, cables, calendars, certificates of

insurance, charts, checks, circulars, communications (intra-office, inter-office, external and other), compilations, computer printouts, confirmations, contracts, correspondence, desk-pads, diaries, drafts, drawings, exhibits, facsimiles, financial statements, ledgers, forecasts, graphs, guidelines, invoices, instructions, letters, lists, logs, manuals, memoranda, messages, microfiche, microfilm, minutes of meetings, notebooks, notes, outlines, pamphlets, periodicals and clippings from periodicals, placement slips, pleadings, policies, post-it notes, projections, prospectuses, questionnaires, receipts, records, reports (including aggregate impairment reports prepared by You or for You by others), rules, schedules, statements, studies, subscription agreements or pages, summaries, tables, telecopies, telefaxes, telegrams, telephone messages, telexes, translations, treaties, wire messages and worksheets;

(b) graphic or audio records or representations of any kind, including photographs, charts, drawings, graphs, microfiche, microfilm, videotapes, recordings and motion pictures;

(c) electric, electronic, magnetic, mechanical and optical records or representations of any kind, including, without limitation, e-mails, tapes, cassettes, computer discs, recordings, computer memories or other electronic data compilations;

(d) final versions and all drafts of Documents; and

(e) all originals, as well as copies that vary from the original in any respect, including, without limitation, variations due to handwritten notes, editing, interlineations, blind copies and other alterations.

12.    "Person" means any natural person, firm, sole proprietorship, association, partnership, corporation, limited liability company, governmental agency, political subdivision, governmental body, quasi-public entity, joint venture, trust, estate, or any other form of legal entity, as well as any division, subdivision, department, bureau, office or unit thereof.

3

13.    "Identify"

(a) when used in reference to a natural person, means to state the person's full name, present or last known home address and telephone number, present or last known business address and telephone number, occupation, job title, job description, any present or former relationship to any of the parties to this action and the years of such relationship;

(b) when used in reference to a person other than a natural person, means to state the person's full name, present or last address or principal place of business and form of organization (*e.g.*, partnership, corporation);

(c) when used in reference to a Document, means to state the title, date, author, author's affiliation, addressee, addressee's affiliation, general subject matter, type of document (i.e., letter, memorandum), present location and the identity of each person having possession, custody or control of the Document or any copy of the Document;

(d) when used in reference to a communication, means to state whether it was written or oral, the general subject matter of the communication, t he place and date of the communication, the identity of the persons present during the communication, the persons engaged in, participating in or involved in any way in the communication and any documents referring or relating to the communication;

(e) when used in reference to any object, means to state the name of the object, the location of the object, and the person or entity with custody or control of the object, or the person or entity who last had custody or control of the object if the object can no longer be located; and

(f) when used in reference to anything else, "identify" retains its ordinary meaning.

14.     "Refer to" or "relate to" used in reference to a stated subject means all of the following:

(a) containing, comprising, constituting, stating, setting forth, reporting, including, negating or manifesting in any way, whether in whole or in part, that subject; and

(b) describing, mentioning, discussing, reflecting, interpreting, identifying, concerning, contradicting, referring to, or in any way pertaining to, whether in whole or in part, that subject.

15.     "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses which might otherwise be construed to be outside their scope.

16.     "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each".  Similarly, "any" shall be construed to include the word "all", and "all" shall be construed to include the word "any".

17.     Words importing the present tense shall be construed to include the past tense, and vice versa.

18.     Words importing the singular form shall be construed to include the plural form, and vice versa.

19.     You must respond in writing to each separate request for Documents set forth below.

20.     All documents produced pursuant to these requests are to be produced in the form, order and manner in which they are maintained in Your files, or shall be organized and labeled to correspond with these requests.

21.     For any Documents requested that were at one time in Your possession, custody or control, but no longer are in Your possession, custody or control, Identify the Document, state

the date upon and circumstances under which it left Your possession, custody or control, Identify all Persons having knowledge of the circumstances under which it left Your possession, custody or control, Identify its last known custodian, and Identify all Persons having knowledge of the contents thereof.

22.     For any Documents requested that were at one time in Your possession, custody or control, but that You believe have ceased to exist or have been lost or destroyed, Identify the Document, state the date upon and the circumstances under which it ceased to exist or was lost or destroyed, Identify all Persons having knowledge of the circumstances under which it ceased to exist or was lost or destroyed, Identify its last known custodian, and Identify all Persons having knowledge of the contents thereof.

23.     If any Documents identified in response to these requests are in the possession of a third party, Identify the third party and the location where the Documents are maintained by the third party.

24.     Any Document that bears any marks, including, but without limitation, initials, stamped indicia, comments or notations of any character, that are not a part of the original text or any reproduction thereof, is to be considered a separate Document.

25.     If You with hold any Document requested herein on the basis of attorney-client or other legal privilege or the work-product doctrine, then you shall produce a privilege log providing the following information with respect to each such document:

(a) Identify its title and general subject matter;

(b) State its date;

(c) Identify its author(s);

(d) Identify the person(s) for whom it was prepared or to whom it was sent;

(e) State the nature of the privilege claimed; and

(f) State in detail each and every fact upon which the claim of privilege is based.

26.    If You withhold any Document herein on the grounds that production is prohibited by a protective order or confidentiality agreement, Identify such order or agreement and produce a copy of such order or agreement.

27.    If You object to a portion of a request or otherwise cannot comply in full, You should produce all other Documents called for by that request, describe the respects in which You object to the request or otherwise cannot comply with it in full, and explain the basis for Your objection or failure to comply with the request in full.

28.    Unless otherwise specified, all requests seek information from January 1, 2000 to present.

29.    All requests shall be interpreted to bring within their scope the broadest range of discovery permissible under the law.

30.    It is understood that this discovery is continuing in nature and that if, subsequent to filing its responses, the Plaintiff discovers an additional matter which was not included in its original responses, the Plaintiff is under a continuing duty to promptly supplement its original responses.  Similarly, any responses to these requests which are later found to be incorrect or incomplete or to have become incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary responses.

## REQUESTS FOR PRODUCTION

1.    All Documents identified in Your Answers to Electrolux's First Set of Interrogatories to Plaintiff American Family Mutual Insurance Company In Its Own Right.

2.    All Documents relied upon in responding to Electrolux's First Set of Interrogatories to Plaintiff American Family Mutual Insurance Company In Its Own Right.

3.    All insurance policies or contracts of insurance referred to in the Complaint.

7

4.      All Documents relating to the adjusting, handling or investigation of each Incident and/or loss, by or on behalf of the Plaintiff, including, but not limited to, Your entire claim file and internal claim file notes.

5.      All settlement agreements or releases between You and any other Person in connection with each Incident.

6.      All Documents that support or relate to Your contention that the Dryer, or any of its components, was defective at the time that it left Electrolux's possession and control.

7.      All Documents evidencing Your payments to Your insured.

8.      All Documents constituting, referring or relating to Your policies, protocols or procedures for making coverage determinations for fire claims.

9.      All Documents constituting, referring or relating to Your policies or procedures for handling subrogation claims, including, but not limited to, dryer fire subrogation claims.

10.     All Documents showing the number of insurance claims arising from alleged dryer fires received by You since 2000, including but not limited to documents reflecting the manufacturer of the dryer.

11.     All underwriting policies and procedures from 2000 through present that refer or relate to dryers manufactured by Electrolux.

12.     All underwriting policies and procedures from 2000 through present that refer or relate to dryers manufactured by companies other than Electrolux, including, but not limited to, dryers manufactured by Whirlpool, Samsung, GE, LG, Maytag, Bosch and Kenmore.

13.     All Documents referring or relating to testing performed by You or at Your direction, that support or relate to Your contention that Electrolux dryers are defectively designed.

14.     All Documents referring or relating to the decision to pay each Claim, including, but not limited to, any Documents reviewed in deciding to pay each Claim.

15.     All Documents referring or relating to Your refusal since 2000 to pay any insurance claim allegedly involving any dryer fire.

16.     All Documents referring or relating to reinsurance for any of the insurance policies under which You paid an Insured in connection with an Incident.

17.     All Documents referring or relating to any change You have made since 2000 to Your insurance policies arising from or relating to dryer fires or hazards or risks allegedly created by clothes dryers.

18.     All Documents evidencing any litigation in which You have been a party since 2000 concerning Your denial of coverage for a fire claim allegedly involving a dryer.

19.     All Documents, including meeting minutes, concerning any meeting You held or attended at which dryer fires or Electrolux were the subject or were discussed.

20.     All complaints, claims, lawsuits and judgments filed or received by You since 2000 related to fire and smoke damage allegedly arising out of the use of dryers manufactured by Electrolux.

21.     All complaints, claims, lawsuits and judgments filed or received by You since 2000 related to fire or smoke damage allegedly arising out of the use of clothes dryers manufactured by companies other than Electrolux, including, but not limited to, Kenmore, General Electric, Whirlpool, Maytag, LG, Bosch, and Samsung.

22.     All Communications between You and any dryer manufacturer other than Electrolux, including, but not limited to, Sears, General Electric, Whirlpool, Maytag, LG, Bosch, and Samsung referring or relating to clothes dryers from 2000 to the present.

9

23.    All Documents referring or relating to the investigation of each claim involving an Electrolux dryer, not limited to the claims at issue, from 2000 to the present.

24.    All Documents referring or relating to the investigation of each claim involving a non-Electrolux dryer, including, but not limited to, dryers manufactured by Kenmore, General Electric, Whirlpool, Maytag, LG, Bosch, and Samsung, from 2000 to the present.

25.    Organizational charts or other documents sufficient to show the organization at all times since 2000 of Your claims department, including the persons responsible for evaluating and handling dryer fire claims.

26.    All Documents sufficient to identify Your employees or agents who at any time since 2000 have had responsibility for evaluating or handling dryer fire claims, including the Claims.

27.    All affidavits, declaration, transcripts or other records of statements made under oath, including all documents referred to in such statements, by any of Your current or former employees or agents referring or relating to Electrolux or to dryer fires.

28.    Your document retention policies and procedures in effect since 2000.

29.    All Documents referring or relating to any Claim or Incident that You obtained from any source other than Electrolux, including from any local, state or federal governmental entity.

30.    All Documents reflecting the damages, financial losses, or expenses that You are claiming as a result of the Incident.

31.    All Documents and Communications between You or anyone acting on Your behalf and Electrolux regarding any Claim, Incident or the claims and facts alleged in the Complaint.

32.    All Documents received by You from 2000 through present referring or relating to Electrolux dryers or fires allegedly involving any Electrolux dryer, including documents to or from other insurance carriers or their attorneys or other agents.

33.    All documents You have used at any time since 2000 in connection to instruct, train or guide any of Your employees or agents in underwriting insurance policies, handling insurance claims concerning fires or investigating fire claims that in any way refer or relate to clothes dryers.

34.    All Documents referring or relating to Your policies or procedures for handling evidence related to a dryer fire, including, but not limited to, policies and procedures referring or relating to spoliation, preservation of evidence, notification to interested parties and pursuit of the dryer manufacturer.

35.    All Documents that refer or relate to the training of Your employees, agents, contractors, subcontractors, or any third parties on dryer fire subrogation claims handling, including, but not limited to, site investigation, spoliation, evidence preservation, reporting of claims, notification to interested parties, payment of claims, and pursuit of the dryer manufacturer.

36.    All Documents constituting, referring or relating to Your advertising, marketing, promotion and sale of property/homeowners insurance.

37.    All Documents and Communications concerning, referring, or relating to each Claim and Incident.

38.    All Documents that refer or relate to any payment or promise to pay that You have made in connection with any Claim and Incident.

39.    All Documents that refer or relate to why you made any payment or promise to pay as identified in Request 38.

11

40.     All Documents that refer or relate to information or warnings You provided or made available to any person, including persons to whom You sold insurance, about clothes dryers and fire safety.

41.     All Documents that refer or relate to information or warnings provided or made available to any person about installation or maintenance of clothes dryers.

42.     All Documents that refer or relate to actual or potential hazards, dangers, or risks associated with clothes dryers, including without limitation, studies, expert or consultant reports from any source, standards, documents from trade association and industry sources, materials from seminars and conferences, loss prevention materials, meeting notes, minutes, technical reports, and articles.

43.     All Documents, including internal studies and tests referring or relating to the cleaning and maintenance of clothes dryers to prevent or reduce fire hazards.

44.     All Documents received from any insurance industry association, other insurance company or group of insurance companies, underwriters, rating organization or other insurance industry organization referring or relating to making insurance coverage determinations in connection with dryer fires.

45.     All Documents, reports, studies, or analyses that support Your contentions with respect to alternative designs, marketing or manufacturing proposals, marketing techniques, methods of manufacture, design, component parts, and/or specifications.

46.     All Documents sent to or received from any third party or entity, including, but not limited to, expert witnesses, that discuss, refer, or relate to each Claim or Incident.

47.     All other Documents that You believe support Your claims in this action.

Dated this 8th day of February, 2013.

Joseph M. Fasi II, SBN 1006655
Gonzalez Saggio & Harlan, LLP
111 E. Wisconsin Ave., Suite 1000
Milwaukee WI 53202
Telephone:     414-277-8500
Fax:           414-277-8521
Email:         joseph_fasi@gshllp.com

-and-

Sharon A. Luarde, OH Bar No. 0071625
Brouse McDowell, LPA
600 Superior Avenue East, Suite 1600
Cleveland, OH 44114
Telephone: (216) 830-6830
Facsimile: (216) 830-6807
Email: sluarde@brouse.com
ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, GENERAL CASUALTY
COMPANY OF WISCONSIN, and COUNTRY
MUTUAL INSURANCE COMPANY,

        Plaintiffs,

v.                              Case No.: 3:11-cv-00678

ELECTROLUX HOME PRODUCTS, INC.,

        Defendant.

## INTERROGATORIES TO PLAINTIFF COUNTRY MUTUAL INSURANCE COMPANY IN ITS OWN RIGHT

TO:   Country Mutual Insurance Company
      c/o Ronald Harmeyer
      Yost & Baill, LLP
      2300 N. Mayfair Rd., #745
      Milwaukee WI  53226

Defendant Electrolux Home Products, Inc. ("Electrolux"), by and through its attorneys, pursuant to the Federal Rules of Civil Procedure, submits the following Interrogatories to be answered by the Plaintiff within thirty (30) days of the date of service of this document.

### DEFINITIONS AND INSTRUCTIONS

1.    "Electrolux" refers to Defendant, Electrolux Home Products, Inc. as well as its agents and attorneys acting on its behalf.

2.    "You" and "Your" refers to Country Mutual Insurance Company, as well as its agents and attorneys.

3.    "Plaintiffs" refers to Plaintiffs, American Family Mutual Insurance Company, General Casualty Company of Wisconsin and Country Mutual Insurance Company, as well as its or their agents and attorneys.

4.    "Complaint" refers to the Second Amended Complaint filed by the Plaintiffs against Electrolux in the United States District Court for the Western District of Illinois, Case No. 3:11-cv-00678 on August 22, 2012.

5.    "Claim" refers to each individual dryer fire subrogation claim identified in Plaintiffs' Complaint.

6.    "Incident" shall mean the fire that is the subject of each Claim.

7.    "Insured" shall mean the person(s) or entity that sought insurance coverage from Country Mutual Insurance Company on account of each Incident.

8.    "Dryer" shall mean the dryer allegedly involved in each Incident.

9.    "Premises" shall mean the location at which each Incident occurred.

10.   "Communication" shall mean any oral, written or electronic transmission of information between persons, including, but not limited to, meetings, discussions, conversations, email messages, text messages, voice mail messages, chat messages, instant messages, telephone calls, memoranda, notes, letters, telecopies, telexes, conferences or seminars.

11.   "Document" is used in the broadest sense permissible, and includes any recorded information (whether printed, typed, photocopied, handwritten, recorded, electronically stored, produced, or reproduced or created by any other process), tangible thing or any other compilation of information that is within Your possession, custody or control, including, without limitation, any and all:

(a) accountants work papers, advertising, circulars, advisories, agreements, appointment books, articles, bills, binders, books, brochures, bulletins, cables, calendars, certificates of insurance, charts, checks, circulars, communications (intra-office, inter-office, external and other), compilations, computer printouts, confirmations, contracts,

2

correspondence, desk-pads, diaries, drafts, drawings, exhibits, facsimiles, financial statements, ledgers, forecasts, graphs, guidelines, invoices, instructions, letters, lists, logs, manuals, memoranda, messages, microfiche, microfilm, minutes of meetings, notebooks, notes, outlines, pamphlets, periodicals and clippings from periodicals, placement slips, pleadings, policies, post-it notes, projections, prospectuses, questionnaires, receipts, records, reports (including aggregate impairment reports prepared by You or for You by others), rules, schedules, statements, studies, subscription agreements or pages, summaries, tables, telecopies, telefaxes, telegrams, telephone messages, telexes, translations, treaties, wire messages and worksheets;

(b) graphic or audio records or representations of any kind, including photographs, charts, drawings, graphs, microfiche, microfilm, videotapes, recordings and motion pictures;

(c) electric, electronic, magnetic, mechanical and optical records or representations of any kind, including, without limitation, e-mails, tapes, cassettes, computer discs, recordings, computer memories or other electronic data compilations;

(d) final versions and all drafts of Documents; and

(e) all originals, as well as copies that vary from the original in any respect, including, without limitation, variations due to handwritten notes, editing, interlineations, blind copies and other alterations.

12.    "Person" means any natural person, firm, sole proprietorship, association, partnership, corporation, limited liability company, governmental agency, political subdivision, governmental body, quasi-public entity, joint venture, trust, estate, or any other form of legal entity, as well as any division, subdivision, department, bureau, office or unit thereof.

13.    "Identify"

(a) when used in reference to a natural person, means to state the person's full name, present or last known home address and telephone number, present or last known business address and telephone number, occupation, job title, job description, any present

or former relationship to any of the parties to this action and the years of such relationship;

(b) when used in reference to a person other than a natural person, means to state the person's full name, present or last address or principal place of business and form of organization (*e.g.,* partnership, corporation);

(c) when used in reference to a Document, means to state the title, date, author, author's affiliation, addressee, addressee's affiliation, general subject matter, type of document (i.e., letter, memorandum), present location and the identity of each person having possession, custody or control of the Document or any copy of the Document;

(d) when used in reference to a communication, means to state whether it was written or oral, the general subject matter of the communication, t he place and date of the communication, the identity of the persons present during the communication, the persons engaged in, participating in or involved in any way in the communication and any documents referring or relating to the communication;

(e) when used in reference to any object, means to state the name of the object, the location of the object, and the person or entity with custody or control of the object, or the person or entity who last had custody or control of the object if the object can no longer be located; and

(f) when used in reference to anything else, "identify" retains its ordinary meaning.

14.  "Refer to" or "relate to" used in reference to a stated subject means all of the following:

(a) containing, comprising, constituting, stating, setting forth, reporting, including, negating or manifesting in any way, whether in whole or in part, that subject; and

4

(b) describing, mentioning, discussing, reflecting, interpreting, identifying, concerning, contradicting, referring to, or in any way pertaining to, whether in whole or in part, that subject.

15.    "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses which might otherwise be construed to be outside their scope.

16.    "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each". Similarly, "any" shall be construed to include the word "all", and "all" shall be construed to include the word "any".

17.    Words importing the present tense shall be construed to include the past tense, and vice versa.

18.    Words importing the singular form shall be construed to include the plural form, and vice versa.

19.    Each Interrogatory shall be accorded a separate answer.

20.    If you refuse to answer any Interrogatory in whole or in part, describe the basis of your refusal to answer or respond, including any claim of privilege, in sufficient detail so as to permit the Court to adjudicate the validity of your refusal, and identify each statement, communication or document for which a privilege is claimed, specifying: (a) with respect to communications or statements, (i) the date of the communications or statements; (ii) the names of persons present; (iii) subject matter; and (iv) the basis on which the privilege or protection is claimed; (b) with respect to documents, (i) the date of the document; (ii) identification by name and job title of each person who wrote, drafted, or assisted in the preparation of the document; (iii) identification by name and job title of each person who received or has custody of the document or copies thereof; (iv) identification by name and job title of each person who has reviewed or had access to the document or copies thereof or to whom any portion of the contents has been communicated; and (v) a brief description of the nature and subject matter of the document.

21.     If you object to a portion of any Interrogatory, you are instructed to answer the remainder.

22.     This discovery shall be deemed to be continuing and shall require that you serve and/or produce, in the form of supplementary responses, any information, documents and/or tangible things requested herein which are unavailable to you or of which you are unaware, at the time you submit your responses, but which become available to you, or of which you become aware, up to and including the time of trial.   Similarly, any responses to these Interrogatories which are later found to be incorrect or incomplete or to have become incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary responses.

23.     If you claim that any response or any document that is required to be produced in response to any of these interrogatories is privileged or otherwise protected from disclosure, then you shall produce a privilege log identifying the privilege claimed and the basis for Your assertion of privilege or other protection from disclosure, including the precise nature of the information in a manner sufficient to enable Electrolux to assess the claim.

## INTERROGATORIES

1.     Identify every person who assisted in responding to these Interrogatories.

2.     If You contend that Electrolux bears sole responsibility for each Incident, so state and describe all steps you undertook, all facts you learned concerning the Incident before forming this contention and all facts relevant to Your contention.

3.     If You do not contend that Electrolux bears soles responsibility for each Incident, Identify any other Person You believe may bear any responsibility for the Incident and all facts relating to such other person's responsibility.

4.     Identify all of Your departments, units or groups in existence at any time from 2000 through present that have or had any responsibility with regard to dryer fire claims against Electrolux or against any other dryer manufacturer.

5.     Identify all of Your Documents and Communications from 2000 to the present describing any methods, suggestions, recommendations and/or tips to prevent or reduce fire hazards associated with clothes dryers.

6.     Identify the Person(s) most knowledgeable about Your procedures or processes in effect at any time from 2000 to present for handling Electrolux dryer fire claims and whether such procedures or processes differ in any respect from the procedures or processes in effect at the same time for handling dryer fire claims involving other dryer manufacturers including, but not limited to, Whirlpool, LG, GE, Maytag, Kenmore, Bosch, and Samsung.

7.     Identify, by manufacturer and model name and number, the number of dryer fire claims received by You each year from 2000 through present for all dryers, including, but not limited to, dryers manufactured by Whirlpool, LG, GE, Maytag, Kenmore, Bosch, and Samsung.

8.     For each manufacturer and model name and number identified in Your response to Interrogatory 7, state the number of demands for payment You made each year to the dryer manufacturer for reimbursement.

9.     Identify Your employee(s) who has (have) the most knowledge about dryer fire claims made by Your insureds from 2000 to the present.

10.     Identify all databases, software programs or other systems maintained, created or used by You from 2000 to present that contain documents or other information that refer or relate to Electrolux dryer fire claims.

11.     Identify all policies, procedures, and practices, whether written or oral, referring or relating to how You or Your agents handle evidence at a fire scene, including any referring or relating specifically to fires caused by dryers, and including any references to site investigation, spoliation, evidence preservation, reporting of claims, notification to interested parties, payment of claims, and pursuit of recovery from the dryer manufacturer.

12.     Describe Your training of anyone concerning dryer fire claims, including, but not limited to, site investigation, spoliation, evidence preservation, reporting of claims,

notification to interested parties, payment of claims, and pursuit of recovery from the dryer manufacturer.

13.     Identify all Documents referring or relating to such training as described in Your response to Interrogatory 12.

14.     As to each Incident, state whether any insurance policy exclusion or limitation is applicable to the Insured's claim, and describe all efforts You undertook to determine whether any such exclusion or limitation applies.

15.     Set forth all Your policies and procedures, written or otherwise, that govern, inform, or relate to an investigation of the cause of any claim involving a dryer fire.

16.     Identify each of Your current or former employees, agents, contractors or subcontractors who have attended and/or participated in, on Your behalf or with Your knowledge, any conference, seminar or meeting from 2000 to the present in which Electrolux dryer fires were discussed, including, but not limited to, any held by the National Association of Subrogation Professionals, any seminars or conferences held at Fire Findings, and any You held. In responding to this Interrogatory, describe Your relationship with the attendee/participant, and state the name of the conference, seminar or meeting attended, the dates of attendance, and whether the attendee/participant has any involvement with Your investigation of fires involving Electrolux dryers.

17.     If You contend that Electrolux dryers result in more fires than dryers made by other manufacturers, state all facts supporting that contention.

18.     State the dates on which You first notified Electrolux of each Incident.

19.     Identify each fact and expert witness You will call to testify at trial and provide a summary of his/her expected testimony.

20.     Identify all circumstances under which You have denied an insured's claim for insurance coverage for an alleged dryer fire, including the date of the claim, the name of the claimant, the address of the loss, the identity of the manufacturer of the dryer, and all pertinent facts that went into your decision to deny the claim.

Identify all litigation from 2000 to present between You and any of Your insureds concerning Your denial, in whole or in part, of coverage for a dryer fire claim.

Dated this 8th day of February, 2013.

Joseph M. Fasi II, SBN 1006655
Gonzalez Saggio & Harlan, LLP
111 E. Wisconsin Ave., Suite 1000
Milwaukee WI 53202
Telephone:    414-277-8500
Fax:          414-277-8521
Email:        joseph_fasi@gshllp.com

-and-

Sharon A. Luarde, OH Bar No. 0071625
Brouse McDowell, LPA
600 Superior Avenue East, Suite 1600
Cleveland, OH 44114
Telephone: (216) 830-6830
Facsimile: (216) 830-6807
Email: sluarde@brouse.com
ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, GENERAL CASUALTY
COMPANY OF WISCONSIN, and COUNTRY
MUTUAL INSURANCE COMPANY,

      Plaintiffs,

v.                                                     Case No.: 3:11-cv-00678

ELECTROLUX HOME PRODUCTS, INC.,

      Defendant.

---

**REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF COUNTRY
MUTUAL INSURANCE COMPANY IN ITS OWN RIGHT**

---

TO:    Country Mutual Insurance Company
       c/o Ronald Harmeyer
       Yost & Baill, LLP
       2300 N. Mayfair Rd., #745
       Milwaukee WI  53226

Defendant Electrolux Home Products, Inc. ("Electrolux"), by and through its attorneys,

pursuant to the Federal Rules of Civil Procedure, submits the following Document Requests to

be answered by the Plaintiff within thirty (30) days of the date of service of this document.

## DEFINITIONS AND INSTRUCTIONS

1.    "Electrolux" refers to Defendant, Electrolux Home Products, Inc. as well as its

agents and attorneys acting on its behalf.

2.    "You" and "Your" refers to Country Mutual Insurance Company, as well as its

agents and attorneys.

3.     "Plaintiffs" refers to Plaintiffs, American Family Mutual Insurance Company, General Casualty Company of Wisconsin and Country Mutual Insurance Company, as well as its or their agents and attorneys.

4.     "Complaint" refers to the Second Amended Complaint filed by the Plaintiffs against Electrolux in the United States District Court for the Western District of Illinois, Case No. 3:11-cv-00678 on August 22, 2012.

5.     "Claim" refers to each individual dryer fire subrogation claim identified in Plaintiffs' Complaint.

6.     "Incident" shall mean the fire that is the subject of each Claim.

7.     "Insured" means the person(s) or entity that sought insurance coverage from Country Mutual Insurance Company on account of each Incident.

8.     "Dryer" shall mean and refer to the dryer allegedly involved in each Incident.

9.     "Premises" shall mean the location at which each Incident occurred.

10.    "Communication" shall mean any oral, written or electronic transmission of information between persons, including, but not limited to, meetings, discussions, conversations, email messages, text messages, voice mail messages, chat messages, instant messages, telephone calls, memoranda, notes, letters, telecopies, telexes, conferences or seminars.

11.    "Document" is used in the broadest sense permissible, and includes any recorded information (whether printed, typed, photocopied, handwritten, recorded, electronically stored, produced, or reproduced or created by any other process), tangible thing or any other compilation of information that is within Your possession, custody or control, including, without limitation, any and all:

(a) accountants work papers, advertising, circulars, advisories, agreements, appointment books, articles, bills, binders, books, brochures, bulletins, cables, calendars, certificates of

2

insurance, charts, checks, circulars, communications (intra-office, inter-office, external and other), compilations, computer printouts, confirmations, contracts, correspondence, desk-pads, diaries, drafts, drawings, exhibits, facsimiles, financial statements, ledgers, forecasts, graphs, guidelines, invoices, instructions, letters, lists, logs, manuals, memoranda, messages, microfiche, microfilm, minutes of meetings, notebooks, notes, outlines, pamphlets, periodicals and clippings from periodicals, placement slips, pleadings, policies, post-it notes, projections, prospectuses, questionnaires, receipts, records, reports (including aggregate impairment reports prepared by You or for You by others), rules, schedules, statements, studies, subscription agreements or pages, summaries, tables, telecopies, telefaxes, telegrams, telephone messages, telexes, translations, treaties, wire messages and worksheets;

(b) graphic or audio records or representations of any kind, including photographs, charts, drawings, graphs, microfiche, microfilm, videotapes, recordings and motion pictures;

(c) electric, electronic, magnetic, mechanical and optical records or representations of any kind, including, without limitation, e-mails, tapes, cassettes, computer discs, recordings, computer memories or other electronic data compilations;

(d) final versions and all drafts of Documents; and

(e) all originals, as well as copies that vary from the original in any respect, including, without limitation, variations due to handwritten notes, editing, interlineations, blind copies and other alterations.

12.   "Person" means any natural person, firm, sole proprietorship, association, partnership, corporation, limited liability company, governmental agency, political subdivision, governmental body, quasi-public entity, joint venture, trust, estate, or any other form of legal entity, as well as any division, subdivision, department, bureau, office or unit thereof.

13.     "Identify"

(a) when used in reference to a natural person, means to state the person's full name, present or last known home address and telephone number, present or last known business address and telephone number, occupation, job title, job description, any present or former relationship to any of the parties to this action and the years of such relationship;

(b) when used in reference to a person other than a natural person, means to state the person's full name, present or last address or principal place of business and form of organization (*e.g.*, partnership, corporation);

(c) when used in reference to a Document, means to state the title, date, author, author's affiliation, addressee, addressee's affiliation, general subject matter, type of document (i.e., letter, memorandum), present location and the identity of each person having possession, custody or control of the Document or any copy of the Document;

(d) when used in reference to a communication, means to state whether it was written or oral, the general subject matter of the communication, t he place and date of the communication, the identity of the persons present during the communication, the persons engaged in, participating in or involved in any way in the communication and any documents referring or relating to the communication;

(e) when used in reference to any object, means to state the name of the object, the location of the object, and the person or entity with custody or control of the object, or the person or entity who last had custody or control of the object if the object can no longer be located; and

(f) when used in reference to anything else, "identify" retains its ordinary meaning.

4

14.    "Refer to" or "relate to" used in reference to a stated subject means all of the following:

(a) containing, comprising, constituting, stating, setting forth, reporting, including, negating or manifesting in any way, whether in whole or in part, that subject; and

(b) describing, mentioning, discussing, reflecting, interpreting, identifying, concerning, contradicting, referring to, or in any way pertaining to, whether in whole or in part, that subject.

15.    "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses which might otherwise be construed to be outside their scope.

16.    "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each".  Similarly, "any" shall be construed to include the word "all", and "all" shall be construed to include the word "any".

17.    Words importing the present tense shall be construed to include the past tense, and vice versa.

18.    Words importing the singular form shall be construed to include the plural form, and vice versa.

19.    You must respond in writing to each separate request for Documents set forth below.

20.    All documents produced pursuant to these requests are to be produced in the form, order and manner in which they are maintained in Your files, or shall be organized and labeled to correspond with these requests.

21.    For any Documents requested that were at one time in Your possession, custody or control, but no longer are in Your possession, custody or control, Identify the Document, state

the date upon and circumstances under which it left Your possession, custody or control, Identify all Persons having knowledge of the circumstances under which it left Your possession, custody or control, Identify its last known custodian, and Identify all Persons having knowledge of the contents thereof.

22.     For any Documents requested that were at one time in Your possession, custody or control, but that You believe have ceased to exist or have been lost or destroyed, Identify the Document, state the date upon and the circumstances under which it ceased to exist or was lost or destroyed, Identify all Persons having knowledge of the circumstances under which it ceased to exist or was lost or destroyed, Identify its last known custodian, and Identify all Persons having knowledge of the contents thereof.

23.     If any Documents identified in response to these requests are in the possession of a third party, Identify the third party and the location where the Documents are maintained by the third party.

24.     Any Document that bears any marks, including, but without limitation, initials, stamped indicia, comments or notations of any character, that are not a part of the original text or any reproduction thereof, is to be considered a separate Document.

25.     If You with hold any Document requested herein on the basis of attorney-client or other legal privilege or the work-product doctrine, then you shall produce a privilege log providing the following information with respect to each such document:

(a) Identify its title and general subject matter;

(b) State its date;

(c) Identify its author(s);

(d) Identify the person(s) for whom it was prepared or to whom it was sent;

(e) State the nature of the privilege claimed; and

(f) State in detail each and every fact upon which the claim of privilege is based.

26.     If You withhold any Document herein on the grounds that production is prohibited by a protective order or confidentiality agreement, Identify such order or agreement and produce a copy of such order or agreement.

27.     If You object to a portion of a request or otherwise cannot comply in full, You should produce all other Documents called for by that request, describe the respects in which You object to the request or otherwise cannot comply with it in full, and explain the basis for Your objection or failure to comply with the request in full.

28.     Unless otherwise specified, all requests seek information from January 1, 2000 to present.

29.     All requests shall be interpreted to bring within their scope the broadest range of discovery permissible under the law.

30.     It is understood that this discovery is continuing in nature and that if, subsequent to filing its responses, the Plaintiff discovers an additional matter which was not included in its original responses, the Plaintiff is under a continuing duty to promptly supplement its original responses.  Similarly, any responses to these requests which are later found to be incorrect or incomplete or to have become incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary responses.

## **REQUESTS FOR PRODUCTION**

1.     All Documents identified in Your Answers to Electrolux's First Set of Interrogatories to Plaintiff Country Mutual Insurance Company In Its Own Right.

2.     All Documents relied upon in responding to Electrolux's First Set of Interrogatories to Plaintiff Country Mutual Insurance Company In Its Own Right.

3.     All insurance policies or contracts of insurance referred to in the Complaint.

4.     All Documents relating to the adjusting, handling or investigation of each Incident and/or loss, by or on behalf of the Plaintiff, including, but not limited to, Your entire claim file and internal claim file notes.

5.     All settlement agreements or releases between You and any other Person in connection with each Incident.

6.     All Documents that support or relate to Your contention that the Dryer, or any of its components, was defective at the time that it left Electrolux's possession and control.

7.     All Documents evidencing Your payments to Your insured.

8.     All Documents constituting, referring or relating to Your policies, protocols or procedures for making coverage determinations for fire claims.

9.     All Documents constituting, referring or relating to Your policies or procedures for handling subrogation claims, including, but not limited to, dryer fire subrogation claims.

10.    All Documents showing the number of insurance claims arising from alleged dryer fires received by You since 2000, including but not limited to documents reflecting the manufacturer of the dryer.

11.    All underwriting policies and procedures from 2000 through present that refer or relate to dryers manufactured by Electrolux.

12.    All underwriting policies and procedures from 2000 through present that refer or relate to dryers manufactured by companies other than Electrolux, including, but not limited to, dryers manufactured by Whirlpool, Samsung, GE, LG, Maytag, Bosch and Kenmore.

13.    All Documents referring or relating to testing performed by You or at Your direction, that support or relate to Your contention that Electrolux dryers are defectively designed.

14.    All Documents referring or relating to the decision to pay each Claim, including, but not limited to, any Documents reviewed in deciding to pay each Claim.

15.    All Documents referring or relating to Your refusal since 2000 to pay any insurance claim allegedly involving any dryer fire.

16.    All Documents referring or relating to reinsurance for any of the insurance policies under which You paid an Insured in connection with an Incident.

17.    All Documents referring or relating to any change You have made since 2000 to Your insurance policies arising from or relating to dryer fires or hazards or risks allegedly created by clothes dryers.

18.    All Documents evidencing any litigation in which You have been a party since 2000 concerning Your denial of coverage for a fire claim allegedly involving a dryer.

19.    All Documents, including meeting minutes, concerning any meeting You held or attended at which dryer fires or Electrolux were the subject or were discussed.

20.    All complaints, claims, lawsuits and judgments filed or received by You since 2000 related to fire and smoke damage allegedly arising out of the use of dryers manufactured by Electrolux.

21.    All complaints, claims, lawsuits and judgments filed or received by You since 2000 related to fire or smoke damage allegedly arising out of the use of clothes dryers manufactured by companies other than Electrolux, including, but not limited to, Kenmore, General Electric, Whirlpool, Maytag, LG, Bosch, and Samsung.

22.    All Communications between You and any dryer manufacturer other than Electrolux, including, but not limited to, Sears, General Electric, Whirlpool, Maytag, LG, Bosch, and Samsung referring or relating to clothes dryers from 2000 to the present.

23.     All Documents referring or relating to the investigation of each claim involving an Electrolux dryer, not limited to the claims at issue, from 2000 to the present.

24.     All Documents referring or relating to the investigation of each claim involving a non-Electrolux dryer, including, but not limited to, dryers manufactured by Kenmore, General Electric, Whirlpool, Maytag, LG, Bosch, and Samsung, from 2000 to the present.

25.     Organizational charts or other documents sufficient to show the organization at all times since 2000 of Your claims department, including the persons responsible for evaluating and handling dryer fire claims.

26.     All Documents sufficient to identify Your employees or agents who at any time since 2000 have had responsibility for evaluating or handling dryer fire claims, including the Claims.

27.     All affidavits, declaration, transcripts or other records of statements made under oath, including all documents referred to in such statements, by any of Your current or former employees or agents referring or relating to Electrolux or to dryer fires.

28.     Your document retention policies and procedures in effect since 2000.

29.     All Documents referring or relating to any Claim or Incident that You obtained from any source other than Electrolux, including from any local, state or federal governmental entity.

30.     All Documents reflecting the damages, financial losses, or expenses that You are claiming as a result of the Incident.

31.     All Documents and Communications between You or anyone acting on Your behalf and Electrolux regarding any Claim, Incident or the claims and facts alleged in the Complaint.

32.     All Documents received by You from 2000 through present referring or relating to Electrolux dryers or fires allegedly involving any Electrolux dryer, including documents to or from other insurance carriers or their attorneys or other agents.

33.     All documents You have used at any time since 2000 in connection to instruct, train or guide any of Your employees or agents in underwriting insurance policies, handling insurance claims concerning fires or investigating fire claims that in any way refer or relate to clothes dryers.

34.     All Documents referring or relating to Your policies or procedures for handling evidence related to a dryer fire, including, but not limited to, policies and procedures referring or relating to spoliation, preservation of evidence, notification to interested parties and pursuit of the dryer manufacturer.

35.     All Documents that refer or relate to the training of Your employees, agents, contractors, subcontractors, or any third parties on dryer fire subrogation claims handling, including, but not limited to, site investigation, spoliation, evidence preservation, reporting of claims, notification to interested parties, payment of claims, and pursuit of the dryer manufacturer.

36.     All Documents constituting, referring or relating to Your advertising, marketing, promotion and sale of property/homeowners insurance.

37.     All Documents and Communications concerning, referring, or relating to each Claim and Incident.

38.     All Documents that refer or relate to any payment or promise to pay that You have made in connection with any Claim and Incident.

39.     All Documents that refer or relate to why you made any payment or promise to pay as identified in Request 38.

11

40. All Documents that refer or relate to information or warnings You provided or made available to any person, including persons to whom You sold insurance, about clothes dryers and fire safety.

41. All Documents that refer or relate to information or warnings provided or made available to any person about installation or maintenance of clothes dryers.

42. All Documents that refer or relate to actual or potential hazards, dangers, or risks associated with clothes dryers, including without limitation, studies, expert or consultant reports from any source, standards, documents from trade association and industry sources, materials from seminars and conferences, loss prevention materials, meeting notes, minutes, technical reports, and articles.

43. All Documents, including internal studies and tests referring or relating to the cleaning and maintenance of clothes dryers to prevent or reduce fire hazards.

44. All Documents received from any insurance industry association, other insurance company or group of insurance companies, underwriters, rating organization or other insurance industry organization referring or relating to making insurance coverage determinations in connection with dryer fires.

45. All Documents, reports, studies, or analyses that support Your contentions with respect to alternative designs, marketing or manufacturing proposals, marketing techniques, methods of manufacture, design, component parts, and/or specifications.

46. All Documents sent to or received from any third party or entity, including, but not limited to, expert witnesses, that discuss, refer, or relate to each Claim or Incident.

47. All other Documents that You believe support Your claims in this action.

Dated this 8th day of February, 2013.

Joseph M. Fasi II, SBN 1006655
Gonzalez Saggio & Harlan, LLP
111 E. Wisconsin Ave., Suite 1000
Milwaukee WI 53202
Telephone:      414-277-8500
Fax:            414-277-8521
Email:          joseph_fasi@gshllp.com

-and-

Sharon A. Luarde, OH Bar No. 0071625
Brouse McDowell, LPA
600 Superior Avenue East, Suite 1600
Cleveland, OH 44114
Telephone: (216) 830-6830
Facsimile: (216) 830-6807
Email: sluarde@brouse.com
ATTORNEYS FOR DEFENDANT